UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY LEE TAYLOR, | No. C 07-5295 MHP (pr) |
| Plaintiff, | **ORDER OF SERVICE** |
| v. | |
| ROD HIGGINS; et al., | |
| Defendants. / | |

## INTRODUCTION

Tracy Lee Taylor, an inmate at Pelican Bay State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983. The complaint is now before the court for review pursuant to 28 U.S.C. §1915A. His motion for appointment of counsel also is now before the court.

## DISCUSSION

A.  Review Of Complaint

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. §1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins,

1  487 U.S. 42, 48 (1988).

2  Taylor alleges the following in his complaint: Taylor needs orthopedic boots and arch
3  supports for his feet, and that he has chronic and substantial pain without them. Taylor has
4  worn the orthopedic boots and arch supports since 1989 and has had a documented need for
5  them since 1998. When he was transferred to Pelican Bay on August 9, 2006, staff took
6  away his orthopedic boots and arch supports. On September 27, 2006, Dr. Michael Sayre
7  recommended insoles to be used in standard-issue prison shoes and a visit to a physical
8  therapy. On December 12, 2006, a physical therapist saw Taylor and said he could not help
9  him; the physical therapist recommended arch supports, which Taylor states are different
10 from insoles. Dr. Sayre later cancelled a consultation with an orthopedic doctor and
11 authorized only insoles. Dr. Sayre has refused to let Taylor have anything but insoles even
12 though he knows insoles have failed to provide relief. Taylor sent a letter on January 30,
13 2007, to warden Horel and then-CDCR director Tilton stating he had been deprived of the
14 necessary orthopedic device, was in pain and needed help. He has not received the help.

15 Liberally construed, the allegations of the complaint state a cognizable claim against
16 defendants Sayre and Horel for violating Taylor's Eighth Amendment rights by acting with
17 deliberate indifference to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97,
18 102-04 (1976); Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006).

19 Defendant Rod Higgins, the current acting director of the CDCR is dismissed because
20 no allegations are made against him and he apparently is included as a defendant because he
21 is in charge of the prison system. There is no respondeat superior liability under Section
22 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of
23 an employee. Liability under Section 1983 arises only upon a showing of personal
24 participation by the defendant. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

25 B.   Motion For Appointment Of Counsel

26 Plaintiff has moved for appointment of counsel to represent him in this action. A
27 district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent
28 an indigent civil litigant in exceptional circumstances. See Wilborn v. Escalderon, 789 F.2d

1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See id. Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under section 1915(e)(1). Exceptional circumstances requiring the appointment of counsel are not evident. The motion for appointment of counsel is denied.

## CONCLUSION

For the foregoing reasons,

1. Plaintiff has stated a cognizable § 1983 claim against Dr. Michael Sayre and warden Robert Horel for deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights. Defendant Higgins is dismissed.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint and this order upon Dr. Michael Sayre and warden Robert Horel, both of whom apparently are employed at Pelican Bay.

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a. No later than **June 6, 2008**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they must so inform the court prior to the date the motion is due.

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **July 11, 2008**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute

3

about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).

  c. If defendants wish to file a reply brief, they must file and serve the reply brief no later than **July 31, 2008**.

  4. All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

  5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

  6. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

  7. Plaintiff's motion for appointment of counsel is denied. (Docket # 3.)

IT IS SO ORDERED.

Dated: March 12, 2008

              _____
              Marilyn Hall Patel
              United States District Judge

4