Tracy Lee Taylor E-13981
P.O. Box 7000
Crescent City, Ca 95532

IN PROPRIA PERSONAM

FILED
08 JUN 20 PM 1:54
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

Tracy Lee Taylor

   Plaintiff

v.

Robert Horel
Michael Sayre, et al.

   Defendants

AFFIDAVIT FOR
ENTRY OF
DEFAULT

Civil Action No.: C 07 5295 MHP (pr)

Tracy Lee Taylor, being duly sworn, deposes and says:

1. I am a Plaintiff herein.

2. The complaint herein was filed on 13 day of March 2008.

3. The court files and record herein show that the Defendants were served by the United States Marshal with a copy of summons, together with a copy of Plaintiffs Complaint, on the 1st day of March, 2008. The court had the Marshal deliver the summons and complaint.

4. More than 90 days have elapsed since the date on which the said Defendants herein were served with summons and a copy of the complaint, excluding the date thereof.

5. The Defendants here have failed to answer to otherwise defend as to Plaintiff complaint, or serve a copy of any answer or other defense which it might have had, upon affiant or any other Plaintiff herein.

6. Defendants are not in the military service and are not infants or incompetents.

7. This affidavit is executed in accordance with Rule No. 55 (a) of the Federal Rules of Civil Procedure, for the purpose of enabling the Plaintiff herein to obtain an entry of default against the Defendants herein, for their failure to answer or otherwise defend as to the Plaintiff complaint

_Tracy Lee Taylor_
Tracy Lee Taylor

FILED

MAR 13 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY LEE TAYLOR,<br><br>    Plaintiff,<br><br>  v.<br><br>ROD HIGGINS; et al.,<br><br>    Defendants.<br>_____ / | No. C 07-5295 MHP (pr)<br><br>**ORDER OF SERVICE** |

### INTRODUCTION

Tracy Lee Taylor, an inmate at Pelican Bay State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983. The complaint is now before the court for review pursuant to 28 U.S.C. §1915A. His motion for appointment of counsel also is now before the court.

### DISCUSSION

A.   Review Of Complaint

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. §1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins,

1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See id. Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under section 1915(e)(1). Exceptional circumstances requiring the appointment of counsel are not evident. The motion for appointment of counsel is denied.

## CONCLUSION

For the foregoing reasons,

1. Plaintiff has stated a cognizable § 1983 claim against Dr. Michael Sayre and warden Robert Horel for deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights. Defendant Higgins is dismissed.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint and this order upon Dr. Michael Sayre and warden Robert Horel, both of whom apparently are employed at Pelican Bay.

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

   a. No later than **June 6, 2008,** defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they must so inform the court prior to the date the motion is due.

   b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **July 11, 2008**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

   > The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
   >
   > Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about