1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  ROCHELLE C. EAST
   Acting Senior Assistant Attorney General
4  JONATHAN L. WOLFF
   Supervising Deputy Attorney General
5  DANIELLE F. O'BANNON, State Bar No. 207095
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA 94102-7004
7   Telephone: (415) 703-5735
    Fax: (415) 703-5843
8   Email: Danielle.OBannon@doj.ca.gov

9  Attorneys for Defendants Sayre and Horel

10

11              IN THE UNITED STATES DISTRICT COURT

12           FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                    SAN FRANCISCO DIVISION

14

    **TRACY TAYLOR,**                            C 07-5295 MHP
15
                                      Plaintiff,
16
               **v.**
17
    **ROBERT HOREL, et al.,**
18
                                     Defendants.
19

20

21 **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM**

22                **OF POINTS AND AUTHORITIES**

23

24

25

26

27

28

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES ... 2

INTRODUCTION ... 2

ISSUES PRESENTED ... 2

    A.    Exhaustion. ... 2

    B.    Failure to State a Claim. ... 3

        1.    Supervisor Liability ... 3

        2.    Deliberate Indifference to Medical Care ... 3

    C.    Qualified Immunity ... 3

    D.    Equitable Relief ... 3

STATEMENT OF THE CASE ... 4

STATEMENT OF FACTS ... 4

    A.    Plaintiff's Allegations. ... 4

    B.    The Inmate Appeals Process. ... 5

    C.    Plaintiff's Inmate Appeals. ... 5

ARGUMENT ... 8

I.    THIS ACTION SHOULD BE DISMISSED UNDER THE NON-ENUMERATED PORTION OF RULE 12(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES. ... 8

    A.    Exhaustion is Mandatory Under the Prison Litigation Reform Act. ... 8

    B.    Plaintiff's Suit is Barred Because He Failed to Exhaust His Administrative Remedies Against Defendants Horel and Sayre for the Claims Described in Plaintiff's Complaint. ... 9

        1.    Defendant Horel ... 10

        2.    Defendant Sayre ... 11

            a.    Cancellation of Orthopedic Examination Allegation. ... 11

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.

*T. Taylor v. R. Horel, et al.*
C 07-5295 MHP

i

# TABLE OF CONTENTS  (continued)

|  |  | Page |
|---|---|---|
| | b. Plaintiff's Allegations Regarding the Treatment of Insoles Causing His Condition to Worsen and His Pain to Increase. | 11 |
| II. | THIS COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT AGAINST DEFENDANTS FOR FAILURE TO STATE A CLAIM. | 13 |
| | A. The Standard to Dismiss Under Rule 12(b)(6). | 13 |
| | B. Plaintiff Fails to State a Claim Against Defendant Horel Because There is No Respondeat Superior or Vicarious Liability Under 42 U.S.C § 1983. | 13 |
| | C. Plaintiff Fails to State a Claim for Medical Indifference Because a Mere Difference of Medial Opinion is Insufficient to Establish Deliberate Indifference. | 14 |
| III. | DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY. | 15 |
| | A. Defendants Are Entitled to Qualified Immunity Because Plaintiff Fails to Show Defendants' Actions Violated a Constitutional Right. | 16 |
| | B. Defendants Are Entitled to Qualified Immunity Because Plaintiff Fails to Show That a Reasonable Official Would Understand that He Violated Plaintiff's Right. | 17 |
| IV. | PLAINTIFF'S CLAIMS FOR EQUITABLE RELIEF SHOULD BE DISMISSED BECAUSE AN INDIVIDUAL MAY NOT MAINTAIN A SUIT FOR EQUITABLE RELIEF WHERE THERE IS A PENDING CLASS ACTION SUIT WITH THE SAME SUBJECT MATTER. | 17 |
| CONCLUSION | | 19 |

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.

*T. Taylor v. R. Horel, et al.*
C 07-5295 MHP

ii

1

**TABLE OF AUTHORITIES**

2                                                                                    **Page**

3  **Cases**

4  *Anderson v. Creighton*
   483 U.S. 635 (1987)                                                               16
5
   *Armstrong v. Schwarzenegger*
6  Case No. C-94-2307 CW (N.D. Cal.)                                                 18

7  *Bell Atlantic Corp. v. Twombly*
   127 S. Ct. 1955 (2007)                                                            13
8
   *Burns v. Reed*
9  500 U.S. 478 (1991)                                                               15

10 *Coakley v. Murphy*
   884 F.2d 1218 (9th Cir. 1989)                                                     13
11
   *Crawford v. Bell*
12 599 F.2d 890 (9th Cir. 1979)                                                      18

13 *Davis v. Kissinger*
   2007 WL 127776 (E.D. Cal, Jan. 12, 2007)                                          10
14
   *Estelle v. Gamble*
15 429 U.S. 97 (1976)                                                                14

16 *Farmer v. Brennan*
   511 U.S. 825 (1994)                                                               14
17
   *Harlow v. Fitzgerald*
18 457 U.S. 800 (1982)                                                               15

19 *Jackson v. McIntosh*
   90 F.3d 330 (9th Cir. 1996)                                                       14
20
   *Jacobson v. Schwarzenegger*
21 357 F. Supp. 2d 1198 (C.D. Cal. 2004)                                             18

22 *Madrid v. Terhune*
   Case No. C-90-3094 (N.D. Cal.)                                                    18
23
   *McKinney v. Carey*
24 311 F.3d 1198 (9th Cir. 2002)                                                    9, 11

25 *Mitchell v. Forsyth*
   472 U.S. 511 (1985)                                                               15
26
   *Monell v. Dep't of Social Services*
27 436 U.S. 658 (1978)                                                               13

28

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.          *T. Taylor v. R. Horel, et al.*
                                                                      C 07-5295 MHP

iii

**TABLE OF AUTHORITIES** (continued)

|  | Page |
|---|---|
| **Cases cont.** | |
| *Palmer v. Sanderson*<br>9 F.3d 1433 (9th Circ. 1993) | 13 |
| *Plata v. Schwarzenegger*<br>Case No. C-01-1351 TEH (N.D. Cal.) | 18 |
| *Porter v. Nussle*<br>534 U.S. 516 (2002) | 9 |
| *Ritza v. Int'l Longshoremen's & Warehousemen's Union*<br>837 F.2d 365 (9th Cir. 1988) | 8 |
| *Saucier v. Katz*<br>533 U.S. 194 (2001) | 15, 16 |
| *Taylor v. List*<br>880 F.2d 1040 (9th Cir. 1989) | 13 |
| *Tillis v. Lamarque*<br>2006 WL 644876, at *4 (N.D. Cal. Mar. 9, 2006) | 9 |
| *Toguchi v. Soon Hwang Chung*<br>391 F.3d 1051 (9th Cir. 2004) | 14 |
| *Vaden v. Summerhill*<br>449 F.3d 1047 (9th Cir. 2006) | 9, 11, 12 |
| *Williams v. Vincent*<br>508 F.2d 541 (2d Cir. 1974) | 14 |
| *Woodford v. Ngo*<br>548 U.S. 81 (2006) | 5, 9, 12 |
| *Wyatt v. Terhune*<br>315 F.3d 1108 (9th Cir. 2003) | 2, 8 |
| **Constitutional Provisions** | |
| Eighth Amendment | 2, 4 |
| **Statutes** | |
| 28 United States Code<br>    § 1915A | 4 |
| 42 United States Code<br>    § 1983<br>    § 1997e(a) | 1-3, 9, 13<br>1, 2, 8, 9, 12, 19 |
| Americans with Disability Act | 6, 7, 10, 18, 19 |

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.    T. Taylor v. R. Horel, et al.
C 07-5295 MHP

iv

### TABLE OF AUTHORITIES  (continued)

1

**Page**

2

3  **Court Rules**

Federal Rules of Civil Procedure
4       Rule 12(b)                      1, 2, 4, 8
      Rule 12(b)(6)                    1, 13

5

6  **Other Authorities**

7  California Code of Regulations, Title 15
      § 3084.1(a)                   5, 9
8        § 3084.2(a)                    5
      § 3084.5                     5, 9
9        § 3350(a)                    16, 17

10  California Department of Corrections and Rehabilitation
Dep't Ops. Manual, 54030.11, 54030.11.1, 3380(a)        16, 17

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.          *T. Taylor v. R. Horel, et al.*
                               C 07-5295 MHP

v

1  to state a claim, Defendant Horel also move under Rule 12(b)(6) to dismiss Plaintiff's this claim

2  for equitable relief and on the ground that they are entitled to qualified immunity.

3       PLEASE TAKE FURTHER NOTICE that the Court may look beyond the pleadings and

4  decide disputed issues of fact when ruling on Defendants' non-enumerated Rule 12(b) motion.

5  *Wyatt v. Terhune,* 315 F.3d 1108, 1119-20 (9th Cir. 2003).  Plaintiff may provide evidence to the

6  Court to dispute that which is presented by the Defendant. *Id.* & at n.14.

7       This motion is based on this notice of motion, the supporting memorandum of points and

8  authorities, the declarations and exhibits filed in support, and the pleadings and records on file

9  with the Court.

10       In the event that the Court denies this motion, in whole or in part, Defendants respectfully

11  request that the Court grant Defendants additional time to file a motion for summary judgment.

12  **MEMORANDUM OF POINTS AND AUTHORITIES**

13  **INTRODUCTION**

14       This is a civil-rights lawsuit filed by a state prisoner, Tracy Taylor (Plaintiff).  Plaintiff

15  sued Defendants Horel and Sayre for violating his Eighth Amendment rights for their alleged

16  deliberate indifference to his serious medical needs.  This case should be dismissed because

17  Plaintiff failed to exhaust his administrative remedies as required by the PLRA, because there is

18  no respondeat superior liability under Section 1983, and because Defendants are entitled to

19  qualified immunity.  Moreover, Plaintiff's claims for equitable relief should also be dismissed

20  because an individual may not maintain a suit for equitable relief where there is a pending class

21  action suit regarding the same subject matter.

22  **ISSUES PRESENTED**

23  **A.**    **Exhaustion.**

24       Under the Prison Litigation Reform Act, Plaintiff must exhaust his administrative

25  remedies before filing suit.  Although Plaintiff submitted numerous inmate appeals regarding his

26  need for orthopedic boots and arch supports, he never submitted an inmate appeal regarding

27  Defendant Sayre canceling a consultation with an orthopedic doctor and Defendant Horel's

28  alleged authorization for the destruction of Plaintiff's medical appliance.  Additionally, Plaintiff

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                          *T. Taylor v. R. Horel, et al.*
C 07-5295 MHP

2

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  ROCHELLE C. EAST
   Acting Senior Assistant Attorney General
4  JONATHAN L. WOLFF
   Supervising Deputy Attorney General
5  DANIELLE F. O'BANNON, State Bar No. 207095
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA 94102-7004
7    Telephone: (415) 703-5735
     Fax: (415) 703-5843
8    Email: Danielle.OBannon@doj.ca.gov

9  Attorneys for Defendants Sayre and Horel

10

11

12              IN THE UNITED STATES DISTRICT COURT

13           FOR THE NORTHERN DISTRICT OF CALIFORNIA

14                   SAN FRANCISCO DIVISION

15  | TRACY TAYLOR,                          | C 07-5295 MHP |

16  |                          Plaintiff,    |               |

17  |          v.                            | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES** |

18  | **ROBERT HOREL, et al.,**              |               |

19  |                          Defendants.   |               |

20

21  TO TRACY TAYLOR IN PRO PER:

22        PLEASE TAKE NOTICE THAT Defendants Horel and Sayre move this Court to dismiss

23  this 42 U.S.C. § 1983 action for failure to exhaust administrative remedies under the non-

24  enumerated portion of Rule 12(b) of the Federal Rules of Civil Procedure, as mandated by the

25  Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a).

26        PLEASE TAKE FURTHER NOTICE THAT Defendant Horel moves under Rule

27  12(b)(6) this court to dismiss this 42 U.S.C. § 1983 action for failure to state a claim under

28  respondeat superior liability.  Defendant Sayre moves to dismiss under Rule 12(b)(6) for failure

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                    *T. Taylor v. R. Horel, et al.*
                                                                 C 07-5295 MHP

                                    1

1 to state a claim, Defendant Horel also move under Rule 12(b)(6) to dismiss Plaintiff's this claim

2 for equitable relief and on the ground that they are entitled to qualified immunity.

3      PLEASE TAKE FURTHER NOTICE that the Court may look beyond the pleadings and

4 decide disputed issues of fact when ruling on Defendants' non-enumerated Rule 12(b) motion.

5 *Wyatt v. Terhune,* 315 F.3d 1108, 1119-20 (9th Cir. 2003). Plaintiff may provide evidence to the

6 Court to dispute that which is presented by the Defendant. *Id.* & at n.14.

7      This motion is based on this notice of motion, the supporting memorandum of points and

8 authorities, the declarations and exhibits filed in support, and the pleadings and records on file

9 with the Court.

10      In the event that the Court denies this motion, in whole or in part, Defendants respectfully

11 request that the Court grant Defendants additional time to file a motion for summary judgment.

12              **MEMORANDUM OF POINTS AND AUTHORITIES**

13                       **INTRODUCTION**

14      This is a civil-rights lawsuit filed by a state prisoner, Tracy Taylor (Plaintiff). Plaintiff

15 sued Defendants Horel and Sayre for violating his Eighth Amendment rights for their alleged

16 deliberate indifference to his serious medical needs. This case should be dismissed because

17 Plaintiff failed to exhaust his administrative remedies as required by the PLRA, because there is

18 no respondeat superior liability under Section 1983, and because Defendants are entitled to

19 qualified immunity. Moreover, Plaintiff's claims for equitable relief should also be dismissed

20 because an individual may not maintain a suit for equitable relief where there is a pending class

21 action suit regarding the same subject matter.

22                     **ISSUES PRESENTED**

23 **A.   Exhaustion.**

24      Under the Prison Litigation Reform Act, Plaintiff must exhaust his administrative

25 remedies before filing suit. Although Plaintiff submitted numerous inmate appeals regarding his

26 need for orthopedic boots and arch supports, he never submitted an inmate appeal regarding

27 Defendant Sayre canceling a consultation with an orthopedic doctor and Defendant Horel's

28 alleged authorization for the destruction of Plaintiff's medical appliance. Additionally, Plaintiff

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                                        *T. Taylor v. R. Horel, et al.*
C 07-5295 MHP

2

1  failed to exhaust his inmate appeal through the director's level review regarding the treatment of

2  insoles worsening his condition and causing increased pain before filing this action. Must this

3  action be dismissed for Plaintiff's failure to exhaust administrative remedies before filing suit?

4  **B.    Failure to State a Claim.**

5        **1.    Supervisor Liability.**

6        Defendant Horel is the Warden at Pelican Bay State Prison. Plaintiff sued Defendant

7  Horel because the prison allegedly destroyed Plaintiff's orthopedic boots. Must Defendant Horel

8  be dismissed because there is no respondeat superior liability under Section 1983?

9        **2.    Deliberate Indifference to Medical Care.**

10        Plaintiff alleges that treatment for his condition should include orthopedic boots and arch

11  supports. Defendant Sayre's recommended course of treatment is insoles and physical therapy.

12  Must Defendant Sayre be dismissed because a mere difference of medial opinion is insufficient

13  to establish deliberate indifference?

14 **C.    Qualified Immunity.**

15        Defendant Horel did not respond to an informal letter addressed to him that accused him

16  of destroying Plaintiff's medical appliance and gave notice of filing a lawsuit on the issue on

17  February 6, 2007. Defendant Sayre examined Plaintiff and determined that his condition did not

18  require the use of orthopedic boots and arch supports and Defendant Sayre canceled a

19  consultation with an orthopedic surgeon. Are Defendants entitled to immunity for their clearly

20  proscribed actions.

21 **D.    Equitable Relief.**

22        Plaintiff seeks permanent injunctive relief commanding Defendant Horel to allow him to

23  receive from the occupational therapist personal boots and arch supports and a declaratory

24  judgment that Defendants' acts, polices, and practices violate Plaintiff's rights under the

25  constitution. There are currently two pending class actions in which Plaintiff is a class member

26  covering the injunctive issues raised in this action. Must Plaintiff's claims for equitable relief be

27  dismissed where there is a pending class action suit regarding the same subject matter?

28  ///

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                     *T. Taylor v. R. Horel, et al.*
C 07-5295 MHP

3

## STATEMENT OF THE CASE

Plaintiff filed his Complaint in this case on October 17, 2007. (Compl.) The Court screened the Complaint under 28 U.S.C. § 1915A, and liberally construed, found a cognizable claim against Defendants Sayre and Horel for violating Plaintiff's Eighth Amendment rights by acting with deliberate indifference to his serious medical needs. The Court dismissed Defendant Higgins because no allegations were made against him and was apparently only included as a defendant because he was in charge of the prison system. (Order of Service at 2.)

Defendants now submit this motion to dismiss under the non-enumerated portion of Rule 12(b) for Plaintiff's failure to exhaust administrative remedies before filing suit, failure to state a claim, and for qualified immunity.

## STATEMENT OF FACTS

**A.    Plaintiff's Allegations.**

Plaintiff arrived at Pelican Bay State Prison on August 9, 2006 wearing his orthopedic boots and arch supports, and upon arrival Pelican Bay State Prison staff took them. (Compl. at 3.) On September 27, 2006, Plaintiff was examined by Defendant Sayre, who recommended insoles to be used in standard-issue prison shoes, gave Plaintiff instructions not to walk without shoes with insoles, and ordered a visit with a physical therapist. (*Id.* ¶ 8.)

On December 12, 2006, Plaintiff was seen by a physical therapist who recommended that Plaintiff be allowed to wear arch supports. (*Id.* ¶ 9.) On February 28, 2007, Plaintiff had a follow-up appointment with a physical therapist who recommended that Plaintiff be seen by a orthopedist, however, Defendant Sayre canceled the order. (*Id.* ¶ 10.)

On January 30, 2007, Plaintiff sent a letter to Defendant Horel, Defendant Sayre, and Secretary Tilton informing them that Plaintiff's personal health care appliance was illegally confiscated and that he was suffering chronic and substantial pain and needed help. (*Id.* ¶ 14.) On February 6, 2007, Plaintiff submitted a health care service request form for his pain and wrote to Defendant Horel providing him with notice that he illegally destroyed Plaintiff's medical appliance and was left with no alternative but to file suit. (*Id.*)

///

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                                    *T. Taylor v. R. Horel, et al.*
                                                                                                            C 07-5295 MHP

4

1    On March 13, 2007, Plaintiff sent a letter to the medical review committee and medical

2    records apprizing them of his condition and requested help. (*Id.*) On March 18, 2007, Plaintiff

3    submitted another healthcare service form to medical and as a result Plaintiff was scheduled to

4    see an x-ray technician. (*Id.*) The x-ray was taken on August 8, 2007. (*Id.*)

5    **B.    The Inmate Appeals Process.**

6    The State of California provides inmates with an administrative-appeals process, which

7    addresses "any department decision, action, condition or policy which they can demonstrate as

8    having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). To initiate the

9    appeals process, an inmate need only fill out a simple form Inmate/Parolee Appeal Form, CDCR

10    602 [12/87] (Appeal Form). Cal. Code Regs. tit. 15, § 3084.2(a); *Woodford v. Ngo*, 548 U.S. 81,

11    85 (2006). In order to exhaust available administrative remedies within this system, a prisoner

12    must complete four levels of appeal: (1) the informal level of review, (2) the first formal level of

13    review, (3) the second formal level of review by the institution head or designee, and (4) the third

14    formal level of review, the Director's Level. *See* Cal. Code Regs. tit. 15, § 3084.2(a); *see also*

15    *Woodford*, 548 U.S. at 85 (describing the California inmate-appeals system). Once a Director's

16    Level decision issues, exhaustion of all available administrative remedies has been completed.

17    *See* Cal. Code Regs. tit. 15, §§ 3084.5, 3084.1(a).

18    **C.    Plaintiff's Inmate Appeals.**

19    Plaintiff submitted eight inmate appeals related to his medical issues while housed at

20    Pelican Bay from August of 2006 to October of 2007.

21    1.    Inmate Appeal Numbers PBSP 06-02833, PBSP 06-02792, and SAC 06-01814

22    Plaintiff submitted inmate appeal number SAC 06-01814 on March 4, 2006 claiming that

23    upon arrival at California State Prison Sacramento, Sergeant Hill confiscated two pair of his

24    medical appliances "boots." (Decl. Wilber, Ex. B.) Plaintiff submitted inmate appeal number

25    PBSP 06-02833 on July 6, 2006, claiming that he had two pair of medical appliances held in the

26    locker by Sergeant Hill at California State Prison Sacramento, which was not in his property.

27    Plaintiff sought reimbursement in the sum of $450.00 or verification in writing that the prison is

28    still in possession of both pair of medical boots and arch supports and that they will be included

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                    *T. Taylor v. R. Horel, et al.*
                                                                  C 07-5295 MHP

5

1  with his property and placed on the bus.  (*Id.*)  Plaintiff submitted inmate appeal number PBSP

2  06-02792 on October 16, 2006, claiming that upon his arrival at Pelican Bay Plaintiff's

3  orthopedic boots were to be kept in the Receiving and Release department, and that Pelican Bay

4  keep his boots until he was to transfer to another prison.  (*Id.* Ex, C.)  Alternatively, Plaintiff

5  requested that he be transferred to California State Prison Sacramento or that his medical boots

6  be given back to him.  (*Id.*)

7        The director's level of review combined the three appeals.  (*Id.*, Decl. Emigh ¶ 7, Ex. A at

8  2.)  The director's level of review granted the appeals in part on April 29, 2007, ordering Pelican

9  Bay to provide Plaintiff insoles at state expense and that the insoles shall be the type designated

10  by Defendant Sayre in the medical chrono dated September 27, 2006.  (*Id.*)

11        2.      Inmate Appeal Number PBSP 07-00112

12        Plaintiff submitted inmate appeal number 07-00112 on November 17, 2006, claiming that

13  Pelican Bay and medical staff went into his medical file and took out documentation that verifies

14  that he is mobility impaired under the ADA.  (Decl. Wilber, Ex. D.)  Plaintiff requested that the

15  documents be placed back into his medical file with a recommendation that says he is mobility

16  impaired under the ADA, that his health care manager, physician, and occupational therapist be

17  allowed to send him all of his healthcare appliances, give him both of his medical boots, and that

18  he be allowed to keep any future boots.  Plaintiff's appeal was denied at the first formal level on

19  February 22, 2007 and denied at the second formal level on March 12, 2007.  The director's level

20  review denied the appeal on June 18, 2007.  (*Id.*; Decl. Emigh ¶ 9, Ex. A at 2.)

21        3.      Inmate Appeal No. PBSP 06-02165

22        Plaintiff submitted inmate appeal number PBSP 06-02165 on August 24, 2006, claiming

23  that Pelican Bay staff inappropriately denied his request to be designated mobility impaired.

24  (Decl. Wilber, Ex. E.)  Plaintiff requested that Defendant Sayre be disciplined for his mis-

25  diagnoses, that he be designated mobility impaired, and that his shoes be returned.  (*Id.*)  The

26  second level of review denied his appeal on November 30, 2006, because Defendant Sayre

27  determined that Plaintiff's feet were normal with no deformities, scares, or unusual

28  ///

1  configurations and that all joints moved normally with full range of motion. (*Id.*)  The director's

2  level review denied Plaintiff's appeal on April 17, 2007. (*Id.*, Decl. Emigh ¶ 10, Ex. A at 2.)

3       4.    Inmate Appeal Number PBSP 07-00291

4       Plaintiff submitted inmate appeal number PBSP 07-00291 on January 17, 2007, claiming

5  that he needed to purchase orthopedic slippers to accommodate his mobility impairment. (Decl.

6  Wilber, Ex. F.)  Plaintiff also requested the he be allowed to purchase orthopedic slippers from

7  the vendor of his choice. (*Id.*)  Plaintiff's appeal bypassed the informal and first formal level of

8  reviews. (*Id.*)  Plaintiff's appeal was denied at the first formal level on February 16, 2007, and

9  denied at the second formal level on March 15, 2007. (*Id.*)  The director's level review denied

10  Plaintiff's appeal on June 18, 2007. (*Id.*; Decl. Emigh ¶ 11.)

11       5.    Inmate Appeal Number PBSP 07-00855

12       Plaintiff submitted inmate appeal number PBSP 07-00855 on March 4, 2007, claiming

13  that when he went to see Nurse Practitioner Skinner on February 28, 2007, he was informed that

14  the medical department had no record of him being under the ADA. (Decl. Wilber, Ex. G.)

15  Plaintiff's appeal was canceled on March 23, 2007 due to Plaintiff's lack of cooperation and

16  refusal to interview with the reviewer of his appeal. (*Id.*)

17       6.    Inmate Appeal Number PBSP 07-00750

18       Plaintiff submitted inmate appeal number PBSP 07-00750 on May 20, 2007, claiming

19  that pursuant to the director's level appeal decision in inmate appeal number PBSP 07-02797,

20  Pelican Bay must provide a substitute at state expense for his medical appliance.  Plaintiff

21  claimed that a substitute for the arch supports were provided but he was not provided a substitute

22  for his orthopedic boots. (Decl. Wilber, Ex. H.)  Plaintiff requested that a modification order be

23  issued, that Pelican Bay shall either at state expense hire a podiatrist to provide custom made

24  arch supports and boots, or allow Plaintiff's occupational therapist to send via mail the personal

25  arch supports and boots. (*Id.*)  Plaintiff was informed at the informal level on May 21, 2007, that

26  the director's level review order stated that Pelican Bay shall provide insoles at state expense and

27  that he would be measured shortly. (*Id.*)  Plaintiff's appeal was denied at the first formal level on

28  June 13, 2007, denied at the second level on June 28, 2007, and denied at the director's level

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                    *T. Taylor v. R. Horel, et al.*
                                                                 C 07-5295 MHP

1  review on November 9, 2007. (*Id.*; Decl. Emigh ¶ 12, Ex. A at 3.)

2          7.      Inmate Appeal Number PBSP 07-11182

3          Plaintiff submitted inmate appeal number PBSP 07-11182 on August 28, 2007, claiming

4  that Defendant Sayre's treatment of insoles was causing his condition to worsen and his pain to

5  increase. (Decl. Wilber, Ex. I.) Plaintiff requested a memorandum or modification order

6  instructing Pelican Bay to rescind the treatment of insoles in state shoes and to reinstate treatment

7  of personal boots and arch supports to be supplied by Plaintiff's occupational therapist or an

8  outside vendor of Plaintiff's choice. (*Id.*) Plaintiff's inmate appeal bypassed the informal level

9  and first formal level of reviews. (*Id.*) Plaintiff's appeal was denied at the first formal level of

10  review on October 12, 2007 and was denied at the Second Level of Review on October 19, 2007.

11  (*Id.*) The director's level review denied Plaintiff's appeal on January 16, 2008. (*Id.*; Decl.

12  Emigh ¶ 13, Ex. A at 3.)

13                                      **ARGUMENT**

14                                          **I.**

15              **THIS ACTION SHOULD BE DISMISSED UNDER THE**
                **NON-ENUMERATED PORTION OF RULE 12(b) OF THE**
16              **FEDERAL RULES OF CIVIL PROCEDURE FOR FAILURE**
                **TO EXHAUST ADMINISTRATIVE REMEDIES.**

17

18  A.      **Exhaustion is Mandatory Under the Prison Litigation Reform Act.**

19          The Ninth Circuit recognizes a defendant's right to address the issue of exhaustion of

20  administrative remedies in a motion to dismiss under the non-enumerated portion of Rule 12(b)

21  of the Federal Rules of Civil Procedure. *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir.

22  2003); *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368-69 (9th Cir.

23  1988). In ruling on such a motion, the Court may look beyond the pleadings to decide disputed

24  issues of fact. *Wyatt*, 315 F.3d at 1119-20. If the Court concludes that the inmate has not

25  exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice.

26  *Id.* at 1120. The Prison Litigation Reform Act of 1995 (PLRA) requires prisoners to exhaust

27  their administrative remedies before filing suit:

28          "No action shall be brought with respect to prison conditions under section 1983 of this

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                    *T. Taylor v. R. Horel, et al.*
                                                                  C 07-5295 MHP

1   title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

2   facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

3          This exhaustion requirement was designed to "reduce the quantity and improve the

4   quality of prisoner litigation suits." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Thus, §

5   1997e(a) gives correction officials the opportunity to address a prisoner's complaint before the

6   initiation of a federal suit. *Id.* To that end, exhaustion is a prerequisite to "all suits about prison

7   life, whether they involve general circumstances or particular episodes, and whether they allege

8   excessive force or some other wrong." *Id.*; *see also Vaden v. Summerhill*, 449 F.3d 1047 (9th

9   Cir. 2006) (holding that administrative exhaustion must be achieved before inmates may submit

10   any papers to federal courts); *McKinney v. Carey*, 311 F.3d 1198 (9th Cir. 2002) (holding that

11   exhaustion of remedies is required before a suit is filed).

12          In order to satisfy the requirements of 42 U.S.C. § 1997e(a), an inmate must "properly

13   exhaust" all available administrative remedies. *Woodford*, 548 U.S. at 84. Proper exhaustion of

14   administrative remedies requires using all steps of an administrative process. *Id.* at 89. Proper

15   exhaustion also "demands compliance with an agency's deadlines and other critical procedural

16   rules because no adjudicative system can function effectively without imposing some orderly

17   structure on the course of its proceedings." *Id.* at 90.

18          Because the State of California provides its inmates with a

19   four-step-administrative-appeals process that is not exhausted until a final decision is issued,

20   Plaintiff is not entitled to file an action in court until he has exhausted his inmate appeal by

21   pursuing it through the Director's Level of review. *See* Cal. Code Regs. tit. 15, §§ 3084.5,

22   3084.1(a).

23   **B.**    **Plaintiff's Suit is Barred Because He Failed to Exhaust His Administrative**
          **Remedies Against Defendants Horel and Sayre for the Claims Described in**
24         **Plaintiff's Complaint.**

25          Plaintiff failed to submit an inmate grievance relating to the conduct of Defendants Horel

26   and Sayre for the claims described in Plaintiff's complaint. The claims against these Defendants

27   should be dismissed. *See Porter*, 534 U.S. at 524–25. A prison appeal need not name each

28   defendant named in a subsequent federal action as a matter of law." *Tillis v. Lamarque*, 2006

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                 *T. Taylor v. R. Horel, et al.*
                                                                      C 07-5295 MHP

9

1  WL 644876, at *4 (N.D. Cal. Mar. 9, 2006) (finding that the inmate appeal form "does not

2  require anyone to be named"). However, the appeal must set forth allegations that refer to the

3  specific conduct alleged in the complaint. *See Davis v. Kissinger,* 2007 WL 127776 (E.D. Cal,

4  Jan. 12, 2007).

5        Here, Plaintiff failed to submit an inmate appeal that relates to the conduct described in

6  his complaint as to Defendants Horel and Sayre.

7        **1.    Defendant Horel**.

8        Plaintiff's allegations against Defendant Horel are: (1) that Defendant Horel failed to

9  ensure that Defendant Sayre provide Plaintiff with adequate medical care, and (2) that Defendant

10  Horel authorized the destruction of Plaintiff's orthopedic boots. (Compl. ¶ 14, Exs. J1, J3)

11  Plaintiff submitted eight inmate appeals related to his medical care from August 2006 to October

12  of 2007 while housed at Pelican Bay. (Decl. Wilber ¶ 6 & Exs. A-F.) Plaintiff's allegations

13  against Defendant Horel allegedly took place between January 30, 2007 and February 6, 2007.

14  (Compl. ¶ 14.) However, Plaintiff submitted only three inmate appeals regarding his medical

15  appliances after that time period: (1) PBSP 07-00855 on March 4, 2007 related to there being no

16  record of him being under the ADA, (2) PBSP 07-00750 on May 20, 2007 related to providing

17  him with a substitute at state expense for his medical appliance, and (3) PBSP 07-11182 on

18  August 28, 2007 related to the treatment of insoles causing his condition to worsen and his pain

19  to increase. (Decl. Emigh, Ex. G, H, & I.)

20        None of the inmate appeals make any reference to the destruction of plaintiff's healthcare

21  appliance. (Decl. Emigh ¶ 8.) Regardless of whether Defendant Horel was named in any of the

22  inmate appeals, the inmate appeals must at least set forth allegations that refer to the specific

23  conduct alleged in the complaint. *See Davis v. Kissinger,* 2007 WL 127776 (E.D. Cal. Jan.12,

24  2007). The conduct specifically alleged in Plaintiff's complaint against Defendant Horel relates

25  to the destruction of Plaintiff's orthopedic boots. (Compl. ¶ 14.) The three inmate appeals that

26  were submitted after Plaintiff received notification that his orthopedic boots had been destroyed

27  did not mention anyone destroying Plaintiff's healthcare appliance. (Decl. Emigh, Ex. G, H, &

28  I.) Plaintiff's complaint should be dismissed as to Defendant Horel for his failure to exhaust

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                    *T. Taylor v. R. Horel, et al.*
                                                                C 07-5295 MHP

1  administrative remedies before filing suit because Plaintiff at no time after learning of the

2  destruction of his healthcare appliance submitted an inmate appeal related to that issue.

3     **2.    Defendant Sayre.**

4        Plaintiff's allegations against Defendant Sayre are: (1) the cancellation of an orthopedic

5  examination, and (2) that Defendant Sayre's treatment worsened his condition and increased his

6  pain. (Compl. ¶¶ 10,16, Ex. J1.)  Plaintiff submitted eight inmate appeals related to his medical

7  care from August 2006 to October of 2007.  (Decl. Wilber ¶ 6 & Exs. A-I.)  Plaintiff submitted

8  only two inmate appeals related to the conduct of Defendant Sayre: (1) PBSP-02165 on August

9  24, 2006 related to Defendant Sayre's alleged mis-diagnosis and the failure to be designated as

10  mobility impaired, and (2) PBSP-07-11182 submitted on August 28, 2006 related to Defendant

11  Sayre's insole treatment causing Plaintiff's condition to allegedly worsen and pain to increase.

12  (Decl. Wilber, Ex. C, G.)

13           **a.    Cancellation of Orthopedic Examination Allegation.**

14        Plaintiff alleges in his complaint that sometime after his visit with Family Nurse

15  Practioner Skinner he was informed that Defendant Sayre canceled an order to for him to be seen

16  by an orthopedic doctor.  (Compl. ¶ 10.)   Exhaustion of remedies is required before a suit is

17  filed.  *Vaden v. Summerhill*, 449 F.3d 1047 (9th Cir. 2006); *McKinney v. Carey*, 311 F.3d 1198

18  (9th Cir. 2002).  Here, Plaintiff never submitted an inmate appeal related to the cancellation of an

19  examination with an orthopedist.  (Decl. Wilber ¶ 9.)  Therefore, this claim should be dismissed

20  for failure to exhaust before to filing suit.

21           **b.    Plaintiff's Allegations Regarding the Treatment of Insoles Causing**
              **His Condition to Worsen and His Pain to Increase.**

22

23        Plaintiff submitted one inmate appeal regarding the treatment of insoles causing his

24  condition to worsen and pain to increase, inmate appeal number PBSP 07-11182.  PBSP 07-

25  11182 clearly relates to this issue.  (Decl. Wilber, Ex. I.)  In this appeal, Plaintiff requested a

26  memorandum or modification order instructing Pelican Bay to rescind the treatment of insoles in

27  state shoes and to reinstate treatment of personal boots and arch supports to be supplied by

28  Plaintiff's occupational therapist or an outside vendor of Plaintiff's choice.  (*Id.*)  Plaintiff's

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                      *T. Taylor v. R. Horel, et al.*
                                                                   C 07-5295 MHP

1   inmate appeal bypassed the informal level and first formal level of reviews. (*Id.*) Plaintiff's

2   appeal was denied at the first formal level of review on October 12, 2007 and was denied at the

3   second formal level of review on October 19, 2007. (*Id.*) Plaintiff filed his complaint on

4   October 17, 2007 (Compl.), five days after the denial of his inmate appeal at the first formal level

5   of review and two days before the denial of his inmate appeal at the second formal level of

6   review. (Decl. Wilber, Exs. A & I.) Plaintiff did not receive a denial at the director's level

7   review until January 16, 2008. (Decl. Emigh, Ex. A at 3.)

8         These actions demonstrate Plaintiff's intent not to comply with the exhaustion

9   requirement before filing suit. In order to satisfy the requirements of 42 U.S.C. § 1997e(a), an

10  inmate must "properly exhaust" all available administrative remedies. *Woodford*, 548 U.S. at 84.

11  Proper exhaustion of administrative remedies requires using all steps of an administrative

12  process. *Id.* at 89. In *Vaden*, the Ninth Circuit specifically held that a prisoner may initiate

13  litigation in federal court only after the administrative process ends and leaves his grievances

14  unredressed. *Vaden*, 449 F.3d at 1052. The court reasoned that it would be inconsistent with the

15  objectives of the statute to let him submit his complaint any earlier than that. (*Id.*) Here,

16  Plaintiff filed his complaint before exhausting his administrative remedies and failed to use all

17  required steps by not appealing the denial to the Director's Level of review before filing his

18  complaint. As a result, Plaintiff did not exhaust his administrative remedies as to this claim, and

19  it must be dismissed.

20        Plaintiff is required to exhaust administrative remedies before filing suit. Plaintiff's

21  failure to submit an inmate grievance related to the conduct of Defendants Horel and Sayre

22  prohibits Plaintiff from bringing an action in the district court.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.            *T. Taylor v. R. Horel, et al.*
C 07-5295 MHP

12

## II.

### THIS COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT AGAINST DEFENDANTS FOR FAILURE TO STATE A CLAIM.

**A.    The Standard to Dismiss Under Rule 12(b)(6).**

A case should be dismissed under Federal Rule of Civil Procedure 12(b)(6) if it fails to state a claim upon which relief can be granted. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007). Where a complaint's defects are not curable, the court should dismiss without leave to amend. *See Coakley v. Murphy*, 884 F.2d 1218, 1222 (9th Cir. 1989) (affirming dismissal without leave to amend where complaint's defects were not curable). Here, Plaintiff has failed to allege facts sufficient to support a claim for against Defendants.

**B.    Plaintiff Fails to State a Claim Against Defendant Horel Because There is No Respondeat Superior or Vicarious Liability Under 42 U.S.C § 1983.**

Plaintiff's claim against Defendant Horel, the Warden of Pelican Bay, should be dismissed for failure to state a claim. There is no respondeat superior liability under 42 U.S.C. § 1983. *Monell v. Dep't of Social Services*, 436 U.S. 658, 692 (1978); *Palmer v. Sanderson,* 9 F.3d 1433, 1437-38 (9th Circ. 1993). Liability under § 1983 arises only upon a showing of personal participation or direction by the defendant. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff fails to state any claim against Defendant Horel because he only alleges that (1) on January 30, 2007, he sent a "whom it may concern" letter to Defendant Horel, Defendant Sayre, and the Director informing them that Plaintiff's health care appliance was illegally confiscated and that he was suffering chronic pain and needed help and (2) he sent a letter to Defendant Horel on February 6, 2007, that stated that he illegally destroyed his medical appliance before his inmate appeal could be finished. (Compl. ¶ 14.)

The January 30, 2007 correspondence, did not allege that any acts or omissions or knowledge of the events leading to Plaintiff's claims were done by Defendant Horel. In the February 6, 2007 correspondence, Plaintiff accused the warden of destroying Plaintiff's medical appliance and provided notice that he was going to file suit as a result. (Compl. ¶ 14.) In this letter, Plaintiff states that Defendant Horel admitted that he destroyed Plaintiff's healthcare

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                                    *T. Taylor v. R. Horel, et al.*
                                                                                                                          C 07-5295 MHP

13

1    appliance in inmate appeal number PBSP 06-02792. (Compl. Ex. J3.) However, after receiving

2    the exhibits attached to Plaintiff's complaint, it is clear that Plaintiff does not directly indicate

3    that Defendant Horel destroyed his medical appliance but that an employee, or other staff

4    member was responsible for the destruction. (Compl. Ex. J3; Decl. Wilber, Ex. C.)

5         Moreover, the inmate appeal was not directly related to the destruction of any medical

6    appliances because Plaintiff did not find out that the appliances were destroyed until after

7    receiving the director's level review opinion. Because Defendant Horel did not participate in the

8    review process for inmate appeal number PBSP 06-02792, which related to the destruction of

9    Plaintiff's property, nor did Defendant Horel personally destroy plaintiff's health care appliances,

10   it cannot be shown that Defendant Horel participated in or directed the alleged constitutional

11   violations. Therefore, Plaintiff's claims as to Defendant Horel should be dismissed.

12   **C.    Plaintiff Fails to State a Claim for Medical Indifference Because a Mere Difference**
         **of Medial Opinion is Insufficient to Establish Deliberate Indifference.**

13

14        Plaintiff's claim against Defendant Sayre should be dismissed for failure to state a claim.

15   A mere difference of medical opinion is insufficient to establish deliberate indifference. *Toguchi*

16   *v. Soon Hwang Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004); *Jackson v. McIntosh*, 90 F.3d 330,

17   332 (9th Cir. 1996). Where a defendant has based his actions on a medical judgment that either

18   of two alternative courses of treatment would be medically acceptable under the circumstances,

19   plaintiff has failed to show deliberate indifference, as a matter of law. *Jackson*, 90 F.3d at 332;

20   *see also Estelle v. Gamble*, 429 U.S. 97, 107-07 (1976). To prevail under these principles, a

21   plaintiff must show that the course of treatment the doctors chose was medically unacceptable

22   under the circumstances. *Id.; Williams v. Vincent*, 508 F.2d 541, 543-44 (2d Cir. 1974) (cited

23   with approval in *Estelle*, 429 U.S. at 104 n.10. Plaintiff must also show that the defendant chose

24   this course in conscious disregard of an excessive risk to plaintiff's health. *Jackson*, 90 F.3d at

25   322; *Farmer v. Brennan*, 511 U.S. 825 (1994).

26        Here, Plaintiff's main complaint is that the treatment of insoles is clearly inadequate to

27   treat his condition. (Compl. ¶ 12.) Plaintiff alleges that the treatment of insoles was an inferior

28   treatment plan than his prior treatment and the appropriate treatment would be to prescribe him

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                    *T. Taylor v. R. Horel, et al.*
                                                                 C 07-5295 MHP

14

1   orthopedic boots and arch supports.  (Compl. ¶ 16, p. 10.)  Plaintiff's complaints are focused on

2   what course of treatment is more beneficial.  However, under the applicable case law, a

3   difference in opinion is insufficient to show deliberate indifference.  *See Jackson*, 90 F.3d at 332.

4   Moreover, Plaintiff admits in his complaint that he recognizes and accepts that his own opinion

5   is not enough to establish medical indifference.  (Compl. ¶ 18.)  Although, Plaintiff points to

6   prior forms of treatment by other physicians for his condition, he has not and will not be able to

7   show that the course of treatment chosen by Defendant Sayre is an excessive risk to Plaintiff's

8   health or that the course of treatment is medically unacceptable.  Therefore, Plaintiff's claims as

9   to Defendant Horel should be dismissed.

10                                              **III.**

11                          **DEFENDANTS ARE ENTITLED TO QUALIFIED
                             IMMUNITY.**

12

13          The defense of qualified immunity protects "government officials . . . from liability for

14   civil damages insofar as their conduct does not violate clearly established statutory or

15   constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*,

16   457 U.S. 800, 818 (1982).  The rule of qualified immunity "provides ample protection to all but

17   the plainly incompetent or those who knowingly violate the law."  *Burns v. Reed*, 500 U.S. 478,

18   495 (1991) (citation omitted).

19          In *Saucier v. Katz*, 533 U.S. 194 (2001), the Supreme Court set forth a particular

20   sequence of questions to be considered in determining whether qualified immunity exists.  The

21   Court must consider this threshold question: "Taken in the light most favorable to the party

22   asserting the injury, do the facts alleged show the officer's conduct violated a constitutional

23   right?"  *Id.* at 201.  This qualified immunity analysis is distinct from the inquiry on the merits of

24   the constitutional violation.  *Id*; *see also Mitchell v. Forsyth*, 472 U.S. 511, 527-28 (1985) ("A

25   claim of immunity is conceptually distinct from the merits of the Plaintiff's claim that his rights

26   have been violated.").  If no constitutional right was violated under the alleged facts, the inquiry

27   ends and defendants prevail.  *Saucier*, 533 U.S. at 204.

28          If, however, "a violation could be made out on a favorable view of the parties'

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                    *T. Taylor v. R. Horel, et al.*
                                                                C 07-5295 MHP

1    submissions, the next, sequential step is to ask whether the right was clearly established. . . . 'The

2    contours of the right must be sufficiently clear that a reasonable official would understand that

3    what he is doing violates that right.' . . . The relevant, dispositive inquiry in determining whether

4    a right is clearly established is whether it would be clear to a reasonable officer that his conduct

5    was unlawful in the situation he confronted." *Id.* at 201-02 (quoting *Anderson v. Creighton*, 483

6    U.S. 635, 640 (1987)).

7    **A.  Defendants Are Entitled to Qualified Immunity Because Plaintiff Fails to Show Defendants' Actions Violated a Constitutional Right.**

8

9        The first step under *Saucier* is to determine whether, taken in the light most favorable to

10   the party asserting the inquiry, the facts alleged show that the officer's conduct violated a

11   constitutional right. *Saucier,* 533 U.S. at 201. As to Defendant Horel, even if Plaintiff's

12   allegations are taken as true, Defendant Horel still did not violate Plaintiff's right because

13   Defendant Horel and the prison is authorized to perform tasks that are consistent with ensuring

14   the safety and security of the institution. As to Defendant Sayre, even if Plaintiff's allegations

15   are taken as true, Defendant Sayre's examination of Plaintiff which determined that the

16   appropriate treatment plan for Plaintiff's condition was insoles in prison-issue shoes and physical

17   therapy, Defendant Sayre still did not violate Plaintiff's right because as the Chief Medical

18   Examiner he is authorized to examine and provide a course of treatment to inmates. Likewise,

19   Defendant Sayre's cancellation of a consult with an orthopedic surgeon did not violate Plaintiff's

20   rights because his actions were well within the parameters set forth in the California Regulations

21   and the Armstrong Remedial Plan. *See* Cal. Code Regs. tit. 15, §§ 3350(a); CDCR Dep't Ops.

22   Manual, 54030.11, 54030.11.1, 3380(a). Thus, Defendants did not violate a constitutional right

23   and are entitled to qualified immunity.

24   ///

25   ///

26   ///

27   ///

28   ///

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.          *T. Taylor v. R. Horel, et al.*
C 07-5295 MHP

1  **B.    Defendants Are Entitled to Qualified Immunity Because Plaintiff Fails to Show That**
   **a Reasonable Official Would Understand that He Violated Plaintiff's Right.**

2

3      Assuming arguendo that a violation occurred under the first step of *Saucier*, the next

4  inquiry is whether it would be clear to a reasonable officer that his conduct violated Plaintiff's

5  rights.

6      In regard to Defendant Horel, the inquiry is would a reasonable warden who was accused

7  of authorizing the destruction of Plaintiff's orthopedic boots, understood he was violating

8  Plaintiff's right. Here, it would not have been clear that Plaintiff right was violated because the

9  warden is charged with maintaining the safety and security of the prison and its inmates. It

10 would not be unreasonable for a warden to rely on his security staff to dispose of any object

11 which was deemed a security threat after time had elapsed for Plaintiff to designate the method of

12 disposal.

13     In regard to Defendant Sayre, the question would be whether the chief medical examiner

14 who exams a patient, recommends a treatment plan that does not include orthopedic boots and

15 arch supports, and cancel a consult with an orthopedic surgeon, knew he violated Plaintiff's

16 rights by engaging in this conduct. Here, it would not have been clear to a reasonable chief

17 medical examiner that his examination and recommendation to prescribe insoles and physical

18 therapy violated Plaintiff's right because Defendant Sayre's conduct was clearly authorized by

19 the regulations and the Armstrong Remedial Plan. *See* Cal. Code Regs. tit. 15, §§ 3350(a);

20 CDCR Dep't Op. Manual, 54030.11, 54030.11.1, 3380(a). Because Defendants were relying

21 upon departmental policy and the regulations when they engaged in this conduct, it cannot be

22 said that Defendants knowingly violated the law.

23                                **IV.**

24              **PLAINTIFF'S CLAIMS FOR EQUITABLE RELIEF**
                 **SHOULD BE DISMISSED BECAUSE AN INDIVIDUAL**
25              **MAY NOT MAINTAIN A SUIT FOR EQUITABLE RELIEF**
                 **WHERE THERE IS A PENDING CLASS ACTION SUIT**
26              **WITH THE SAME SUBJECT MATTER.**

27     In Plaintiff's Complaint, he requests equitable relief. (Compl. at 10.) Specifically,

28 Plaintiff is seeking (1) injunctive relief be issued commanding Warden Horel to allow Plaintiff to

1  receive from his personal occupational therapist via first class mail two pair of health care

2  appliances of personal boots and arch supports and any appliance that is deemed to be a security

3  issue shall be stored in a designated location in the unit and provided to Plaintiff every time he is

4  released from his cell, (2) that injunctive relief be permanent, (3) a definition of plaintiff's rights

5  and prison official's obligations, (4) that the court issue injunctive relief pending the results of

6  this action, and (5) declaratory judgment that Defendants acts, policies, and practices violate

7  Plaintiff's rights under the United States Constitution.  (*Id.*)

8         Plaintiff is a class member of at least two pending inmate class actions: *Plata v.*

9  *Schwarzenegger*, Case No. C-01-1351 TEH (N.D. Cal.)[1] concerning medical care and *Armstrong*

10  *v. Schwarzenegger*, Case No. C-94-2307 CW (N.D. Cal.) concerning compliant with the

11  American with Disabilities Act.  Plaintiff's action for equitable relief from alleged

12  unconstitutional prison conditions cannot be maintained where there is a pending class action suit

13  involving the same subject matter, but instead must be made through the class representative in

14  the class-action suit.  *See Jacobson v. Schwarzenegger*, 357 F. Supp. 2d 1198, 1209 (C.D. Cal.

15  2004); *see also Crawford v. Bell*, 599 F.2d 890, 892-93 (9th Cir. 1979).

16         The *Plata* class-action is a suit in the remedial phase under the supervision of the court.

17  The *Armstrong* class-action is a suit also in the remedial phase with monitoring of CDCR's

18  compliance with the ADA.  Plaintiff must make his equitable claim through the *Plata* or

19  *Armstrong's* class representative and may not maintain an individual action.  Therefore,

20  dismissal is proper, and Plaintiff's claims for injunctive relief must be dismissed.

21  ///

22  ///

23  ///

24  ///

25  ///

26  

27      1. Pelican Bay medical care monitoring and remedial action was initially under the *Madrid v. Terhune*, Case No. C-90-3094 (N.D. Cal.) class action.  As of May 23, 2008, Pelican Bay medical

28  care monitoring and remedial action will be performed under *Plata v. Schwarzenegger*.

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                    *T. Taylor v. R. Horel, et al.*
C 07-5295 MHP

18

1

### CONCLUSION

2      Plaintiff failed to exhaust his administrative remedies as required by the PLRA, Plaintiff

3 failed to state a claim against Defendant's and Defendants are entitled to qualified immunity.

4 Moreover, Plaintiff's request for equitable relief should be dismissed because there are currently

5 class actions addressing Pelican Bay medical care and the Americans with Disability Act.

6 Therefore, Defendants respectfully request that this motion to dismiss be granted.

7

8                  Dated: July 23, 2008

9                              Respectfully submitted,

10                             EDMUND G. BROWN JR.
                               Attorney General of the State of California

11                             DAVID S. CHANEY
                               Chief Assistant Attorney General

12                             ROCHELLE C. EAST
                               Acting Senior Assistant Attorney General

13                             JONATHAN L. WOLFF
                               Supervising Deputy Attorney General

14

15

16

17                             DANIELLE F. O'BANNON
                               Deputy Attorney General

18                             Attorneys for Defendants Horel and Sayre

19

20    20126903.wpd
      SF2008200088

21

22

23

24

25

26

27

28

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                    *T. Taylor v. R. Horel, et al.*
                                                                 C 07-5295 MHP

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    *Tracy Taylor v. R. Horel, et al.*

No.:    **U.S.D.C., N.D., San Francisco Div., C 07-5295 MHP**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **July 23, 2008**, I served the attached ·

1. **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**
2. **DECLARATION OF T. EMIGH IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**
3. **DECLARATION OF C. WILBER IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**
4. **[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Tracy Lee Taylor, E-13981**
**Pelican Bay State Prison**
**P.O. Box 7500**
**Crescent City, CA 95532**
*Pro Per*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **July 23, 2008**, at San Francisco, California.

| J. Baker | Signature |
|---|---|
| Declarant | |

20126942.wpd