1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  ROCHELLE C. EAST
   Acting Senior Assistant Attorney General
4  JONATHAN L. WOLFF
   Supervising Deputy Attorney General
5  DANIELLE F. O'BANNON, State Bar No. 207095
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA 94102-7004
7    Telephone: (415) 703-5735
     Fax: (415) 703-5843
8    Email: Danielle.OBannon@doj.ca.gov

9  Attorneys for Defendants Sayre and Horel

10

11              IN THE UNITED STATES DISTRICT COURT

12            FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                    SAN FRANCISCO DIVISION

| | |
|---|---|
| TRACY TAYLOR,<br><br>                                     Plaintiff,<br><br>     v.<br><br>ROBERT HOREL, et al.,<br><br>                                     Defendants. | C 07-5295 MHP<br><br>**DECLARATION OF T. EMIGH IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** |

20       I, T. Emigh, declare as follows:

21       1.   I am employed by the California Department of Corrections and Rehabilitation

22  (CDCR) as the Assistant Chief of the Inmate Appeals Branch. I am competent to testify to the

23  matters set forth in this declaration, and if called upon to do so, I would and could so testify. I

24  submit this declaration in support of Defendants' Motion to Dismiss.

25       2.   I am familiar with sections of Title 15 of the California Code of Regulations that

26  govern an inmate appeal. Section 3084.5 describes the levels of appeal that are available to an

27  inmate. Section 3084.5(e)(2) provides that "[t]hird level review constitutes the director's

28  decision on an appeal, and shall be conducted by a designated representative of the Director

Decl. T. Emigh Supp. Defs.' Mot. Dismiss                              T. Taylor v. R. Horel, et al.
                                                                              C 07-5295 MHP

under supervision of the chief, inmate appeals."

3. Usually, the director's decision exhausts the administrative remedy available to an inmate within the CDCR. The director's decision usually advises an inmate that the decision constitutes the exhaustion of administrative remedies available to the inmate within the CDCR.

4. The Inmate Appeals Branch keeps an electronic record of each inmate appeal that has proceeded through the final level of review, the Director's Level. When an appeal is received by the Inmate Appeals Branch and is accepted for review, it is given a Director's Level log number and entered into the computer system. The computer system was commenced in 1993. The following information is kept in the electronic record: appeal log number, the category (nature/subject) of the appeal, institutional log numbers, inmate's name and CDCR number, the institution where the appeal arose, the date that the appeal is received and closed, and final disposition of the appeal.

5. Inmate Taylor alleges in this action that Defendants Sayre and Horel were indifferent to his medical needs when: (1) Defendant Sayre recommended insoles instead of orthopedic boots and arch supports which worsened his condition and caused increased pain, (2) Defendant Sayre canceled an orthopedic consult, and (3) Defendant Horel allegedly authorized the destruction of the orthopedic boots and arch supports that were confiscated.

6. A search of the computerized system has been conducted for Plaintiff Tracy Taylor, CDCR E-13981, at the request of the Attorney General's Office. A true and correct copy of the Director's Level appeals print-out for Plaintiff is attached as Exhibit A.

7. The record indicates that the Director's Level of Review accepted nineteen inmate appeals submitted by Plaintiff from August of 2006 to October of 2007. During that time period, six of the inmate appeals related to Plaintiff's medical care and medical appliances. These were IAB No. 0608840 (PBSP 06-02165), IAB No. 0612367 (PSBP 07-00291), IAB No. 0609197 (PSBP 06-02792), IAB No. 0614282 (PBSP 07-00112), IAB No. 0701125 (PBSP 07-00750), and IAB No. 0712187 (PSBP 07-11182).

8. Plaintiff submitted inmate appeal number SAC 06-01814 on March 4, 2006 claiming that upon arrival at California State Prison Sacramento, Sergeant Hill confiscated two pair of his

medical appliances "boots." Plaintiff submitted inmate appeal number PBSP 06-02833 on July 6, 2006, claiming that he had two pair of medical appliances held in the locker by Sergeant Hill at California State Prison Sacramento, which was not in his property. Plaintiff sought reimbursement in the sum of $450.00 or verification in writing that the prison is still in possession of both pair of medical boots and arch supports and that they will be included with his property and placed on the bus. Plaintiff submitted inmate appeal number PBSP 06-02792 on October 16, 2006, claiming that upon his arrival at Pelican Bay Plaintiff's orthopedic boots were to be kept in the Receiving and Release department, and that Pelican Bay keep his boots until he was to transfered to another prison. Alternatively, Plaintiff requested that he be transferred to California State Prison Sacramento or that his medical boots be given back to him.

The director's level review combined inmate appeal numbers PBSP 06-2833, PBSP 06-02792, and SAC 06-01814 into IAB No. 0609197. The director's level partially granted the appeals on April 29, 2007. In these appeals Plaintiff did not claim that Defendant's Sayre's course of treatment worsened his condition and caused increased pain and he did not make a complaint regarding the cancellation of an orthopedic consult, and Plaintiff did not claim that Defendant Horel authorized the destruction of the orthopedic boots and arch supports that were confiscated as alleged in his complaint.

9. Plaintiff submitted inmate appeal number PBSP 07-00112 on November 17, 2006, claiming that Pelican Bay and medical staff went into his medical file and took out documentation that verifies that he is mobility impaired under the ADA. Plaintiff requested that the documents be placed back into his medical file with a recommendation that says he is mobility impaired under the ADA, that his health care manager, physician, and occupational therapist be allowed to send him all of his healthcare appliances, give him both of his medical boots, and that he be allowed to keep any future boots. Plaintiff's appeal was denied at the first formal level on February 22, 2007 and denied at the second formal level on March 12, 2007. The director's level review denied IAB No. 0701125 (PBSP 07-00112) on June 12, 2007. Plaintiff did not claim in this appeal that Defendant's Sayre's course of treatment worsened his condition and caused increased pain and he did not make a complaint regarding the cancellation of an

Decl. T. Emigh Supp. Defs.' Mot. Dismiss  T. Taylor v. R. Horel, et al.
C 07-5295 MHP

3

1  orthopedic consult, and Plaintiff did not claim that Defendant Horel authorized the destruction of
2  the orthopedic boots and arch supports that were confiscated as alleged in Plaintiff's complaint.

3      10. Plaintiff submitted inmate appeal number PBSP 06-02165 on August 24, 2006,
4  claiming that Pelican Bay staff inappropriately denied his request to be designated mobility
5  impaired. Plaintiff requested that Defendant Sayre be disciplined for his mis-diagnoses, that he
6  be designated mobility impaired, and that his shoes be returned. (*Id.*) The second level of review
7  denied his appeal on November 30, 2006, because Defendant Sayre determined that Plaintiff's
8  feet were normal with no deformities, scares, or unusual configurations and that all joints moved
9  normally with full range of motion. The director's level review denied IAB No. 0608840 (PBSP
10 06-02165) on April 17, 2007. Plaintiff did not claim in this appeal that Defendant's Sayre's
11 course of treatment worsened his condition and caused increased pain and he did not make a
12 complaint regarding the cancellation of an orthopedic consult, and Plaintiff did not claim that
13 Defendant Horel authorized the destruction of the orthopedic boots and arch supports that were
14 confiscated as alleged in Plaintiff's complaint.

15     The director's level also canceled IAB No. 0611447 (PBSP 06-02165). Inmate Taylor
16 appealed the Pelican Bay decision to deny him inclusion in the Disability Placement Program
17 (DDP) and issuance of personal shoes because both issues had been previously addressed in IAB
18 No. 0608840 (PBSP 06-02165) and IAB No. 0609197 (combined inmate appeal numbers PBSP
19 06-2833, PBSP 06-02792, and SAC 06-01814).

20     11. Plaintiff submitted inmate appeal number PBSP 07-00291 on January 17, 2007,
21 claiming that he needed to purchase orthopedic slippers to accommodate his mobility
22 impairment. Plaintiff also requested the he be allowed to purchase orthopedic slippers from the
23 vendor of his choice. Plaintiff's appeal bypassed the informal and first formal level of reviews.
24 Plaintiff's appeal was denied at the first formal level on February 16, 2007, and denied at the
25 second formal level on March 15, 2007. The director's level review denied IAB No. 0612367
26 (PBSP 07-00291) on June 18, 2007.

27     12. Plaintiff submitted inmate appeal number PBSP 07-00750 on May 20, 2007, claiming
28 that pursuant to the director's level appeal decision in inmate appeal number PBSP 07-02792

Decl. T. Emigh Supp. Defs.' Mot. Dismiss                                      T. Taylor v. R. Horel, et al.
                                                                                              C 07-5295 MHP

(IAB No. 0609197), Pelican Bay must provide a substitute at state expense for his medical appliance. Plaintiff claimed that a substitute for the arch supports were provided but he was not provided a substitute for his orthopedic boots. Plaintiff requested that a modification order be issued, that Pelican Bay shall either at state expense hire a podiatrist to provide custom made arch supports and boots, or allow Plaintiff's occupational therapist to send via mail the personal arch supports and boots. Plaintiff was informed at the informal level on May 21, 2007, that the director's level review order stated that Pelican Bay shall provide insoles at state expense and that he would be measured shortly. Plaintiff's appeal was denied at the first formal level on June 13, 2007, and denied at the second level on June 28, 2007. The director's level review denied IAB No. 0701125 (PBSP 07-00750) on November 9, 2007. Plaintiff did not claim in this appeal that Defendant's Sayre's course of treatment worsened his condition and caused increased pain and he did not make a complaint regarding the cancellation of an orthopedic consult, and Plaintiff did not claim that Defendant Horel authorized the destruction of the orthopedic boots and arch supports that were confiscated as alleged in Plaintiff's complaint.

13. Plaintiff submitted inmate appeal number PBSP 07-11182 on August 28, 2007, claiming that Defendant Sayre's treatment of insoles was causing his condition to worsen and his pain to increase. Plaintiff requested a memorandum or modification order instructing Pelican Bay to rescind the treatment of insoles in state shoes and to reinstate treatment of personal boots and arch supports to be supplied by Plaintiff's occupational therapist or an outside vendor of Plaintiff's choice. Plaintiff's inmate appeal bypassed the informal level and first formal level of reviews. Plaintiff's appeal was denied at the first formal level of review on October 12, 2007 and was denied at the Second Level of Review on October 19, 2007. The director's level review denied IAB No. 0712187 (PBSP 07-11182) on January 16, 2008. This appeal relates to Plaintiff's allegation that Defendant's Sayre's course of treatment worsened his condition and caused increased pain. Plaintiff did not claim in this appeal that Defendant Sayre canceled his orthopedic consult nor did he claim that Defendant Horel authorized the destruction of the orthopedic boots and arch supports that were confiscated as alleged in Plaintiff's complaint.

Decl. T. Emigh Supp. Defs.' Mot. Dismiss

T. Taylor v. R. Horel, et al.
C 07-5295 MHP

5

I declare under penalty of perjury that the forgoing is true and correct.

Executed this 22 day of July 2008, at Sacramento, California.

_____
T. Emigh
Acting Chief, Inmate Appeals Branch

Decl. T. Emigh Supp. Defs.' Mot. Dismiss                T. Taylor v. R. Horel, et al.
                                                         C 07-5295 MHP

6