Case 3:07-cv-05295-MHP    Document 20-5    Filed 07/23/2008    Page 1 of 5

# EXHIBIT D

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region: PBSP-1A-18-2007-00112    Log No.    Category: 8/14 Claims charts missing records

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Traver Tom Joe | E-13981 | | A4-222 |

**A. Describe Problem:** P.B.S.P. and medical has went into my medical file and taken out documentation that states I'm mobility impaired, under the ADA. (legal documentations marked exhibits A and B) legal documentation from the PLO and advance health care directive. California Probate Code section 4701. In a illegal attempt to deny me access to my health care appliances and to exclude me in participation in the benefits of the services, activities and programs I'm entitled too. Dr. Sayre is trying to change my continued treatment that I have been receiving for over 20 years and every podiatrist, and of orthopedic doctor has made a change in treatment he is not qualified to make and title 15 3358 (b) forbids. This action is fraudulent practice and deliberate indifference. I only caught this crime because I reviewed my medical file and

If you need more space, attach one additional sheet.

**B. Action Requested:** Mod. order - a copy of exhibits (A and B) placed in my medical file with a 128-chrono that says Taylor is a mobility impaired person under the ADA, and while incarcerated in the Department his personal health care Manager, personal physician and occupational therapist MS. McDowell shall be allowed to send him all of his appliances. Per CCR 3358 (b) and (c) Taylor shall be given both of his medical boots, which PBSP is in possession of and be allowed to keep any future boots he obtain legally.

Inmate/Parolee Signature: Tomdy Taylor    Date Submitted: 11-17-06

**C. INFORMAL LEVEL** (Date Received: 11-28-06)

Staff Response: Captain Patton called 11-22-06 on I/M appeal set up w/him PCP on 11-29-06. Stated boots will be returned until PCP decides if not okay to have.

Staff Signature: M Rasmussen    Date Returned to Inmate: 11-29-06

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

My legal documentations was detached from this 602 and placed in my medical file. I need the original's back. (advance health care directive, California Probate Code section 4701) it was my copy, for my records.

Signature: [signature]    Date Submitted: 11-30-06

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

2nd
MAR 0 7 2007

First Level: ☐ Granted  ☐ P. Granted  ☒ Denied  ☐ Other

E. REVIEWER'S ACTION (Complete within 15 working days) Date assigned: 12/8/06   Due Date: 2/13/07

Interviewed by: Charlotte Moseti HRT II via telephone with inmate Taylor

Charts and consulting was researched - no advance directives found, so it cannot be returned. Mr. Taylor requested more paperwork so he could redo one. He was directed to get the paperwork from his counselor.

Staff Signature: Charlotte Moseti   Title: HRT II Sec.   Date Completed: 2-22-07

Division Head Approved Signature: M C Sayre   Title: CMO   Returned Date to Inmate: FEB 26 2007

F. If dissatisfied, explain reasons for requesting a Second Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response: medical records and documentation is being purposely taken out of my medical file. However, I have included my last documentation from the PLO in which I'm being regarded as mobility impaired and under Title II section 504 said documentation in and by itself place me under the ADA and PBSP is taking illegal steps to inquire if I'm ADA. An investigation is needed.

Signature: Zen Zy   Date Submitted: 3-5-07

Second Level: ☐ Granted  ☐ P. Granted  ☒ Denied  ☐ Other

G. REVIEWER'S ACTION (Complete within 10 working days) Date assigned: 3-7-07   Due Date: 4-4-07

☒ See Attached Letter

Signature: Ammi   Title: CC II   Date Completed: 3-12-07

Warden/Superintendent Signature:   Date Returned to Inmate: MAR 15 2007

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response:

Signature: _____   Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other
☐ See Attached Letter                                    Date: _____

CDC 602 (12/87)

and found that both the PLO documentation which verifies my mobility impairment and advance health care directive, which authorize my personal physician to make all of my medical decisions and provides me with therapy and my medical appliance, was taken out of my medical file. Various FNP, had falsely written medical information in my file and attributed that info to me telling them that info, which is a frabrication, also PBSP has taken out of my medical file all information on my personal occupational therapist coming into the institution and rehabilitating me to where I only needed my health care appliance for treatment. This action was done by P.B.S.P employees in an attempt to deny me a health care appliance that I legally obtained while in the Department. I paid $420.00 to receive orthopedic boots and arch supports that was molded from my feet to custom make the appliance to treat my condition. I was seen by a Podiatrist on 1-23-03 whom was paided and contracted by the department. His podiatrist whose profession and licensure is specifically in feet, and nerve damage examined my feet throughly using his skills, MRI and equipment that was able to access the damage in neuro muscular that I suffer in my feet. After the examination and diagnosis the doctor recommended the special thopedic boots which was issued to me on 4-18-03. The prison I received the HCM at is SVSP (see exhibit C) level four .80 design prison, per title 15 3358 (b) and the federal court order in the Armstrong remedial plan States I shall not be denied the appliance, also after Sacramento had CSP-Sac medical examine those same medical appliance agreed that I shall be allowed to keep those boots (see Director level decision marked exhibit D). CMO. Sayre in an attempt to help enforce PBSP policy of not allowing any inmates to use medical appliances (orthopedic boots) on prison ground knowingly and willingly behind these crimes, he is now attempting to change the recommendation's of qualified physician's that I use medical boots for my treatment and waste state money by hiring an occupational therapist to rehabilitate me. I've had this condition for over 20 years and was seen by an occupational therapist and rehabed 10 years ago. This actions shows Dr. Sayre does not know what he is doing and is not qualified to make decisions in orthodics and nerve damage and pain. That for Dr. Sayre to purposely break the law of denying me my health care appliance (which is forbidden for him to do per title 15 3358. and a federal court order) that no inmate at PBSP have medical boots, shows that both P.B.S.P and Sayre is purposely and willingly denying inmates their medical appliances and are breaking the law to cover their actions up.

SECOND LEVEL APPEAL RESPONSE



RE: PELICAN BAY STATE PRISON
Appeal Log: IA-18-2007-00112
Inmate: TAYLOR E13981

Maureen McLean, FNP, Health Care Manager at Pelican Bay State Prison (PBSP) reviewed this matter. Joseph Kravitz, Correctional Counselor II (A), conducted the Appeal at the Second Level of Review on March 12, 2007.

**APPEAL ISSUE:** You filed this CDC 602 on December 11, 2006 claiming that Pelican Bay State Prison and medical is going through your medical file and removing documentation. Specifically, documents from the PLO and an advanced health care directive in an attempt to deny you access to your health care appliances and exclude you from participation in the benefits of the services and activities you are entitled to. You also claim that Dr. Sayre is trying to change the recommended treatment that you have been receiving for over 20 years. You are asking that documents be placed back in your file indicating that you are mobility impaired. You are also asking that your medical boots be given back to you. [see original CDC 602 for exact verbiage]. C. Mossier interviewed you via the telephone on February 22, 2007 regarding the missing documentation from your medical record. She informed you that your medical charts and all loose filing within the department were searched in an effort to locate your paperwork. She was unable to locate your advance directive. You were advised to contact your counselor to obtain a replacement. You can fill it out and resubmit for inclusion in your medical file. You were unhappy with the answer provided at the first level and moved this appeal to the second level claiming that medical records documentation is being purposely taken out of your medical record. You claim that Pelican Bay is taking illegal steps to inquire if you are 'ADA'.

**FINDINGS:** A review of your appeal has been completed. Your appeal with the attachments and your requested action has received careful consideration. All relevant material related to your issue was reviewed. I, M. McLean, FNP, Health Care Manager, was assigned to investigate your allegations. Joseph Kravitz, Correctional Counselor II (A), reviewed your medical file and responses March 12, 2007. When you arrived at Pelican Bay State Prison in September of 2006 Dr. Sayre re-evaluated you in order to update your 1845 designation form. During the evaluation he found that based on his physical evaluation, you no longer met the criteria for an ADA designation. There is no evidence that Dr. Sayre is trying to change any treatment. As the Chief Medical Office, his job is ensuring inmates are classified properly for the ADA program and to be sure they receive appropriate appliances and accommodations based on need. You examination did not indicate a need for your special boots. In so far as removal of records from your file, there would be no benefit whatsoever for anyone at this institution to remove records from yours or any inmates file. That is an illegal act that is in no way tolerated by the CDCR. There is no evidence that your records were removed from your medical chart. Medical records staff will continue to look for your papers in the event they were possibly misfiled. This concludes the review of your appeal at the second level.

**DECISION:** The Appeal is denied.

The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.

_____  3-12-07            _____  3/13/07
Joseph Kravitz              Date              Maureen McLean, FNP         Date
Correctional Counselor II (A)                 Health Care Manager