# EXHIBIT F

REQ BE ALLOWED TO ORDER

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region: **PBSP**
Log No.: A-07-00291
Category: 5/1 ORTHOPEDIC SLIPPERS BAS OF 128-9/1

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Tracy Taylor | E-13981 | | A4-222 |

**A. Describe Problem:** PBSP allows inmates to purchase slippers, but there are none available for my mobility impaired prisoners. This is discrimination based on handicap. I'm mobility impaired and suffer substantial pain in the bottoms of my feet. I wear orthopedic boots for every day activities and need orthopedic slippers to help me walk in the cell without substantial pain. The orthopedic slippers can be shipped directly to R+R for inspection and the vendor can be called to ensure the slippers are orthopedic. (Exhibit A) verifies my mobility impairment in accord with ADA section 504 Title II. RETURNED TO 4m - DID NOT COMPLY APPEAL (CCR 3084.3 (a)(3)) Exhibit B diagnoses my deformity of feet by a licensed podiatrist. Exhibit C (three pages) establish I've used orthopedics since 4-21-99 to date.

If you need more space, attach one additional sheet.

**B. Action Requested:** Order stating as long as Taylor is in the Department of Corrections and rehabilitation he shall be allowed to purchase orthopedic slippers from vendor of his choice / Comfort Pedic Slippers P.O. Box 3125 Wallingford, CT 06494 (1-800-923-4880)

Inmate/Parolee Signature: _Tracy Taylor_   Date Submitted: 1-14-07

**C. INFORMAL LEVEL** (Date Received: _____)

Staff Response:

**BYPASS**

Staff Signature: _____   Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

**BYPASS**

Signature: _____   Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

JAN 16 2007   JAN 22 2007   FEB 05 2007   ~~FEB 26 2007~~ FEB 27 2007
18            18            1ST AW-CS     2ND APPEALS

First Level  ☐ Granted  ☐ P. Granted  ☒ Denied  ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned 2/5/07    Due Date: 3/21/07
Interviewed by: S. BRADLEY 2-9-2007

Staff Signature: _____ Title: Cpt    Date Completed 2/12/07
Division Head Approved: 
Signature: _____ Title: AW    Returned Date to Inmate: FEB 26 2007

F. If dissatisfied, explain reasons for requesting a Second Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

I suffer sever pain (recognize by Doctor Sayre) which is a medical necessity but Doctor Sayre refuse to provide me with adequate medical care to alliviate my pain (as order by Warden). Per Title 15 § 3358 (c) and Armstrong remedial plan, I'm allowed to purchase orthopedic appliance from a vendor of my choice.

Signature: _____    Date Submitted: 2-26-07

Second Level  ☐ Granted  ☐ P. Granted  ☒ Denied  ☐ Other _____
G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned 2-27-07    Due Date 3-27-07
☒ See Attached Letter

Signature: _____    Date Completed 3/15/07
Warden/Superintendent Signature: _____    Date Returned to Inmate: MAR 22 2007

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Signature: _____    Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:  ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other _____
☐ See Attached Letter
                                                    Date: _____
CDC 602 (12/87)

Pelican Bay State Prison is refusing to provide adequate medical care

I have a legal document in which I'm being regarded as being mobility impaired (see Exhibit) This is my record of such impairment and in accordance with Title II section 504. The term disability criteria to meet, is define as - a physical impairment that substantially limits major life activities; a record of such an impairment, or being regarded as having such impairment.

Doctor Sayre of P.B.S.P. recognize and acknowledge that I'm suffering sever and substantial pain. ~~however the warden of PBSP policy is~~ (see Exhibit C) however the warden of PBSP policy is to not allow inmates to purchase or use health care appliances in his prison, Doctor Sayre is in agreement with this policy he refuse to allow me adequate medical care in terms of purchasing orthopedic appliances that will help me to cope with the pain. Comfort pedic slippers are specifically for people whom have pain in their feet. Per title 15 3358(c) which is Cal. Law I am allowed to purchase of orthopedic appliances from the Vendor of my choice. PBSP does not have an orthopedic vendor, however also in accordance with the armstrong remedial plan I am allowed to go to the vendor of my choice (see Exhibit D). P.B.S.P is failing to attend to my medical need of needing orthopedic appliances to manage sever and substantial pain I'm enduring. this constitute Deliberate indifference to a serious medical need. (See case Law of: Duncan-v- Duckworth (7th cir. 1981) 644 F2d 653 (Failure to promptly schedule surgery in face of recognized need and sever pain); and ~~Payne~~ Loe v Armistead (4th cir 1978) 843 F2d 1241 (22 hr. delay) in bringing prisoner to hospital for surgery for broken arm even though promptly seen by nurse and given medication.

Because both custody and medical is committing medical malpractice by not recognizing outcome data which states. I need Health Care appliance (as contained in 128-chrono from 1999-to date, see Exhibit A, Two pages) and not acting on their own outcome data that recognize the pain (see Exhibit c) this violates E the departments own standard (title 15: 3360) and 3350 (b)(1).

Before I'm forced to file a medical malpractice, I ask for a mod order from Sac. to allow me to purchase orthopedic slippers to help alleviate my sever pain because my condition is a medical necessity.

Medical necessity is services reasonable and necessary to alleviate sever pain.

# FIRST LEVEL SUPPLEMENTAL PAGE

RE:   PELICAN BAY STATE PRISON
      Appeal Log # PBP-A07-00291
      First Level Reviewer's Response

INMATE: TAYLOR E-13981

**APPEAL DECISION: DENIED**

**APPEAL ISSUE:**

TAYLOR is requesting he be allowed to purchase slippers from the vendor of his choosing based on a medical condition.

**APPEAL RESPONSE:**

A review of your appeal has been completed. Correctional Sergeant S. Bradley was assigned to investigate your allegations at the First Level.

TAYLOR was interviewed regarding this appeal on Thursday, February 22, 2007, during the interview TAYLOR expressed that the letter he submitted with this appeal from the Prison Law Office identifies him as American Disability Act (ADA) under the *Armstrong v Davis* lawsuit.

The First Level Reviewer contacted the ADA Coordinator and was informed TAYLOR is not identified as an ADA.

The First Level Reviewer reviewed the Department Operation Manual (DOM) Article 43 - Inmate Property, Section 54030.9, Personal Property Package Vendor Approval states, "Vendors for Personal Property Packages, except those vendors approved locally for special religious foods as provided for in Section 54030.7.1, must receive Department approval prior to providing services to institutions/facilities.

The Deputy Director, DAI, has the authority to establish vendor approval guidelines for Personal Property Packages and to add or remove vendors from the approved list.

Vendors must submit a completed vendor application package to the Deputy Director, DAI. Requests for approval must include all additional materials and catalogs of items provided with prices. The vendor name and contact information will be provided to the institutions/facilities upon approval.

It is the intent of the Department to ensure Inmate Package Program catalog items are priced competitively with common retailers in major markets. The CDCR reserves the right to withdraw any vendor approval subject to 30 calendar day's written notice to the vendor. However, any agreement can be immediately terminated for cause. The term "for cause" shall mean that the vendor fails to meet the terms, conditions, and/or responsibilities of an agreement. In this instance, the agreement termination shall be effective as of the date indicated on the State's notification to the vendor."

Appeal Log # PBP-A07-00291
Taylor, E-13981
Page 2 of 3

The DOM Article 43 - Inmate Property, Section 54030.11, Health Care Appliances states, "Approval for an inmate to permanently or temporarily possess or retain a health care appliance requires a clinical prescription for the appliance and shall be documented on a CDC Form 128C Medical, Psych, Dental, Chrono.

Inmates shall be allowed to retain possession of a prescribed health care appliance until a health care evaluation is performed providing that safety and security of the institution/facility will not be compromised. Health care appliances are not subject to the six cubic foot volume limitation nor count towards the two-appliance limit as described in Section 54030.8.

Approved health care appliances include durable medical equipment, assistive devices, adaptive equipment, prosthetic or orthotic appliances, or equipment or medical support equipment, which include, but are not limited to: Eyeglasses, Prosthetic Eyes, Dental prosthesis, Prosthetic limbs, Orthopedic braces or shoes, Hearing aids, Wheelchairs, Canes."

The Operational Procedure (OP) 806 states in part, "Health Care Appliances, Special Purchase Order (SPO). SPOs for medical needs must have prior written approval from the Chief Medical Officer (CMO) and designated custody staff. Health care appliances are not subject to the six cubic feet property limitation or count towards the two appliance limit (DOM, Section 54030.11).

Processing Procedures: Following the CMO approval, a CDC 128C, Medical Chrono, shall be forwarded to the Facility Captain for final approval. The documentation will than be sent to Specialty Clinic staff who will be responsible for procuring the SPO. In order to maintain property accountability, the Specialty Clinic staff shall provide R&R or the appropriate Satellite Property Rooms with a copy of the receipt designating the date of receipt with the inmate's signature denoting acceptance of the appliance. This documentation shall be secured in the inmate's property file. Any deviation from this procedure shall be cause for denial of any orders received.

No medical supplies/prosthesis will be received through R&R. As noted above, all health care appliances are to be received by designated Health Care Services (HCS) staff via the Specialty Clinic.

All health care appliances shall be inspected by custody staff prior to issuance.

Inmates shall be allowed to retain possession of a prescribed health care appliance until a health care evaluation is performed providing that the safety and security of the institution/facility will not be compromised."

FINDING:

A thorough review of TAYLOR's complaint presented in this appeal has been completed. Pelican Bay State Prison does not have the authority to approve vendors. The authority to authorize a vendor is at the Deputy Director Level. TAYLOR can order slippers to

Appeal Log # PBP-A07-00291
Taylor, E-13981
Page 3 of 3

accommodate his insoles from one of the approved vendors as described in the DOM, Section 54030.9. Should TAYLOR believe he needs specialized slippers for a medical condition he needs to go though the Medical Department to get approval for a medical appliance as described in the DOM, Section 54030.11.

Based on the above, your appeal is **DENIED** at the First Level of Review.

C. E. DUCART             Date 2/16/07
Correctional Captain
Central Services

M. D. YAX                Date 2/22/07
Associate Warden
Central Services



| PELICAN BAY STATE PRISON |
|---|
| SECOND LEVEL REVIEW |

DATE: MAR 2 0 2007

Inmate TAYLOR, E-13981
Pelican Bay State Prison
Facility A, General Population
Building 4, Cell 222

RE: WARDEN'S LEVEL DECISION                     APPEAL: DENIED
    APPEAL LOG NO. PBSP-A-07-00291               ISSUE: PROPERTY

This matter was reviewed by ROBERT A. HOREL, Warden, at Pelican Bay State Prison (PBSP). Correctional Sergeant S. Bradley interviewed the inmate on February 22, 2007, at the First Level of Appeal Review.

ISSUES

Inmate Taylor requests to purchase orthopedic slippers from the vendor of his choice.

FINDINGS

I

The inmate claims he needs to purchase orthopedic slippers to accommodate his mobility impairment. He has attached a CDC 128-C dated September 27, 2006, in support of his claim.

II

The California Code of Regulations, Title 15, Section 3190 (h), authorizes the special purchase of health care appliances.

DETERMINATION OF ISSUE

The inmate pursues his appeal to the Second Level of Review adamant that he needs the orthopedic slippers, but has failed to provide any documentation to substantiate his claim that he has a mobility impairment requiring them. The medical chrono dated September 27, 2006, states to please allow the inmate *insoles*, which are to be used with state approved shoes for the duration of one year. An attempt was made by medical staff to issue these insoles on October 19, 2006, but the inmate refused to accept them. As a result, a determination has been made that the inmate has failed to substantiate his claim that he needs orthopedic slippers to warrant their purchase; therefore, the APPEAL IS DENIED.

MODIFICATION ORDER

No modification of this action or decision is required.

ROBERT A. HOREL
Warden

BDS #52 3-15-07

## APPLIANCE DELIVERY FORM WITH TRUST WITHDRAWAL

NAME _Taylor_   DATE _10/19/06_

CDC# _E13981_

HOUSING _A4 222_

The undersigned has received his _INSOLES SIZE #9_

Inmate Signature _____ Date _____

Staff Signature _____ Date _____

Inmate refuses appliance _Refused to Sign_
(Inmate signature)

_M Stull_ 10/23/06

_Carpenter_ 10/23/06

CDC-193 (1/88)

## TRUST ACCOUNT WITHDRAWAL ORDER

Date _10/19_ 20_06_

To: Warden or Superintendent    Approved _____

I hereby request that my Trust Account be charged $ _5.03_ for the purpose stated below and authorize the withdrawal of that sum from my account:



[Rotated medical document for inmate TAYLOR, TRACY, E13981, A2-106L, CDC-128C. Text reads: "...cal condition, please allow this patient insoles/shoes to be used in state approved shoes for the duration of one (1) year. 2/7/07 (Written by M. Sayre, M.D.)" Signed by MICHAEL SAYRE, MD, Chief Medical Officer. PBSP/dk. Distribution: Medical Records, Inmate, C-File, Clinic. TAYLOR, TRACY E13981 PBSP/dk MEDICAL]