# EXHIBIT G

G-FILE

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region
1. PBSP
2. _____

Log No.
1. IAB-2007-00394
2. PBSP-A-07-00855 Disagrees c 1845

Category 8/6

Completed by Saype

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME: Tracy Taylor
NUMBER: E-13481
ASSIGNMENT: 
UNIT/ROOM NUMBER: A4-222

A. Describe Problem: On 2-28-07 I went to see FNP Skinner and during the conversation I was informed that medical had no records recognizing me as being under the American Disability Disability Act (ADA) I have a legal documentation from the Prison Law office dated ____ in which I am being referred to as being mobility impaired. This documentation in and by itself puts me under the ADA. Under Title II section 504 it states The term disability criteria to meet - a physical impairment that substantially limits major life activity, a record of such an impairment, or being regarded as having such impairment. From 1994 to 2006 I have been using a Health Care Appliance recommended by doctors and podiatrist all of whom states I have deformity of feet and I suffer from sever and substantial pain and in accordance with Title 15.

If you need more space, attach one additional sheet.

B. Action Requested: Mod-Order - which states; as long as Prisoner Taylor E-13481 is incarcerated in the Department, he shall be considered as having a permanent disability/condition and protected under the American Disability Act.

Inmate/Parolee Signature: _____ Date Submitted: 3-4-07

C. INFORMAL LEVEL (Date Received: 3/6/07)

Staff Response: On 9-27-06 DR Saype updated your DPPV-CDC 1845 form and documented: Verification of Claimed Disability not Confirmed and removed you from entire program. He stated you had no long term disability other than a treatable mild Medical Condition.

Staff Signature: C. Scoope, SSA    Date Returned to Inmate: 3/6/07

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

No one dispute that the legal documentation in which I'm being regarded as mobility impaired meets the criteria as set in title II Section 504 of the ADA. Or, Said ADA states I have to have a record of such an impairment, or being regarded as having such an impairment. I've met this criteria since 2003. Is any reviewer stating Exhibit A fails to meet the criteria of title II Section 504 of the ADA?

Signature: _____ Date Submitted: 3-11-07

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

1st
MAR 12 2007

First Level: ☐ Granted  ☐ P. Granted  ☐ Denied  ☒ Other  Cancelled

E. REVIEWER'S ACTION (Complete within 15 working days). Date assigned: 3-12-07   Due Date: 4-23-07

Interviewed by DR. Wahidullah on 3/23/07. Your appeal is cancelled per CCR, Title 15, Section 3084.4(d) Lack of Cooperation. You refused to cooperate and/or interview with the reviewer which has resulted in cancellation of the appeal.

Staff Signature: [signature]   Title: FNP-C   Date Completed: 23 Mar 07
Division Head Approved Signature: [signature]   Title: CMO   Date Returned to Inmate: APR 18 2007

F. If dissatisfied, explain reasons for requesting a Second Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

Signature: ___   Date Submitted: ___

Second Level: ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other

G. REVIEWER'S ACTION (Complete within 10 working days). Date assigned: ___   Due Date: ___
☐ See Attached Letter

Signature: ___   Date Completed: ___
Warden/Superintendent Signature: ___   Date Returned to Inmate: ___

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Signature: ___   Date Submitted: ___

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other
☐ See Attached Letter

Date: ___

CDC 602 (12/87)

3084.7.(K) states permanent disability shall mean a disability/condition that is expected to last longer than six months. I've had my condition/disability for over 22 years and documented in medical files of the department for 8 years. 1999 - 2006. The law is clear and precise. I have a record of my impairment and in that record I'm being regarded as being mobility impaired. This place me under the ADA. My medical files had my documentation in it reflecting that I'm mobility impaired and thus under the ADA. Plus a copy of my legal document in which I'm being refered to as being mobility impaired was in my medical file. however since I have arrived here at Pelican Bay State Prison my medical documents have some how been removed from that file. which I can prove has been removed from the file. if the file is placed in frond of me.

Someone has removed my documentation from my medical file. and so that it won't happen again. I'm requesting a modofication order.

The legal documentation from PLO in and by itself allow me to meet the criteria for being under the ADA. (See Exhibit A). Medical at PBSP has been intentionally trying to exam me and make inquiries if I'm ADA. This violates The ADA Section 1630.13 which prohibits such acts. Doctor Sayre admits that he attempted to inquire to see if I'm ADA, and in fact took illegal steps to take me out from under the ADA (See Exhibit B).
F.N.P. Mr Skinner even tried to take X-ray of my feet to determine if I'm still disable (See Exhibit C)

### Issue.

① whether or not the documentation from the PLO in which Taylor is being regarded as being mobility impaired meet the criteria as set forth in title II section 504, and thereby places Taylor as being under the ADA. ② whether or not Taylor having this disability/condition documented from 1999 to date clasify him as having a permanent disability.

### Contention.

Taylor contends that since he is mobility impaired and under the ADA the attempted examinations and inquiries by medical to see if he is under the ADA, violate's Title II Section 1630.13 of the ADA. and he believes this will continue untill a mod. order is issued that verifies his claim.



PRISON LAW OFFICE
General Delivery, San Quentin, CA 94964-0001
Telephone: (415) 457-9144 • Fax (415) 457-9151
www.prisonlaw.com

February 18, 2003

Mr. Tracy Taylor, E-13981
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960

Dear Mr. Taylor,

Our office received your letter, dated January 27th, and the attached documents. I have copied your documents and I return the originals to you.

In your letter you write that just recently you learned of the Armstrong case when you noticed a sign posted in the CTC. Our office monitors SVSP to make sure prison staff comply with the Armstrong v. Davis lawsuit settlement. The Armstrong case covers inmates with hearing, learning, mobility, vision, and kidney disabilities. Because you are mobility impaired, you are an Armstrong class member. This means that prison staff must make certain accommodations so that you are able to access prison programs and services. Please find enclosed an informational letter about the Armstrong case.

In your letter you say that you ordered orthopedic boots and arch supports through an outside vendor but that the boots are being held in SVSP R&R. With your letter you attached a chrono, dated 2/11/02, that permits you to use personal boots, so long as the boots conform to security regulations. You say that for two years SVSP staff allowed you to receive boots that you had ordered from an outside vendor.

I want to let you know that I wrote a letter to Mr. Alberto Caton of CDC Headquarters to request that staff allow you to receive the boots you order through an outside vendor. I cannot say with certainty that Mr. Caton will agree with what I have written, but when we receive a response, we will let you know.

In the meantime, you should file an 1824 appeal to request that staff allow you to receive your orthopedic boots through an outside vendor. When you file the appeal, you should attach a copy of your chrono (I have made several copies for you). When you receive a response to your appeal, please let us know. If you do not agree with the response, or if staff fail to act on a granted appeal, you should appeal to the next level and send us a copy of the response. Once we review the response, we will let you know if we can help.

Please find enclosed an informational letter that explains the difference between a 602

Board of Directors
Marshall Krause, President •

appeal and an 1824 appeal. Also, I have enclosed several blank 1824 forms.

Please keep us posted on your situation. I have enclosed a postage-prepaid envelope for your response.

Sincerely,

Ashwin Cattamanchi
Legal Assistant
Under supervision of Sara Norman

enc:   Armstrong letter
       1824 letter
       blank 1824s
       copies of originals
       originals
       SASE

Exhibit "A" A

Page 13

**STATE OF CALIFORNIA**
**DISABILITY PLACEMENT PROGRAM VERIFICATION (DPPV)**
CDC 1845 (Rev. 01/04)

**DEPARTMENT OF CORRECTIONS**
*CHECK ALL APPLICABLE BOXES*

THIS FORM ONLY VERIFIES OR DISCONFIRMS CLAIMED PHYSICAL DISABILITIES LISTED IN SECTION B

| INMATE NAME: Taylor, Tracy | CDC NUMBER: E13981 | INSTITUTION: PBSP | HOUSING ASSIGNMENT: A1 229L | DATE FORM INITIATED: 9/27/06 |
|---|---|---|---|---|

*Sections A - B to be completed by licensed medical staff.*

**SECTION A: REASON FOR INITIATION OF FORM**
- [X] Inmate self-identifies to staff
- [ ] Observation by staff
- [X] Third party evaluation request
- [ ] Medical documentation or Central File information

**SECTION B: DISABILITY BEING EVALUATED**
- [ ] Blind/Vision Impaired
- [ ] Deaf/Hearing Impaired
- [ ] Speech Impaired
- [X] Mobility Impaired

*Sections C - G to be completed by a physician only.*

**SECTION C: PERMANENT DISABILITIES IMPACTING PLACEMENT**

1. [ ] FULL TIME WHEELCHAIR USER - DPW
   Requires wheelchair accessible housing and path of travel.
2. [ ] INTERMITTENT WHEELCHAIR USER - DPO
   Requires lower bunk, wheelchair accessible path of travel and *does not require* wheelchair accessible cell.
3. [ ] MOBILITY IMPAIRMENT - With or Without Assistive Device (Wheelchairs shall not be prescribed) - DPM
   Orthopedic, neurological or medical condition that substantially limits ambulation (cannot walk 100 yards on a level surface without pause). Requires lower bunk, no triple bunk, and no stairs in path of travel.
4. [ ] DEAF/HEARING IMPAIRMENT - DPH
   Must rely on written communication, lip reading or signing as residual hearing, with assistive devices, will not enable them to hear, understand or localize emergency warnings or public address announcements.
5. [ ] BLIND/VISION IMPAIRMENT - DPV
   Not correctable to central vision acuity of better than 20/200 with corrective lenses in at least one eye (See HOUSING RESTRICTIONS IN SECTION E).
6. [ ] SPEECH IMPAIRMENT - DPS
   Does not communicate effectively speaking or in writing.

**SECTION D: PERMANENT DISABILITIES *NOT* IMPACTING PLACEMENT**

1. NO CORRESPONDING CATEGORY
2. NO CORRESPONDING CATEGORY
3. [ ] MOBILITY IMPAIRMENT (Lower Extremities) - DNM
   Walks 100 yards without pause with or without assistive devices.
   - [ ] No Housing Restrictions  [ ] See HOUSING RESTRICTIONS in Section E
   - [ ] Requires relatively level terrain and no obstructions in path of travel. Do not place at: CCI, CMC-E, CRC, CTF-C, FSP, SCC I or II, SOL, or SQ. (CDC 128-C: _____)
4. [ ] HEARING IMPAIRMENT - DNH
   With residual hearing at a functional level with hearing aid(s).
5. NO CORRESPONDING CATEGORY
6. [ ] SPEECH IMPAIRMENT - DNS
   Does not communicate effectively speaking, but does when writing.

Exhibit B

**SECTION E: ADDITIONAL MEDICAL INFORMATION**

CSR ALERT:
- [ ] Requires relatively level terrain and no obstructions in path of travel
- [ ] Complex medical needs affecting placement   [ ] CDC 128-C _____

HEALTH CARE APPLIANCE / IDENTIFICATION VEST:
- [ ] Cane  [ ] Crutch  [ ] Walker  [ ] Leg/Arm prosthesis  [ ] Vest
- [ ] Other: _____  [ ] CDC 128-C(s) dated: _____

ASSISTANCE NEEDED WITH ACTIVITIES OF DAILY LIVING:
- [ ] Feeding or Eating  [ ] Bathing  [ ] Grooming  [ ] W/C transferring
- [ ] Toileting  [ ] Other: _____  [ ] CDC 128-C(s) dated: _____

OTHER DPP DESIGNATIONS:
- [ ] NONE _____ ; _____
  CODE   DATED   CODE   DATED

HOUSING RESTRICTIONS:  [ ] Lower bunk  [ ] No stairs  [ ] No triple bunk. CDC 128-C(s) dated: _____

**SECTION F: EXCLUSIONS**

- [X] VERIFICATION OF CLAIMED DISABILITY NOT CONFIRMED: My physical examination or other objective data DOES NOT SUPPORT *claimed* disability. (Explain in Comments Section and CDC 128-C dated _____ ).
- [ ] REMOVAL FROM A DPP CODE: Removal from previous DPP code: _____ . (Explain in Comments Section and CDC 128-C dated: _____ .)
- [X] REMOVAL FROM ENTIRE PROGRAM: Removal from DPP code(s): DNM . (Explain in Comments Section and CDC 128-C dated: _____ .)

**SECTION G: EFFECTIVE COMMUNICATION FACTORS**

- [ ] Uses Sign Language Interpreter (SLI)  [ ] Reads Braille  [ ] Communicates with written notes  [ ] Requires large print or magnifier
- [ ] Reads lips  [ ] NO "EFFECTIVE COMMUNICATION" ISSUES OBSERVED OR DOCUMENTED IN THE UNIT HEALTH RECORD

PHYSICIAN'S COMMENTS: *(Focus on affected systems and functional limitations. No specific diagnosis or other confidential medical information.)*

NO LONG TERM DISABILITY OTHER THAN TREATABLE MILD MEDICAL CONDITION

| PHYSICIAN'S NAME (Print): M.C. SAYRE | PHYSICIAN'S SIGNATURE: MC Sayre | DATE SIGNED: 9/27/06 |
|---|---|---|
| HEALTH CARE MANAGER'S / DESIGNEE'S NAME (Print): | HEALTH CARE MANAGER'S / DESIGNEE'S SIGNATURE: | DATE SIGNED: |

page 1a

STATE OF CALIFORNIA    4-222L    INMATE REQUEST FOR INTERVIEW    DEPARTMENT OF CORRECTIONS
GA-22 (9/92)

| DATE | TO | FROM (LAST NAME) | CDC NUMBER |
|---|---|---|---|
| 2-6-07 | Taylor E13981 | A clinic RN | |

| HOUSING | BED NUMBER | WORK ASSIGNMENT | JOB NUMBER FROM / TO |
|---|---|---|---|

| OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.) | ASSIGNMENT HOURS FROM / TO |
|---|---|

Clearly state your reason for requesting this interview.
You will be called in for interview in the near future if the matter cannot be handled by correspondence.

I spoke to Ms Skinner, she wants to get new xrays on your feet so she can compare with the previous ones. That will delay for visit with her, but you will receive the follow up visit. Elliott RN

INTERVIEWED BY                                                                                      DATE

DISPOSITION

Exhibit C

Visit Start Dt/Tm: 09-27-2006 1030    Encounter: SPECIALTY CLINIC

Visit Reason: MED APPEAL-ADA

## Subjective

Entry Date: 09-27-2006 1414          Entered By: MPIMSMCS, SAYRE, MD

Updated Date: 09-27-2006 1434        Updated By: MPIMSMCS, SAYRE, MD

Here in Specialty Clinic to resolve an ADA/complaint issue surrounding the use of special boots. He is a recent arrival who came from another prison with non-state boots and an insert for those boots that had a metal rod as part of the construction. Those inserts were taken by custody as a security issue until such time as the ADA matter could be resolved. The inmate demanded an additional accomodation of special protective housing because he "could not defend himself" because of alleged immobility issues without the inserts. Until such time as the entire matter could be reviewed, he was housed in Ad Seg

The inmates tells a history of a MVA at age 15 and subsequent pain in the bottom of his feet since that time. He states there were broken bones in the left foot, and needed to relearn how to walk. The record mentions in places the consideration that the feet were deformed. He reports that no treatment or medication works other than the provided inserts. He reports no other history of injuries or medical problems. There are no other lower extremity problems or issues other than the noted history of foot injury at 15 years of age.

Exhibit B

## Objective

### Other

Name: ADA examination of both feet

Provider: SAYRE, MD, MICHAEL              Other Dt/Tm: 09-27-2006 1435

Notes:

---

PHYSICIAN'S PROGRESS NOTES

CDC #: E13981

Name(L.F.M.S): TAYLOR, TRACY, LEE