# EXHIBIT I

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region    Log No.    Category **8/9**

PBSP    1. IA-18-2007-11182    *wants different insoles/ Boots*
2.    2.

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME Tracy Taylor | NUMBER E-18981 | ASSIGNMENT | UNIT/ROOM NUMBER A5-120 |
|---|---|---|---|

A. Describe Problem: Doctor Michael Sayre recommended a treatment of insoles to be worn in state shoes. This treatment is causing my condition to worsen and my pain is increasing. I have outcome data that shows in 2001 doctor Thor tried the treatment of insoles in state shoes (see Exhibit- H). my condition had worsen to such a degree and unnecessary and wanton pain was inflicted that on 2-7-07 the treatment was rescinded and my original treatment reinstituted (see Exhibit- Z). When you compare doctor Sayre treatment (see- Exhibit- G) to doctor Thor treatment (Exhibit- H) it is identicle treatment. ~~I have~~ This is outcome data and not my personal opinion. I have deformity of feet. Hallux valgus hammer toes and degenerative spurring of the tibia, talus, navicular and calcaneus diagnosised by

If you need more space, attach one additional sheet.

B. Action Requested: ~~Med.~~ Memorandum or mod. order instructing Pelican Bay State Prison to rescind treatment of insoles to be worn in state shoes. and personal boots and arch supports reinstated for treatment. Initial health care appliance to be sent by Taylor occupational therapist MS. McDowell and all other health care appliance (personal boots and arch supports) to be sent from a vender of Taylor E-18981 choice as allowed per title 15 § 3358 (C) to be sent medical department.

Inmate/Parolee Signature: _____    Date Submitted: 8-28-07

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

BYPASS

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASS

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

S/O
AUG 2 8 2007
RTN TO I/m

S/O
AUG 3 0 2007
RTN TO I/m

S/O
SEP 0 4 2007
RTN TO I/m

1ST
SEP 0 7 2007

2nd
OCT 17 2007

First Level:  ☐ Granted   ☐ P. Granted   ☒ Denied   ☐ Other

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _9-7-07_   Due Date: _10-22-07_

Interviewed by: _____

_See attached_
_response_

Staff Signature: _C. Govapd_   Title: _SSA_   Date Completed: _10/12/07_

Division Head Approved:
Signature: _MC Saey_   Title: _CMO_   Returned Date to Inmate: _OCT 15 2007_

F. If dissatisfied, explain reasons for requesting a Second Level Review and submit to institution or Parole Region Appeals Coordinator within 15 days of receipt of response: Doctor Sayre is a medical surgeon and Ms Skinner is a Family Nurse Practioner Neither one is a license podiatrist, Neurologist, or Orthopedist. I have been examined before by licensed podiatrist (ex-L) The treatment of insoles is causing me unnecessary and wonton infliction of pain. Doctor Sayre treatment (ex-G) is the very same treatment once used by Doctor Thor (ex-H) and because I was suffering unnecessary pain risd Doctor Thor revered that treatment (ex-I). This is documented evidence, and I'm entitled to treatment that works

Signature: _____   Date Submitted: _Oct 16 2007_

Second Level:  ☒ Granted   ☐ P. Granted   ☒ Denied   ☐ Other

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _10-17-07_   Due Date: _11-15-07_

☒ See Attached Letter

Signature: _____   Date Completed: _10-19-07_   OCT 22 2007

Warden/Superintendent Signature: _Jim McCary RN CMHCM_   Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response:

_____
_____
_____
_____
_____
_____

Signature: _____   Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:  ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other
☒ See Attached Letter   Date: _____

CDC 602 (12/87)

TAylor E-81
A5-120

9-2-07

**PELICAN BAY**
**G.P. UNIT A-5**

MR KRAVITZ. I removed exhibits A and D

as excess attachments. my other 6 attachments are essential to my appeal
and are not excesses.

Please process my appeal
Thank you.

Taylor E-13981
A5-120

9-6-07

mr. KraVitz on 8-28-07 you sent my 602 with a vague
instruction that I'm abusing the process, I sent it back to you asking you to explain
nd you sent it back on 8-30-07 instructing me to remove excess attachment. which was
a frivolous, and false reason. nevertheless I did as instructed and notes your telling me I have
failed to provide supporting evidence. Mr. Kravitz your giving me the run around and you are using
false reasons to mask your denying my right to appeal. Mr. Kravitz I already submitted a CDC 7362.
and RVN. Skinner scedual Schedule for me to get my feet X-raied to explain the increase in pain.
The laboratory Test results is your documentation of current condition.
          If your looking for some paperwork that says I'm in increase pain then it does
st exist. prison doctors do not have the epuipment for that. Mr. Kravitz the purpose of the 602 is
s bring attention to my condition so it can be resolved. Your Job is simply to process it.
ot to make a decision to deny processing my appeal. I'm in sever pain so please process my 602
ithout any ferther made up impediment. If your refusing to process my appeal for your own
ecsonal reasons then please be man enough to say so. so that I may take the next step.

CDC Form 695

## INMATE/PAROLEE APPEALS SCREENING FORM

Name: _Taylor_          Number: _E13981_          Housing: _A5  120_

### YOUR APPEAL IS BEING REJECTED/CANCELLED AND RETURNED FOR THE FOLLOWING:

Screening Appeals Rejection Criteria:

[ ] 1.  The resolution is not within CDC's jurisdiction. See CCR, Title 15, Sections 3084.2(e) and 3084.3(c)(1).

[ ] 2.  The appeal duplicates the inmates previous appeal. See CCR, Title 15, Section 3084.3(c)(2).
  [ ] (a) Your appeal has been screened out on _____ for _____.
  [ ] (b) Your appeal is being reviewed at the _____ Level, Log # _____.
  [ ] (c) Your appeal has been completed at the _____ Level, Log # _____.

[ ] 3.  The appeal concerns an anticipated action or decision. See CCR, Title 15, Section 3084.3(c)(3).

[ ] 6.  The appeal exceeds the 15 working days time limit, and the inmate has failed to offer a credible explanation as to why he could/did not submit the appeal within the time limit. See CCR, Title 15, Sections 3084.2(c), 3084.3(c)(6), and 3084.6(c).

[✓] 8.  Abuse of the Appeal Process/Right to Appeal.
  [ ] (a) Excessive filings. Submission of more than one non-emergency appeal within a seven-calendar-day period is excessive. See CCR, Title 15, Section 3084.4(a).
  [ ] (b) Inappropriate statements. The Appeal contains false information, profanity, or obscene language. The appeal is rejected. See CCR, Title 15, Section 3084.4(b).
  [ ] (c) Excessive verbiage. Appeal cannot be understood or is obscured by pointless verbiage or voluminous, unrelated documentation. See CCR, Title 15, Section 3084.4(c).
    [✓] (1) Only allowed 1 added page, front and back, to describe the problem and action requested in Sections A and B, per CCR, Title 15, Section 3084.2(a)(1).
    [ ] (2) Only supporting documentation necessary to clarify appeal shall be attached to the appeal, per CCR, Title 15, Section 3084.2(a)(2).
  [ ] (d) Lack of cooperation. Appellant refused to cooperate and/or interview with the reviewer which has resulted in cancellation of the appeal, per CCR, Title 15, Section 3084.4(d).
    [ ] (1) Your appeal was screened out and returned to you with instructions:
      [ ]          [ ]          [ ]
  [ ] (e) Failed to reasonably demonstrate the decision, action, policy, or condition as having an adverse affect upon the inmate's welfare, per CCR, Title 15, Section 3084.1(a).
  [ ] (f) This is a request for information. It is not an appeal. Write a note (GA-22, Request For Interview form or CDC-7362, Medical Request form).

[ ] 9.  Cannot appeal on behalf of another inmate/person. See CCR, Title 15, Sections 3084.2(d) and 3084.3(c)(7).

[ ] 10.  Issue resolved at previous level of Appeal review. See CCR, Title 15, Sections 3084.3(c)(8) and 3084.4(d).

Comments: _8-30-07. I am sorry you are befuddled — you need to remove excess attachments._

J. J. KRAVITZ CC II
Medical Appeals Coordinator

_8-28-07_
Date

This screening decision may not be appealed unless you can support an argument that the above is inaccurate.
In such a case, please return this form to the Appeals Office with the necessary supporting information.

### PERMANENT APPEAL ATTACHMENT - DO NOT REMOVE

PBSP     (Rev.  11/06)     CCR 3084.3(d)     PBSP

a medical group employeed by the department in 2008 ( see Exhibit - L ) at SVSP. this was done to confirmed the diagnosis that was done on 4-19-01 at SVSP. Doctor Sayre misdiagnosis me as having faciatis and for my pain. Insteadrea of Provideing treatment based on the outcome data that personal arch supports and boots are effective medical care (as mandated by CCR § 3350 (a).) See Exhibit A.) doctor Sayre ignored the outcome data and forced a treatment on me that he knew would inflict unnecessar and wanton pain on me. In order to try an confirm his misdiagnosis of Plantar Faciaitis ( see Exhibit - D) Doctor Sayre had me see a physical Therapist, however on 12-12-06 The physical Therapist ( See Exhibit N), consist of two pages). Doctor Sayre still refused to reverse his treatment. my condition worsen and pain increased to such a degree that RN- Skinner scheduled me to see a radiologist whom on 8-2-07 confirmed that I have a large bone spur above my ankle and suffer from ~~traumatic~~ post-traumatic changes of ankle and hindfoot. (Exhibit-B) ~~this confirms~~, this confirm the diagnosis done by licensed specialist in podiatry and orthopedic. on 4-19-01 ; 8-2-08 at Salinas Valley State prisons ~~(x )~~ (Exhibit-L) ; on 12-12-06 at P.B.S.P.C ~~x~~ ( see ~~Exhibit~~ N.). and contradicts Doctor Sayre diagnosis of Plantar Faciaitis ( see Exhibit - D)

Doctor Sayre ignored state law that mandate services and treatment thats supported by outcome data as effective medical care. (Exhibit A). From 1991 thru 2006 the outcome data showed that personal arch supports and boots are effective medical care. Doctor Sayre ignored the outcome data that the treatment of insoles in state shoes was used ~~in~~ the past and rescined with personal boots and arch supports reinstaled ( see Exhibit - I.)

The purpose of this 602 is to receieve affective medical care. and to inform Warden Robert Horel ; Michael Sayre , M.D and each respondent that answers this 602 that if I'm not provided with adequate medical care and my old treatment is not instituted then I will file a 1983 civil law suit asking for 1,000,000 each from every one. my personal occupational Therapist, whom is documented as my personal phy sician has a mold of my feet and can send my personal arch supports and boots. immediatly.

I have been using Doctor Sayre treatment since 9-2-07 and my condition has gotten worse and my pain has increased. I'm entitled to adequate medical care. which I am being deprived of. The medical ~~documentution~~ documentation I have included in this 602 is the diagnosises and opinions of medical specialist. and not my opinion. my pain has continue to increase which is being caused by the use of doctor Sayre medical treatment and me being denied treatment that works

Continue on Back.

Petitioner has been documented as needing to wear personal arch supports and boots to eliminate chronic and substantial pain in my feet Doctor Sayre recognized that failure to treat my condition would result in further unnecessary and wanton infliction of pain, [see physician progress notes, dated 9-27-06 attached hereto as exhibit 1]. this establish petitioner injury, is objectively sufficiently serious. (Farmer v Brennan (1994) 511 U.S. 825, 834, citing Wilson v. Seiter (1991) 501 U.S. 294, 298.), Prison doctor's failure to treat petitioner condition is resulting in unnecessary and wanton infliction of pain.

Petitioner recognize that his mere allegation that the insoles Dr. Sayre prescribed are insufficient as a matter of law to establish deliberate indifference (Jackson v McIntosh (9th cir. 1996) 90 F 3d 330, 332, citing Sanchez v. Vild (9th cir. 1989) 891 F 2d 240, 242)

Doctor Sayre knew that petitioner were wearing ~~prescribe~~ medically prescribed orthopedic appliance (personal boots and arch supports) to eliminate chronic substantial pain in his feet, upon arrival to PBSP. [see physician progress notes, dated 9-27-06 attached hereto as exhibit 2]. Doctor Sayre also knew that there is in place a federal court order preventing the taking away of medically prescribed health appliance. (see copy of order, attached hereto as exhibit 3) Doctor Sayre furthermore knew that departmental policy when it came to providing medical services shall be based on medical necessity and supported by outcome data as effective medical care. (see copy of title 15, § 3350, attached hereto as exhibit 4), as a medical doctor, before seeing a patient, ~~It~~ is common practice for doctors to review the medical file of a patient before seeing that patient. therefore Doctor Sayre knew or should have known that on august 15, 2001, prison doctor Thor had taken petitioner boots and arch supports and prescribed insoles in state shoes. (ex- H), and that because that action caused petitioner unnecessary and wanton infliction of pain the treatment was reversed and personal arch supports and boots was re instated (ex-I), therefore the course of treatment ~~Doctor~~ of insoles in state shoes made by Doctor Sayre, in light of the above mention facts clearly shows the course of treatment Doctor Sayre took. of insoles in state shoes was medically unacceptable under the circumstances mentioned above, and that the course was chosen by Doctor Sayre in conscious disregard of an excessive risk to petitioner health, which ~~violates~~ meet the standard set in (Franklin v oregon (9th cir. 1981) 662 F 2d 1837, 1354.

## FIRST LEVEL SUPPLEMENTAL PAGE
First Level Reviewer's Response

**RE:**   PELICAN BAY STATE PRISON
Appeal Log #: PBSP-IA-18-2007-11182
Inmate Name: TAYLOR, E13981

**APPEAL DECISION**: DENIED.

**APPEAL ISSUE**: You filed this CDC 602 on August 28, 2007, requesting a *"Memorandum or mod order instructing Pelican Bay State Prison to rescind treatment of insoles to be worn in state shoes, and personal boots and arch supports reinstated for treatment.  Initial health care appliance to be sent by Taylor occupational therapist Ms. McDowell and all other health care appliance (personal boots and arch supports) to be sent from a vendor of Taylor E13981 choice as allowed per Title 15 Section 3358(c) to be sent to medical department."*

**FINDINGS:**   Your appeal with the attachments and your requested action has received careful consideration.  Cynthia Gorospe, Health Care Appeals Coordinator, conducted the First Level Appeal Review on October 12, 2007.

You were interviewed by C. Skinner, FNP on October 10, 2007.  You indicated to FNP Skinner that the insoles provided for you have made your plantar fasciitis and pain worse.  You state you have had plantar fasciitis for 21 years.  You request to see a podiatrist to recommend a different treatment.  You had custom made molded insoles with arch supports at Folsom State Prison, but they were confiscated on arrival at Pelican Bay State Prison due to security issues.  You state you have not been doing any strenuous activities and hardly any exercise at all because "pain is intolerable."  You state your pain is worse in the mornings.  You also relate a history of a motor vehicle accident in 1984 or 1985 which injured both of your feet and you believe this is what caused your bilateral foot pain.  You have been using Ibuprofen 400mg twice a day which you state helps a little.  It is FNP Skinner's impression that your bilateral foot pain is most likely due to post-traumatic arthritis with spurring.  You were advised to continue taking Ibuprofen 400 mg, but increase to taking it three times a day, or take 800mg after meals to relieve pain in the a.m.  You complained of pain with palpation of bilateral fascia, but plantar fasciitis does not last 21 years.  FNP Skinner indicated that your current state insoles should be adequate and you should follow-up in the clinic, as needed.

**DETERMINATION OF ISSUE:**  A thorough review of your request presented in this complaint has been completed.  Based on this review, the action requested to resolve the appeal is denied.


_C. Gorospe_                    10/12/07
C. GOROSPE                      Date
Health Care Appeals Coordinator

_M. Sayre_                    10/12/07
M. SAYRE, M.D.                Date
Chief Medical Officer

SECOND LEVEL APPEAL RESPONSE



<u>RE:</u>    PELICAN BAY STATE PRISON
         Appeal Log: PBSP-IA-18-2007-11182
         Inmate: TAYLOR E13981

Maureen McLean, FNP, Health Care Manager at Pelican Bay State Prison, (PBSP) reviewed this matter. Joseph Kravitz, Correctional Counselor II, conducted the Appeal at the Second Level of Review on October 19, 2007.

**APPEAL ISSUE:** You filed this CDC 602 on August 28, 2007, requesting a *"Memorandum or mod order instructing Pelican Bay State Prison to rescind treatment of insoles to be worn in state shoes, and personal boots and arch supports reinstated for treatment. Initial health care appliance to be sent by Taylor occupational therapist Ms. McDowell and all other health care appliance (personal boots and arch supports) to be sent from a vendor of Taylor E13981 choice as allowed per Title 15 Section 3358(c) to be sent to medical department."*

Your appeal with the attachments and your requested action has received careful consideration. Cynthia Gorospe, Health Care Appeals Coordinator, conducted the First Level Appeal Review on October 12, 2007. C. Skinner, FNP on October 10, 2007, interviewed you. You indicated to FNP Skinner that the insoles provided for you have made your plantar fasciitis and pain worse. You state you have had plantar fasciitis for 21 years. You request to see a podiatrist to recommend a different treatment. You had custom made molded insoles with arch supports at Folsom State Prison, but they were confiscated on arrival at Pelican Bay State Prison due to security issues. You state you have not been doing any strenuous activities and hardly any exercise at all because "pain is intolerable." You state your pain is worse in the mornings. You also relate a history of a motor vehicle accident in 1984 or 1985 that injured both of your feet and you believe this is what caused your bilateral foot pain. You have been using Ibuprofen 400mg twice a day, which you state, helps a little. It is FNP Skinner's impression that your bilateral foot pain is most likely due to post-traumatic arthritis with spurring. You were advised to continue taking Ibuprofen 400 mg, but increase to taking it three times a day, or take 800mg after meals to relieve pain in the a.m. You complained of pain with palpation of bilateral fascia, but plantar fasciitis does not last 21 years. FNP Skinner indicated that your current state insoles should be adequate and you should follow-up in the clinic, as needed.

**FINDINGS:** A review of your appeal, including staff's efforts to resolve the appeal at the informal level and at the first formal level, together with your responses, has been completed. All submitted documentation and supporting arguments of the appellant have been considered. I, M. McLean, FNP, Health Care Manager, was assigned to investigate your allegations. J. Kravitz, CC II, reviewed your appeal and responses on October 19, 2007. You requested a second level review of this appeal on October 16, 2007. S. Skinner, FNP examined and interviewed you for this appeal on October 10, 2007. S. Skinner concluded that the state insoles you are currently using are sufficient and did not recommend any changes. Per Title 15 Article 8, Medical and Dental Services section 3350, Provision of Medical Care and Definitions subsection (a) The department shall only provide medical services for inmates, which are based on medical necessity and supported by outcome data as effective medical care. The second level reviewers have reviewed your medical case factors and concluded that the opinion provided by your primary care provider is reasonable and was made after a complete examination of your feet and review of your medical record. Based on the aforementioned your request to have the memorandum as noted above issued is denied. The appellant must remember that pursuant to the California Code of Regulations, Title 15, Section (CCR) 3354, it is inappropriate for the appellant to demand his own health care intervention. This is the responsibility of your primary care provider, who will determine those interventions that are medically necessary. This concludes the review of this appeal at the second level.

PBSP-IA-18-2007-11182
TAYLOR E13981
Page 2

A review of the Pelican Bay State Prison (PBSP) list for inmates with Test of Adult Basic Education Reading Scores of 4.0 or less indicates your Reading Grade Point Level (RGPL) is above 4.0. A review of the PBSP "Assistive Device List" reveals you do not require special accommodation to achieve effective communication.

**DECISION:** The Appeal is denied.

The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.

JOSEPH KRAVITZ          Date          FOR MAUREEN MCLEAN, FNP    Date
Correctional Counselor II                    Health Care Manager