EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
ROCHELLE C. EAST
Acting Senior Assistant Attorney General
JONATHAN L. WOLFF
Supervising Deputy Attorney General
DANIELLE F. O'BANNON, State Bar No. 207095
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 703-5735
  Fax: (415) 703-5843
  Email: Danielle.OBannon@doj.ca.gov

Attorneys for Defendants Sayre and Horel

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TRACY TAYLOR,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>ROBERT HOREL, et al.,<br><br>　　　　　　　　　　　Defendants. | C 07-5295 MHP<br><br>**DEFENDANTS' NOTICE OF MOTION TO STAY DISCOVERY PENDING RULING ON MOTION TO DISMISS** |

TO TRACY TAYLOR IN PRO PER:

　　PLEASE TAKE NOTICE THAT Defendants Horel and Sayre move this Court to stay discovery pending a ruling on Defendants' Motion to Dismiss this 42 U.S.C. § 1983 action.

### MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

　　This is a civil-rights lawsuit filed by a state prisoner, Tracy Taylor (Plaintiff). Plaintiff sued Defendants Horel and Sayre for violating his Eighth Amendment rights for their alleged deliberate indifference to his serious medical needs. Plaintiff filed his Complaint in this case on October 17, 2007. (Compl.) The Court screened the Complaint under 28 U.S.C. § 1915A, and

Defs.' Not. of Mot. & Mot. to Stay Discovery　　　　　　　　　　　　　　　　T. Taylor v. R. Horel, et al.
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　C 07-5295 MHP

1

liberally construed, found a cognizable claim against Defendants Sayre and Horel for violating Plaintiff's Eighth Amendment rights by acting with deliberate indifference to his serious medical needs. The Court dismissed Defendant Higgins because no allegations were made against him and was apparently included as a defendant because he was in charge of the prison system. (Order of Service at 2.)

On June 30, 2008, Plaintiff served Defendant Horel with Plaintiff's First Set of Interrogatories, a Request for Inspection of Property, and a Request for Admissions. (Decl. O'Bannon ¶ 2.) On July 14, 2008, Defendant Horel served Plaintiff with his Objections to Plaintiff's Request for Inspection of Property. (Decl. O'Bannon ¶ 3.)

Concurrently with this motion, Defendants are filing a Motion to Dismiss this 1983 action for: (1) failure to exhaust administrative remedies under the non-enumerated portion of Rule 12(b) of the Federal Rules of Civil Procedure, as mandated by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a); (2) for failure to state a claim; and Rule 12(b)(6), and (3) on the ground that they are entitled to qualified immunity. (Defs.' Not. Mot. & Mot. to Dismiss.)

## ARGUMENT

**DISCOVERY IN THIS CASE SHOULD BE STAYED PENDING A RULING ON THE THRESHOLD QUESTION OF QUALIFIED IMMUNITY.**

The Supreme Court has made it clear that a district court should stay discovery until the threshold question of qualified immunity is settled *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("If the defendant does plead the immunity defense, the district court should resolve that threshold question before permitting discovery."); *see also Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987) (denial of discovery is appropriate on qualified immunity issue where action alleged by plaintiff are such that a reasonable officer could have believed they were lawful.); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("until th[e] threshold immunity question is resolved, discovery should not be allowed.") In *Anderson*, the Court reiterated that "[o]ne of the purposes of the *Harlow* qualified immunity standard is to protect public officials from the broad-ranging discovery that can be peculiarly disruptive of effective government." *Anderson*, 483 U.S. at 646 (internal quotation marks omitted).


According to the Ninth Circuit, the "district court has wide discretion in controlling discovery. *Little v. city of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (holding that the district court did not abuse its discretion in staying discovery until the issue of immunity was decided). Further, a court may stay discovery while a motion is pending. *See Moore v. Bd. Trustees of Yakima County Library*, 268 Fed.Appx. 669, 671 (9th Cir. 2008) (holding that "the district court did not abuse its discretion by ruling on the motion to dismiss before discovery was completed because discovery could not have affected the ruling on the pleadings).

Plaintiff has recently propounded discovery on Defendant Horel. To require Defendant Horel to respond to Plaintiff's discovery at this time would defeat the important basis of the qualified immunity standard. A stay in discovery would allow for the issue of qualified immunity to be disposed of before Defendants are required to respond to the current discovery or any additional discovery. Plaintiff will not be prejudiced by a stay because it is not necessary for Plaintiff to conduct discovery on the issues raised in Defendants' Motion to Dismiss. Moreover, a discovery stay will not interfere with the decision on Defendants' Motion to Dismiss.

## CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court grant their motion to stay discovery, including any discovery motion, pending the Court's ruling on Defendants' Motion to Dismissed on the issue of qualified immunity. If the Court denies this motion, Defendants respectfully request that the Court grant Defendants thirty days from the date of the Court's order to respond to any

///

///

///

Defs.' Not. of Mot. & Mot. to Stay Discovery                                T. Taylor v. R. Horel, et al.
C 07-5295 MHP

3

1  outstanding discovery requests.

2

3        Dated: July 23, 2008

4                        Respectfully submitted,

5                        EDMUND G. BROWN JR.
                         Attorney General of the State of California

6                        DAVID S. CHANEY
                         Chief Assistant Attorney General
7
                         ROCHELLE C. EAST
8                        Acting Senior Assistant Attorney General

                         JONATHAN L. WOLFF
9                        Supervising Deputy Attorney General

10

11

12                       /s/ Danielle F. O'Bannon

13                       DANIELLE F. O'BANNON
                         Deputy Attorney General
                         Attorneys for Defendants Sayre and Horel
14

15
   20122480.wpd
16 SF2008200088

17

18

19

20

21

22

23

24

25

26

27

28

Defs.' Not. of Mot. & Mot. to Stay Discovery                T. Taylor v. R. Horel, et al.
                                                                            C 07-5295 MHP

4

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:  *Tracy Taylor v. R. Horel, et al.*

No.:  U.S.D.C., N.D., San Francisco Div., C 07-5295 MHP

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **July 23, 2008**, I served the attached

1. DEFENDANTS' NOTICE OF MOTION TO STAY DISCOVERY PENDING RULING ON MOTION TO DISMISS
2. DECLARATION OF DANIELLE F. O'BANNON IN SUPPORT OF DEFENDANTS' MOTION TO STAY DISCOVERY
3. [PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR STAY OF DISCOVERY

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Tracy Lee Taylor, E-13981**
**Pelican Bay State Prison**
**P.O. Box 7500**
**Crescent City, CA 95532**
*Pro Per*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **July 23, 2008**, at San Francisco, California.

J. Baker
Declarant

/s/ J. Baker
Signature

20126977.wpd