1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DAVID S. CHANEY
Chief Assistant Attorney General
3 | ROCHELLE C. EAST
Acting Senior Assistant Attorney General
4 | JONATHAN L. WOLFF
Supervising Deputy Attorney General
5 | DANIELLE F. O'BANNON, State Bar No. 207095
Deputy Attorney General
6 | 455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
7 | Telephone: (415) 703-5735
Fax: (415) 703-5843
8 | Email: Danielle.OBannon@doj.ca.gov

9 | Attorneys for Defendants Sayre and Horel

10

11 | IN THE UNITED STATES DISTRICT COURT

12 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

13 | SAN FRANCISCO DIVISION

14

15 | **TRACY TAYLOR,**                                    C 07-5295 M.P.

16 |                                    Plaintiff,    **DEFENDANTS' OPPOSITION TO PLAINTIFF'S AFFIDAVITS FOR ENTRY OF DEFAULT**

17 |              v.

18 | **ROBERT HOREL, et al.,**

19 |                                    Defendants.

20 | Defendants' Sayre and Horel submit their opposition to Plaintiff's Affidavits for Entry of

21 | Default.

22 | **PROCEDURAL HISTORY**

23 | Plaintiff filed his Complaint in this case on October 17, 2007. (Docket No. 1.) On March

24 | 13, 2008, this Court issued on Order of Service finding that Plaintiff stated a cognizable § 1983

25 | claim against Defendants Sayre and Horel for deliberate indifference to his serious medical needs

26 | in violation of his Eighth Amendment rights. (Order of Service at 2.) The order instructed the

27 | clerk to issue a summons and the United States Marshals Service to serve a copy of the complaint

28 | and the Court's order upon Defendants Sayre and Horel. (*Id.*) The order also instructed the

Defs.' Opp. Pl.'s Req. Default                                    T. Taylor v. R. Horel, et al.
                                                                  C 07-5295 MHP

1  Defendants to file and serve a motion for summary judgment or other dispositive motion no later

2  than June 6, 2008.  (*Id.*)

3      On June 5, 2008, the Litigation Coordinator at the Pelican Bay State Prison received

4  summonses and complaints via U.S. Mail from the U.S. Marshals Service for Defendants Horel

5  and Sayre.  (Decl. O'Bannon Supp. Mot. Ex. Time ¶ 3(a).)  On June 13, 2008, the Attorney

6  General's Office received this case and the case was assigned to Deputy Attorney General

7  Danielle F. O'Bannon on June 18, 2008.  (*Id.* ¶ 3(b-c).)

8      On June 19, 2008, Defendants filed an ex parte request for an extension of time requesting a

9  sixty-day extension, up to and including August 18, 2008, to file a motion for summary judgment

10  or other dispositive motion.  (Docket No. 11.)  On June 20, 2008, Plaintiff filed an affidavit for

11  entry of default.  (Docket No. 14.)

12      Defendants filed a motion to dismiss on July 23, 2008.  (Docket No. 18.)  Plaintiff filed his

13  second affidavit for entry of default on July 25, 2008.  (Docket No. 26.)

14      Defendants now submit this Opposition to Plaintiff's affidavits for entry of default.

15  **ARGUMENT**

16  **I.**

17  **DEFENDANTS ARE NOT CONSIDERED TO BE IN DEFAULT BECAUSE**
    **DEFENDANTS MADE AN APPEARANCE BEFORE PLAINTIFF FILED HIS**
18  **REQUEST FOR ENTRY OF DEFAULT.**

19      Defaults are controlled by Federal Rules of Civil Procedure 55.  The pertinent part of the

20  rule is as follows:

21          When a party against whom a judgment for affirmative relief is sought has
            failed to plead or otherwise defend as provided by these rules and that fact is
22          made to appear by affidavit or otherwise, the clerk shall enter his default.

23      No default can be entered if a defendant has filed a response indicating its intent to defend

24  the action.  *Direct Mail Specialists, Inc. v. Eclat Computerized Tech., Inc.*, 840 F.2d 685, 68 (9th

25  Cir. 1988.)  An answer or a motion may indicate an intent to defend the action and thus will

26  prevent entry of default.  *Ashby v. McKenna*, 331 F.3d 1148, 1152 (10th Cir. 2003) (no default

27  could be entered while motion to dismiss pending).  A party in default shall serve and file his

28  appearance, motion, pleading, or proceeding before Plaintiff's application to the clerk for default,

Defs.' Opp. Pl.'s Req. Default                                      T. Taylor v. R. Horel, et al.
                                                                    C 07-5295 MHP

1  then such defaulting party shall not thereafter be considered in default as to that particular

2  appearance. *Direct Mail Specialists, Inc.*, 8840 F.2d at 689.  Even a late-filed responsive

3  pleading prevents entry of default.  *Chevalier v. Sutter Hotel*, 2008 WL 618919 (N.D. Cal. 2008),

4  *citing, Mitchell v. Brown & Willamson Tobacco Corp.*, 294 F.3d 1309, 1317 (11th Cir. 2002)

5  (request for entry of default refused where motion to dismiss filed a short time after deadline for

6  response pleading).

7       Here, Defendants made their first appearance when they filed their ex parte request for an

8  extension of time to respond to Plaintiff's complaint.  (Docket No. 11.)  After Defendants filed

9  their appearance, Plaintiff filed his first affidavit for request for Entry of Default.  (Docket No.

10  14.)  In Defendants' request for extension of time, they requested sixty-days, up to and including

11  August 18, 2008, to file a responsive pleading.  (Docket No. 11.)  Thus, Plaintiff could not move

12  for default until after that date.  However, Defendants filed their responsive pleading on July 23,

13  2008.  (Docket No. 18.)  Defendants' motion to dismiss was filed three weeks before the

14  expiration of time and was thus timely.  (*Id.*)  However, two days after Defendants filed their

15  motion to dismiss, Plaintiff filed his second affidavit for request for entry of default.  (Docket

16  No. 26.)  Plaintiff's second affidavit was filed unnecessarily because Defendants timely filed

17  their responsive pleading before the expiration of time requested in their first appearance.

18  Because, Defendants made an appearance in this case before both affidavits for entry of default,

19  Plaintiff's affidavits are void and his request should be denied.

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

Defs.' Opp. Pl.'s Req. Default                                    T. Taylor v. R. Horel, et al.
                                                                          C 07-5295 MHP

1

## CONCLUSION

2    For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's

3    Request for Default.

4

5    Dated: July 30, 2008

6                                        Respectfully submitted,

7                                        EDMUND G. BROWN JR.
                                         Attorney General of the State of California
8
                                         DAVID S. CHANEY
9                                        Chief Assistant Attorney General

                                         ROCHELLE C. EAST
10                                       Acting Senior Assistant Attorney General

11                                       JONATHAN L. WOLFF
                                         Supervising Deputy Attorney General
12

13

14

                                         DANIELLE F. O'BANNON
15                                       Deputy Attorney General
                                         Attorneys for Defendants
16                                       Sayre and Horel

17

18    20129250.wpd
      SF2008200088
19

20

21

22

23

24

25

26

27

28

Defs.' Opp. Pl.'s Req. Default                                    T. Taylor v. R. Horel, et al.
                                                                         C 07-5295 MHP

4

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    *Tracy Taylor v. R. Horel, et al.*

No.:    **U.S.D.C., N.D., San Francisco Div., C 07-5295 MHP**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **July 31, 2008**, I served the attached

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S
### AFFIDAVITS FOR ENTRY OF DEFAULT

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Tracy Lee Taylor, E-13981**
**Pelican Bay State Prison**
**P.O. Box 7500**
**Crescent City, CA 95532**
*Pro Per*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **July 31, 2008**, at San Francisco, California.

_____
J. Baker
Declarant

_____
Signature

20129504.wpd