T. Tracy Lee Taylor E-13981
P.O. Box 7000
Crescent City CA 95532

Filed

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

Tracy Lee Taylor
Plaintiff

v.

Robert Horel, et al
Defendants

Civil Action No. CV 07 5295 MHP

MEMORADUM IN OPPOSITION TO
THE DEFENDANTS MOTION TO DISMISS

PLAINTIFF RESPONSE TO DEFENDANT
MOTION TO DISMISS

Plaintiff submit's this response to defendants motion to dismiss. Defendants seek's dismissal based on A. Failure to exhaust administrative remedies; B. failure to state a claim; C. Qualified Immunity, and D. Equitable Relief. Plaintiff disagree with each and every claim by defendants. also plaintiff disagree with each and every allegation, ommission, and statements made in each of the defendant's claim's unless specifically stated otherwise by plaintiff in this memorandum in opposition to the defendants motion to dismiss.

I. Plaintiff exhausted his administrative remedies. Plaintiff filed his 42 U.S.C. §§ 1983 seeking injuctive relief on October 12, 2007. Plaintiff made no claim for damages. Plaintiff is wholly ignorant in any kind of litigation and upon of confiscation of his medical appliance plaintiff filed an inmate appeal's grievance known throughout the Department of Correction's and Rehabilitation (DOCR) and henseforth as a 602, seeking to receive back his medical appliance that was confiscated (PBSP-A06-02792 see exhibit-C of defendants motion to dismiss, declaration by C. Wilber) exhaustion occurred on April 29, 2007 in this appeal plaintiff medical appliance was destroied. On October 3, 2006 Plaintiff filed a 602 against Defendant Sayre (see defendant motion to dismiss, declaration of C. Wilber at exhibit-E.) this 602 based on defendant Sayre conduct and deliberate indifference to a serious medical need was canceled by the Director level of the 602

on grounds that it was a duplicate to IAB Case Numbers 0608840 and 0609197. Plaintiff at the time was experiencing substantial infliction of wanton pain and felt he had nowhere to turn and was contemplating suicide in order to escape the pain he was enduring and in a last desperate attempt to seek help plaintiff filed his complaint seeking injunctive relief, as allowed under Jackson v District of Columbia, 254 F.3d 262-68 (D.C. Cir. 2001).

II. Plaintiff agree with defendants that plaintiff complaint failed to state a claim as allege in B of defendants motion to dismiss.

III. Plaintiff disagree with defendants claim of qualified immunity as allege in defendant's motion to dismiss page 3, C. Qualified immunity shields officials from damages liability if existing case law did not clearly establish the right they allegedly violated Anderson v Creighton, 483 U.S. 635 640 (1987). The destruction of plaintiff medical appliance by defendant Horel interfered with an order by a doctor in violation of Estelle v Gamble 429 U.S. 97 (1976). Defendant also claim that defendant Sayre is entitled to qualified immunity because Defendant Sayre examination of plaintiff which determine that the appropriate treatment plan was insole in prison shoes, and also defendant Sayre is authorize to examine and provide a course of treatment. (see defendants motion to dismiss page 16 lines 14 through 18. Defendants own regulations for providing health care mandate that medical services shall be provided based on medical necessity and supported by outcome data and any treatment will be based on the judgment of the physician and supported by consultation with appropriate specialist. (title 15 § 3350 (a).) Defendant Sayre being a medical surgeon LeMarbe v Wisneski, 266 F.3d 429, 437-39 (6th Cir. 2001) thus defendants are not qualified immunity.

IV. Defendant's points out serious but correctable defects in plaintiff complaint, thus plaintiff ask the court grant Plaintiff leave to amend. Plaintiff has the right to amend complaint once for any reason, before the defendant file an answer, even after the defendant file a Rule 12(b) motion to dismiss Rule 15(a) Federal Rule of Civil Procedure.

CONCLUSION

For all of the above reason plaintiff should granted leave to amend.

Sincerly,

Tracy Taylor E-13981
B-Facility
P.O. Box 7000
Crescent City, CA 95532

Tracy Taylor E-13981
A5-124 Pelican Bay State Prison
P. O. Box 7500
Crescent City, Ca 95584

LEGAL MAIL

PELICAN BAY
G.P. UNIT

PELICAN BAY STATE PRISON
5905 Lake Earl Dr
Crescent City CA 95532

02 1M
0004217666
MAILED FROM ZIP CODE 95531
UNITED STATES POSTAGE
$ 00.59⁰
AUG 07 2008
PITNEY BOWES

Office of the Clerk, U.S. District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

INDIGENT ENV- ADEO

8-6-08