Tracy Lee Taylor

P.O. Box 700
Crescent City, Ca 95531.

FILED

08 AUG -6 PM 12: 27

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

Tracy Lee Taylor
    Plaintiff

        V

Noia Grannis, et al.,
    Defendants

Civil Action No. CV07 5295 MHP

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF MOTION FOR PRELIMINARY INJUNCTION

Plaintiff summit this memorandum of law in support of his motion for
temporary injunction.

In determining whether a preliminary injunction should issue, a court must
consider whether the party seeking the injunction should, or has demonstrated
that: (1) it has a reasonable likelihood of sucess on the merits of the underlying
claim; (2) no adequate remedy at law exist; (3) he/she will suffer irreparable
harm if the injunctive relief relief is denied; (4) the irreparable harm the
party will suffer without injunctive relief is greater than the harm the
opposing party will suffer if the temporary injunction is granted; and (5)
the temporary injunction will not harm the public interest. Ty. Inc. V.
Jones Group. Inc., 237 F.3d 891, 895 (7th Cir. 2001); Platinum Home
Mortgage Corp. V. Platinum Fin Group Inc., 149 F.3d 722, 726 (7th Cir
1998).

I. THERE IS REASONABLE LIKELIHOOD THAT PLAINTIFF
WILL SUCCEED ON THE MERITS IN THIS CASE.

In the Seventh Circuit, the threshold for showing a reasonable likelihood of success is low. Plaintiff need only demonstrate a "better than negligible chance of succeeding." Cooper V Salazar, 196 F.3d 809, 813 (7th Cir. 1999). Deliberate indifference may also exist if the official continues with course of treatment in face of resulting pain and risk of permanent injury, white V Napoleon, 897 F.2d 103, 109-11 (3d cir. 1990), also treatment that is so cursory as to amount to no treatment at all may violate the constitution. Ancata V Prison Health Servs. Inc 769 F.2d 700, 704 (11th Cir. (1985) Prison officials may not interfere with or fail to carry out treatment that a doctor or other medical official has prescribed or ordered for you. Estelle V Gamble, 429 U.S. at 104-105. Such conduct amounts to deliberate indifference. Ralston V McGovern, 167 F.3d 1160, 1161-62 (7th cir. 1999). Officials may not substitute their judgment for a medical professional's prescription or order (Id). In Jones V Simek, 193 F.3d 485, 490 (7th cir. 1999) a medical official who has also only general knowledge about a particular field of medicine may not substitute their judgment for that of a specialist.

Here, as plaintiff verified complaint shows, Plaintiff arrived at Pelican Bay State Prison from California State Prison (Sacramento) wearing his medical appliance on his feet, in which plaintiff had a valid chrono from a doctor that prescribed plaintiff wear his medical appliance, also there was and is in place a federal court order that was issued in the Armstrong remedial plan instructing prison officials to not take away a medically prescribed health care appliance from prisoners, and still officials took away the medical appliance. Prison officials destroyed plaintiff medical appliance based on their judgment that plaintiff failed to provide evidence demonstrating the need for his orthopedic book's; this was in spite of the chrono from a doctor prescribing plaintiff wear his medical appliance was attached to the appeal and in spite that prison official knew of the federal court order in the Armstrong remedial plan to not take away a medically prescribed health care appliance from prisoners. The Chief Medical Officer who as a medical surgeon has only general knowledge about podiatry substituted his judgment for that of a specialist.

Plaintiff has written letters to defendants letting them know that the treatment of insole's prescribed in substitute to his medical appliance was not working and that the pain plaintiff was enduring was increasing and his condition was worsening. Nevertheless defendants failed to respond reasonably, even when doctor's recommend that plaintiff be seen by an orthopedic doctor, the Chief medical officer refused to respond reasonably. Their actions amounts to deliberate indifference, in violation of plaintiff rights under the Eighth Amendment. Plaintiff is therefore likely to succeed on the merits in this case.

## PLAINTIFF FACE A SUBSTANTIAL THREAT OF IRREPARABLE HARM.

Irreparable harm will result unless an injunction is granted in this case. As a result of being denied adequate medical care. Plaintiff have suffered and continue to suffer substantial and wanton inflection of unnecessary pain, which could have been avoided if defendant would have even followed their own rules to provide medical services for prisoner based on medical necessity and supported by outcome data as effective medical care. California Code of Regulation, title 15 X 3350 (a). Provision of medical care and Definitions. Plaintiff Taylor suffers substantial and cronic pain in his feet. Plaintiff Taylor has experienced an increase in pain and has suffered, back pain, pain in leg's which has become smaller in size due to he not being able to stand on his feet for any duration of time. Taylor has submitted numberous health care service request form's and Inmate request for interview from April 12, 2008 through July 6, 2008 and has just seen a prison doctor on July 22, 2008 who upon reviewing plaintiff medical records have informed Taylor that x-rays that was taken of his feet on August 2,2007 revealed that Taylor condition has worsen and he has developed mild arthritis in his toes.

Any remedy at law for plaintiff injury would be inadequate The Seventh Circuit has explained that in the context of a motion for injunction, the term "inadequate" does not mean 'wholly ineffectual' but rather "seriously deficient as a remedy for the harm suffered." Roland Mach, Co -v- Dresser Indus, Inc., 749 F 2d 380, 386 (7th Cir. 1984). Here, any after-the-fact remedy for the serious injuries that the plaintiff is now suffering would be seriously deficient. See Jolly v. Coughlin, 76 F.3d 468, 482 (2d Cir. 1996) (Finding that plaintiff has sustained irreparable harm "that cannot be adequately compensated monetarily" as a result of being denied adequate medical care.) Federal statues and case law restrict the availability of damages to prisoners in civil rights suits. Damages for the adverse effects of a denial of adequate medical care are difficult to quantify and win at trial particularly when the plaintiff is unrepresented by counsel. Preliminary injunctive relief is appropriate to correct this ongoing constitutional violation.

3

III

## THE THREATENED HARM TO PLAINTIFF OUTWEIGHS ANY HARM THAT THE INJUNTION MAY CAUSE DEFENDANTS

The threat of harm to plaintiff outweighs any harm that might result to defendants by a preliminary injunction. As this memorandum has explained, plaintiff is suffering ongoing substantial risk of serious harm. Presently plaintiff an African American prisoner is currently housed at Pelican Bay State Prison. were the white prisoners are attacking and stabbing the Black prisoners. plaintiff can not even defend himself. The relief that plaintiff seeks is essentially an order compelling defendants to perform their preexisting duties under the United States Constitution. See: Farmer V. Brennam 511 U.S. 825 (1994) at 832-33, The proposed relief is narrowly tailored to remedy the ongoing violation of plaintiff constitutional rights and to prevent the occurance of irreparable harm from progressing any futher then it has already done. Plaintiff need's the medical appliance to stop the progression of arthritis in his toes before the progression Reach a point plaintiff become cripple and unable to walk at all without constant and substantial pain.

IV

## THE PUBLIC INTEREST WILL NOT BE DISSERVED BY A GRANT OF PRELIMINARY INJUNCTION.

Finally, plaintiff seek a preliminary injunction to protect his rights under the Eighth Amendment. As a General matter, the "public interest... is always served by protecting the constitutional rights of all its members." Reinert V. Haas, 585 F. Supp. 477, 481 (S.D. Iowa 1984). See also Spartacus Youth League V. Board of Trustee, 502 F. Supp. 789, 804 (N.D. Ill. 1980) (finding that the ultimate public interest lies in the protection of the constitutional rights which plaintiff assert) The public interest is not served by defendants current practice of denial of plaintiff of Adequate medical care, and allowing his arthritis to progress further.

## CONCLUSION

For these reasons, plaintiff ask this court to order defendants, their successors, agents, employees. and all persons acting in concert with them to allow plaintiff occupational Therapist to send via first class mail two pair of Arch supports and boot's. no color black. mailed directly to the facility clinic which upon receipt shall immediatly issue everything to Plaintiff.

4

Respectfully Submitted this 28 th day of July of 2008

Tracy Taylor

CHAMBERS

1  **COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983**

2

3  Name  Taylor        Tracy          L-

4      (Last)          (First)        (Initial)

5  Prisoner Number  E-13981

6  Institutional Address  B- Facility, P.o. Box 7000; Pelican Bay State

7  Prison; Crescent City, Ca 95522.

8  ================================================================

9  **UNITED STATES DISTRICT COURT**
   **NORTHERN DISTRICT OF CALIFORNIA**

10  Tracy Lee Taylor

11  (Enter the full name of plaintiff in this action.)

12          vs.         Case No.  CV 07 5295 MHP
                          (To be provided by the clerk of court)

13  N. Grannis, Chief inmate appeals Branch;

14  Robert Horel, Warden of Pelican Bay State Prison)    **COMPLAINT UNDER THE**
    **CIVIL RIGHTS ACT,**
    **42 U.S.C §§ 1983**

15  Michael Sayre, Chief Medical Doctor, of

16  Pelican Bay State Prison

17  (Enter the full name of the defendant(s) in this action))

18  *[All questions on this complaint form must be answered in order for your action to proceed..]*

19  I.    Exhaustion of Administrative Remedies

20      [**Note:** You must exhaust your administrative remedies before your claim can go

21      forward. The court will dismiss any unexhausted claims.]

22      A.    Place of present confinement  Pelican Bay State Prison

23      B.    Is there a grievance procedure in this institution?

24             YES (X)    NO ( )

25      C.    Did you present the facts in your complaint for review through the grievance

26      procedure?

27             YES(X)    NO ( )

28      D.    If your answer is YES, list the appeal number and the date and result of the

COMPLAINT            - 1 -

appeal at each level of review.  If you did not pursue a certain level of appeal,
explain why.  *PBSP-07-11182*
*PBSP-A06-02792*

1. Informal appeal _____ By-Passed

_____

_____ 2. First
formal level *PBSP-07-11182- denied*
*PBSP-A06-02792 - denied*

_____

3. Second formal level *PBSP-07-11182- Denied*
*PBSP-A06-02792 - Denied and destroyed my medically*
prescribed personal boots and arch supports. / warden Horel
destroyed my medical appliance. _____ 4 Third
formal level *PBSP-07-11182- Denied*
*PBSP-A06-02792- granted in part, and ordered Pelican*
Bay to issue the insoles to me for free.

_____

E.    Is the last level to which you appealed the highest level of appeal available to

you?

        YES (X)      NO ( )

F.    If you did not present your claim for review through the grievance procedure,

explain why._____

_____

_____

II.    Parties

A.    Write your name and your present address.  Do the same for additional plaintiffs,

        if any.

Tracy Lee Taylor E-13981 _____

B-Facility : P.o. Box 7000 _____

Crescent City, Ca 95532 _____

B.    Write the full name of each defendant, his or her official position, and his or her

COMPLAINT                          - 2 -

1                place of employment.

2   N.Grannis, chief inmate appeals Branch, Department of Corrections and Rehabilitation;
3   1515 S Street, P.o. Box 942883; Sacramento ,Ca 94283-0001.

4   Robert Horel, warden, Pelican Bay State Prison; 5905 Lake Earl Drive, P.o.Box 7000;
    Crescent City. Ca. 95532.
5   Michael Sayre, Chief Medical Doctor; Pelican Bay State Prison; 5905 Lake Earl

6   Drive; P.o. Box 7000 : Crescent City Ca 95532.          III.

7   Statement of Claim

8        State here as briefly as possible the facts of your case.  Be sure to describe how each

9   defendant is involved and to include dates, when possible.  Do not give any legal arguments or

10   cite any cases or statutes.  If you have more than one claim, each claim should be set forth in a

11   separate numbered paragraph.

12                See  Attached  Paper.

13

14

15

16

17

18

19

20

21

22

23

24

25   IV.    Relief

26        Your complaint cannot go forward unless you request specific relief.  State briefly exactly

27   what you want the court to do for you.  Make no legal arguments; cite no cases or statutes.

28

COMPLAINT                - 3 -

1    See Attached Paper.

2    _____

3    _____

4    _____

5    _____

6    _____

7    I declare under penalty of perjury that the foregoing is true and correct.

8

9    Signed this _____ 28 _____ day of _____     July _____, 20 08

10

11

12                         (Plaintiff's signature)

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

     COMPLAINT                    - 4 -

Tracy Lee Taylor E-13981
B-facility
P.O. Box 7000
Crescent City, Ca 95532

In Pro Per

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

Tracy Lee Taylor
    Plaintiff

    vs.

N. Grannis, Chief Inmate Appeals Branch,
Robert Horel, Warden of Pelican Bay State Prison,
Michael Sayre, M.D. Chief Medical Officer, of Pelican Bay State Prison.

No.: C 07 5295 MHP.

FIRST AMENDED
COMPLAINT FOR
INJUNCTIVE RELIEF
AND DAMAGES FOR JURY
TRIAL

## JURISDICTION

1. This action is brought pursuant to 42 U.S.C. § 1983. Therefore Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343 also the court has supplemental Jurisdiction over Plaintiff state law claims under 28 U.S.C section 1367

## VENUE

2. A substantial portion of the events giving rise to the claims alleged in this complaint arose in Del Norte County, California. Therefore Venue is proper under 28 U.S.C. § 1391 (b)(2).

## INTRADISTRICT ASSIGNMENT

3. This complaint should be assigned to the San Francisco Division of this Court because a substantial part of the events or ommissions which give rise to the complaint occurred in Del Norte County.

4. Plaintiff request the court to have the Marshal serve this Complaint on all defendants as allowed under 28 U.S.C § 1915 (d) and (walker v summer (9th cir. 1994) 14 F.3d 1415).) The names and work place address are. N. Grannis, Chief Inmate Appeals Branch, 1515 S. Street; P.O. Box 942 883; Sacramento, California, 94283-0001./

Robert Horel, Warden, Pelican Bay State Prison, 5905 Lake Earl Drive, P.O. Box 7000; Crescent City, California 95531./

Michael Sayre, M.D., Pelican Bay State Prison; 5905 Lake Earl Drive; P.O. Box 7000; Crescent City, California 95531.

1.

# GENERAL ALLEGATIONS

5.    This is a complaint for injunctive relief and damages for defendants deliberate indifference to the serious medical need of Plaintiff Tracy Lee Taylor during his confinement by the Department of Corrections and Rehabilitation (DOCR) at Pelican Bay State Prison (PBSP).

## PARTIES

6.    Plaintiff is and was at all relevant times mentioned herein a prisoner in the custody, control and care of the DOCR employees at various correctional institution's, including PBSP. Plaintiff has been a prisoner at PBSP since August 9, 2008 at all times during his incarceration, Plaintiff has relied on the medical care Providers at the DOCR prison's to provide him with the necessary medical care, with his personal occupational Therapist providing plaintiff with physical therapy and Health Care appliances. Plaintiff Tracy Lee Taylor is currently housed at Pelican Bay State Prison.

7.    Plaintiff is informed and believes and thereon alleges that defendant N. Grannis is and at all times relevant herein was employed as chief inmate Appeal Branch of the DOCR, As chief inmate Appeals Branch defendant N. Grannis for reviewing all prisoners inmate appeals grivance to ensure that their rights are not violated by prison officials, including the correction of any rights that prison officials are violating At all times mentioned defendant N. Grannis was acting under color of State law, in the course and scope of her employment, and is sued in her individual and official capacities.

8.    Defendant Robert Horel, is and at all times mentioned herein was employed by the DOCR as a warden at PBSP. Plaintiff is informed and believes, and thereon alleges, that defendant Robert Horel is a property trained warden who is and

2

1b

responsible for the custody, treatment, training and discipline of all prisoners under his charge. At all times mentioned defendant Robert Horel was acting under color of State law, in the course and scope of his employment, and is sued in his official and individual capacities.

9.     Defendant Michael Sayre. M.D., is and at all times relevant herein was employed by the DOCR as the Chief Medical Officer ("CMO") at PBSP. Plaintiff is informed and believes, and thereon alleges that defendant Michael Sayre is a properly trained medical doctor whom specialize in medical surgery and license as a medical doctor who is responsible for the medical care of all prisoners at PBSP. This include, but limited to, the supervision, direction and/or proper training of the medical staff at PBSP in the delivery of health care services and management of health care programs, involvement in the determination of proper medical care for prisoners, including but not limited to, having the authority to order, approve or (disapprove) medical tests and treatments to be done; having authority to assure that prisoners who are transfered to other institutions receive continuing proper medical care; having authority and responsibility for assuring the proper ordering and stocking of medical supplies; communication of medical needs to the correctional custody staff, and, generally, making sure that proper medical treatment is provided to all prisoners. Plaintiff is further informed and believes, and thereon alleges that defendant Michael Sayre is responsible for assuring that PBSP medical staff, and all other medical providers with whom the DOCR contracted in providing medical care to prisoners at PBSP, provided proper medical care to the prisoners, and that all such individuals knew and understood, and acted pursuant to DOCR policy and any federal court order procedures and protocals. At all times mentioned defendant Michael Sayre was acting under the color of State law, in course and scope of his employment and is sued herein in his official and individual capacities.

10.     Defendant Sheryl Skinner, FNP. is and at all times relevant herein was employed by the DOCR as a Family Nurse practitioner. Plaintiff is informed and believes, and thereon alleges, that defendant Skinner is a properly trained and licensed Nurse who is and has been responsible for the medical care of all prisoners at PBSP. At all times mentioned defendant Skinner was acting under color of State law, in the course and scope of her employment, and is sued in her official capacity.

## GENERAL ALLEGATION.

11.     Defendant Sayre deliberately treated plaintiff with inappropriate insoles for no valid reason but to inflict pain. Defendant Horel action of destroing plaintiff medical boots interfered with the prescribed treatment of a medical doctor. and finally Defendant Grannis Knowing that plaintiff condition was serious, that his pain was increasing and condition getting worse due to the continuing treatment, coupled with the fact, that instead of enforcing plaintiff constitutional rights, state rights, and rights of plaintiff that was already clearly established; Defendant Grannis agreed with Defendant Horel action of destroing medical _____

FACTS

12. Since approximatly July 1984 plaintiff has suffered chronic and substantial pain in the bottom's of his feet, he has hallux valgus; hypertrophic changes; hammertoes, degenerative spurring of the tibia; talus; navicular and calcaneus. To lessen the intensity of his pain plaintiff has always worn orthopedic personal arch supports and boots: even with this medical appliance plaintiff activities are limited and he is unable to walk ninety yards without having to sit down.

13. Upon arrival into the Department of Correction and Rehabilitatio in 1989 plaintiff was wearing personal orthopedic boots and arch supports. and have been wearing the medical appliance since his incarceration.

14. During plaintiff incarceration he has been transfered from various level four 180 prison's within the DoCR. Every medical doctor at each institution found plaintiff to have a serious injury, that failure to treat would cause unnecessary and wanton infliction of pain. and all have continue to prescribe the treatment of personal orthopedic boots and arch supports.

15. During plaintiff incarceration he has been seen by various medical group's and doctor's whom all specialize in podiatry and or orthopedics all of whom have confirm plaintiff condition and need for his orthopedic appliance's.

16. On august, 9, 2006 plaintiff arrived at P.B.S.P wearing his orthopedic personal boots and arch supports; which he had a valid DoCR·128·chrono to wear. but which prison official's confiscated literally off of his feet in Receiving and Release. Prison official's ignored the federal court order which was and still is in plain view of prison official's in receiving and release. which command's prison officials to not take away prisoners medically prescribe orthopedic appliance.

17. Since plaintiff arrival at PBSP he has continuously made his suffering known to medical by submitting numerous prison sick call slip's in (known as health care service request form)(PBSP 7362).

18 Plaintiff have writen to various DoCR agencies seeking help, to force PBSP to provide adequate medical treatment.

19. Plaintiff have written to all of the defendants informing them of the substantial pain plaintiff is in and implored them to provide him with adequate medical care, and to date plaintiff have received no response.

20. With this condition plaintiff has suffered and continues to suffer from unnecessary and wanton infliction of pain. Plaintiff is informed and believes and thereon alleges, that defendants from august 9, 2006, been aware of plaintiff's need for treatment of pain due to his feet condition.

20. Plaintiff suffering is so sever that at time's he has been confine to the cell unable to leave due to the pain. This has lead plaintiff too being adversly affected by prison official's writing him up for disobeing direct orders and so forth that has lead plaintiff to being placed in a PBSP Behavior program, which has lead to all of Plaintiff property being taken by prison officials and destroied.

21. On october 16, 2006 plaintiff was seen by defendant Skinner, F.N.P. who referred plaintiff for visit to an outside orthopedic doctor, inorder to verify plaintiff condition and need for medical appliance. To date plaintiff was never taken to an orthopedic doctor. Plaintiff is informed and believes and thereon alleges that the Chief Medical officer, Sayre, M.D. interfered with the referal and cancelled, the referal.

23. Plaintiff has since continued to make know to medical that he would like to be examined by a license prodiatrist.

24. On september 27, 2006 plaintiff was seen by defendant Sayre whom at the time misrepresented himself as an orthopedist and ask to see plaintiff feet for examination. plaintiff refuse the examination because his medical file (was not present and when plaintiff asked the defendant. Sayre had he examined plaintiff medical file defendant Sayre confirmed that he had yet to review the file. after plaintiff refusal defendant Sayre informed plaintiff that warden Robert Horel has a policy in place to take away and immediatly destroy all newly arrive prisoner's whom are wearing or have in there property medical boot's. and he has been instructed him (defendant Sayre) to ensure that prisoners are not approved to wear their medical appliance's. and that he. Sayry will ensure that plaintiff will never be allowed to wear his orthopedic appliance while at P.B.S.P.

25 Defendant. Sayre acknowlege's that plaintiff has a serious medical need that failure to treat would cause unnecessary. and substantial pain. however Plaintiff is informed and believes and therefore allege's that defendant reviewed plaintiff medical file and knew or should have known that a past prison doctor had tried the treatment of insole's in state boot's on petitioner and after plaintiff pain increased and condition worsen the treatment was rescinded. but because the defendant (was inforcing warden Horel's policy of not allowing prisoner to wear medical boot's. defendant Sayre omitted the outcome study of the failed treatment. and with knowledge and forethought that a treatment of insoles in state Shoes will both cause unnecessar wanton pain on plaintiff and worsen his condition defendant still order that very same treatment. Plaintiff further is informed and therefore allege's that Defendant Sayre course of treatment was uncalled for, and that the the denial of orthopedic boot's and medical appliances is a pattern that continues to date. Plaintiff has submitted numerous 602's and written Defendant Sayre informing him the present treatment was not working. and that the pain was increasing and Defendant continue same treatment than stop giving any treatment.

26. after plaintiff visit with defendant, Sayre. certain medical record's became missing from payaintiff medical file do to either mis management or intentional detruction. The medical records in question. had information in it that listed the name of my personal occupational Therapist, and had her listed as plaintiff

5

as plaintiff personal physician. The failure to keep plaintiff medical records coincidentially allowed defendant Sayre to change, and determine that plaintiff no longer needed his orthopedic appliance, without receiving the concurrence of plaintiff personal physician.

27. Defendant Sayre referred plaintiff to a Therapist for treatment and diagnosis, and on December 12, 2006 was seen by that Therapist whom after diagnosis confirmed plaintiff condition, of hallux Valgus; hammertoes and suffering from pain in feet. The Therapist went on to recommend that plaintiff be allowed to wear personal "ARCH SUPPORT", the therapist told plaintiff that the only reason he will not recommend that I be allowed as a treatment medical boot's is because the Chief Medical officer M.D. Sayre instructed him to not recommend that plaintiff be allowed to wear medical boots under no circumstances.

28. Defendant Sayre omitted the recommendation of his own Therapist to allow plaintiff to wear arch supports, and recommended plaintiff wear insoles: which come already in most shoes.

28. Plaintiff has filed numerous inmate appeals through the prison grivance system relative to defendants conduct described herein above, and about Plaintiff medical boot's being taken away. one such appeal was filed october 16, 2006 wherein plaintiff asked that he be allowed to wear his medical boot's. or that they be secured by the Departments own rules until plaintiff is transfered. Defendant Horel whom was aware of the substantial pain plaintiff was enduring; denied plaintiff grivance at the Second level of the appeal and immediatly destroyed plaintiff medical boots. Plaintiff is informed and believes, and thereon alleges that defendant Horel destruction of plaintiff medical boot's was done with the intent purpose to deny Plaintiff relief from his pain, even if the third level of the appeal or the court's mandate that plaintiff be allowed to use his medical boots inaccordance with Department Policy. There was nothing in the Department's regulation's giving the defendant Horel Authority to destroy plaintiff medical appliance, but to the contrary, every Department regulation command that prisoner not be denied their medical appliance. and yet Defendant Still destroied the medical boot's even before administrative remedies could be exhausted. This appeal was granted in part. at the director level. with instruction's to PBSP to issue plaintiff insole's, (a copy of appeal is included.) defendant Horel action's interfered with the treatment that a doctor ordered for plaintiff.

30. On august 28, 2007 plaintiff filed an inmate appeals grivance alleging that since the insole's, that his condition has worsen and the insole's are not working. This appeal was denied at the third level on January 16, 2008, a copy of this appeal is included. Plaintiff has thus exhausted his administrative remedies for the claims herein. It must be noted that Defendant N. Grannis failed in her duty to enforce regulation and ensure that plaintiff receive adequate medical care but instead defendant N. Grannis ordered PBSP to provide me with the insole's that worsen plaintiff condition even though she was fully aware of plaintiff claim that insoles do not work and only cause unnecessary wanton infliction of pain, on plaintiff.

6.

## CLAIM FOR RELIEF

Estelle v Gamble (1976) 429 U.S. 97 [47 S.Ct 285; 50 L.Ed 2d, 251])
(Eighth Amendment Violation - Deliberate Indifference to Serious Medical Needs)

30. Plaintiff refers to and incorporates by reference herein the allegations of paragraphs 1 through 29, inclusive.

31. Plaintiff's medical condition, as described herein, constitutes a serious medical need in that failure to treat the condition has resulted in further significant injury, and the infliction of unnecessary and wanton infliction of pain, and the ongoing failure to adequately treat the condition will worsen the pain. Said injury has included, but necessarily been limited to unnecessary and wanton infliction of pain. Plaintiff's medical condition also significantly affects his activities in prison each and every day.

33. Plaintiff is informed and believes, and thereon alleges, that defendants have acted intentionally in the manner described above and with knowledge of plaintiff's suffering and the risk of further serious harm resulting in more unnecessary and wanton infliction of pain from their actions or refusal to act.

34. Defendants conduct violates 42 U.S.C. § 1983, because that conduct constitute deliberate indifference to plaintiff serious medical need in violation of his Eighth Amendment right to be free from cruel and unusual punishment.

35. As a proximate result of the defendants conduct, plaintiff has suffered and continues to suffer general damages in the form of sever pain and suffering and emotional distress. Plaintiff is informed and believes and thereon alleges, that he will continue to suffer such damages in the future.

36. As a direct and proximate result of all defendants actions here alleged. Taylor suffered, and continues to suffer from the illegal destruction of his personal orthopedic boots and arch supports, Taylor is entitled to an award of compensatory damages.

37. In acting as describe herein above, defendants acted despicably, knowingly, wilfully, and maliciously, or reckless or callous disregard for plaintiff's federally protected rights, entitling plaintiff to an award of exemplary and punitive damages.

38. Taylor is entitled to injunctive relief of an order allowing Taylor to have his personal occupational Therapist Ingrid McDowell mail directly to either A or B-facility Clinic Two pair of orthopedic personal arch supports and boots, no color of Black for security reasons. The boots and arch support upon receipt by the Clinic shall be immediately issued to Taylor. There is no adequate remedy at law to prevent the unnecessary and wanton infliction of pain without the equitable relief

7

Sought; he will continue to unnecessarily endure wanton infliction of pain and has now develope arthritis in the toes plaintiff condition will continue to worsen with no adequate remedy at law; if injunctive relief is not issued. The taking away of medical appliance at Pelican Bay State Prison is not an isolated occurance. Upon information and belief it is the practice of Pelican Bay State Prison to not allow prisoners access to orthopedic boots because officials believe they possess a risk to the safty and security of the prison. Plaintiff has now been left wholly without medical treatment of any kind' On february 28, 2008 prison officials came into plaintiff cell and confiscated and immediatly destroied the insole's that was issued to him by medical. Although the insoles worsen plaintiff condition by causing an increase in his pain, the action in and of itself shows the callous indifference to plaintiff medical need. Since the taking away of the insoles plaintiff has continuously informed medical of the increase of the pain he is in via slip call slip. and it wasn't until July 22, 2008 that plaintiff was called to see the medical doctor at which time plaintiff learned that medical had learned he has developed arthritis in the toes on August of 2007 when X-rays of his feet was done at request of family Nurse Practitioner Sheryl Skinner. Plaintiff has exhausted his administrative remedies. a copy of both appeal's are included (PBSP-IA-18-2001-11182 and PBSP-A-06-03792) in this First amended complaint.

## PRAYER FOR RELIEF

WHERE FOR; Plaintiff Tracy Lee Taylor, prays for judgment against defendant's as follows:

1. For Temporary injunctive relief in the form of allowing plaintiff occupational Therapist Ingrid McDowell to send via first class mail to plaintiff two pair of arch supports and boot's, no color black. mailed directly to the facility clinic which upon receipt shall immediatly issue everything to plaintiff.

2. Declare that the acts, and omissions described herein violated plaintiff rights under the Eight Amendment of the U.S. Constitution and Estelle-V-Gambie.

3. Enter judgment in favor of plaintiff for compensatory damages in the amount of $ 100,000 from defendants Nola Grannis; Robert Horel; and Michael Sayre. and each of them, to plaintiff. and each of them.

4.   Punitive damages in the amount of $ 200,000 each from defendants Nola Grannis, Robert Horel and Michael Sayre and each of them to Tracy Lee Taylor; or the maximum amount allowed by law which ever one is the lesser amount.

5.   Order to have defendants to pay all court fees and cost, transportation to and from court, and lawyer fees.

6.   Order such additional relief as the court may deem just and proper.

Respectfully submitted   this 28th day of July of 2008

Tracy Lee Taylor
E-13481
P.O. Box 700
Crescent City Ca 95532

VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Crescent City California on July 28, 2008

Tracy Taylor

Tracy Lee Taylor/E-13981
B8-101
P.O. Box 7000
Crescent City CA 95532

2H

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

Tracy Lee Taylor
    Plaintiff

    V.

N. Grannis, Chief inmate Appeals, et al,
    Defendants

CIVIL ACTION. CV07 5295 MHP
PROPOSED ORDER

    This matter having come on regular for hearing before the undersigned Judge on this motion of the plaintiff for leave to proceed with action in forma pauperis and for appointment of counsel, and it is appearing to the court that plaintiff is entitled to the relief he seek by this motion. It is hereby.

    ordered that plaintiff is authorized to proceed with this action in forma pauperis, without being required to pay fee's and cost's or give security for them and it is further ordered that any recovery in this action shall include payment to the clerk by defendants who may pay there from all unpaid fees and cost taxed against the plaintiff and remit the balance to the plaintiff and it is further ordered that an attorney from the pro bono project: a member from the california Bar association _____ is hereby ordered or the District court so ordered

Date

UNITED STATES DISTRICT JUDGE

Tracy Lee Taylor
B8-101
P.O. Box 7000
Crescent City, Ca 95532

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

Tracy Lee Taylor

    PLAINTIFF

vs

Nola Grannis, Chief inmate appeals
Robert Horel, warden
Michael Sayre, Chief Medical Office

    Defendant's

Summons

Civil Action No. CV07 5295 MHP

THE ABOVE NAMED DEFENDANTS:

    You are hereby summoned and required to serve upon the plaintiff, who's address is  Tracy Lee Taylor E-13981, B8-101, P.O. Box 7000, Pelican Bay State Prison, Crescent City, California, 95532. An answer to the complaint which is herewith served upon You, within 20 days after service of this summons upon you, exclusive of the day of service, or 60 days if the U.S. Government or officer/agent thereof is a defendant. If You fail to do so, Judgment by default will be taken against you for the relief demanded in the Complaint.

Date: ____

Tracy Lee Taylor
B-facility
P. O. Box 7000
Crescent City, Ca 95532

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA.

Tracy Lee Taylor
    Plaintiff

vs

Nola Grannis. chief inmate appeals
Robert Horel, warden
Michael Sayre, chief Medical officer
       Defendants.

Civil Action No. CV07 5295 MHP

MOTION TO PROCEED IN FORMA
PAUPERIS AND FOR
APPOINTMENT OF COUNSEL

1. I am the plaintiff in the above titled action.

2. I believe I am entitled and intend to bring this action in the United States District Court for the Northern District of California against the aboved named defendants.

3. This action seeks to enjoin those defendants from acting willfully with gross deliberate indifference to plaintiff rights to adequate medical care. and I seek damages in the full amount of $ 800,000 or that maximum amount allowed by law. which ever is the lesser amount, for deliberate indifference to a serious medical need, and a Preliminary Injunction.

4. I believe that I am entitled to redress sought in this action.

5. I have read and know the contents of the complaint and believe them to be true.

6. I have assets of    in my inmate trust account. The only income I have available, is that which I receive in donations from my family ever so often.

7. Because of my proverty I am unable to pay the cost of this suit or give Security therefore or to employ an attorney.

I declare under the penalty of perjury that the statement is true and correct, executed on this 28 day of July of 2008 here at Crescent city California

4 Medical
1995
Copy Both Sides
39

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region **PBSP**

1. _____    Log No. **IA-18-2007-11182**    Category 8/9
2. _____    2. _____    weights different insoles/boots

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|-------------------|
| Tracy Taylor | E-13981 | | A5-120 |

A. Describe Problem: Doctor Michael Sayre recommended a treatment of insoles to be worn in state shoes. This treatment is causing my condition to worsen and my pain is increasing. I have outcome data that shows in 2001 doctor Thor tried the treatment of insoles in state shoe's (see Exhibit- H). my condition had worsen to such a degree and unnecessary and wanton pain was inflicted that on 2-707 the treatment was rescinded and my orginal treatment reinstituted. (see Exhibit- I). when you compare doctor Sayre treatment (see- Exhibit G) to doctor Thor treatment (Exhibit- H) it is identicle treatment. I have This is outcome data and not my personal opinion. I have deformity of feet. Hallux valgus, hammer toes and degenerative spurring of the tibia, talus, navicular and calcaneus diagnisised by

If you need more space, attach one additional sheet.

B. Action Requested: Med-Memorandum or mod-order instructing Pelican Bay State Prison to rescind treatment of insoles to be worn in state shoes. and personal boots and arch supports reinstated for treatment. Inital health care appliance to be sent by taylor occupational therapist MS. McDowell and all other health care appliance (personal boots and arch supports) to be sent from a vender of Taylor E-13981 choice as allowed per title 15§3358 (C) to be sent to medical department.

Inmate/Parolee Signature: _____    Date Submitted: 8-28-07

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

**BYPASS**

INMATE APPEALS BRANCH    RECEIVED OCT 29 2007

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

**BYPASS**

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed    CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

s/o AUG 2 8 2007 RTN TO 1/m
s/o AUG 3 0 2007 RTN TO 1/m
s/o SEP 0 4 2007 RTN TO 1/m
1ST SEP 0 7 2007
2nd OCT 1 7 2007

First Level    ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _9-7-07_    Due Date: _10-22-07_

Interviewed by: _____

*See attached*
*response*

Staff-Signature: _C. Gorospe_    Title: _SSA_    Date Completed: _10/12/07_

Division Head Approved: Signature: _M C Sauey_    Title: _CMB_    Returned Date to Inmate: _OCT 1 5 2007_

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within **15 days of** receipt of response. Doctor Sayre is a medical Surgeon and MS Skinner is a Family Nurse Practioner Neither one is a license podiatrist, Nuroloqist, or orthopedist. I have been examined before by licensed podiatrist (ex-L) The treatment of insoles is causing me unnecessary and wanton infliction of pain. Doctor Sayre treatment (ex-G) is the very same treatment once used by Dr Thor (ex-H) and because I was suffering unnecessary pain prison Doctor Thor reversed that treatment (ex-I). This is documented evidence and I'm entitled to treatment that works.

Signature: _____    Date Submitted: _Oct. 16 0007_

Second Level    ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _10-17-07_    Due Date: _11-15-07_

☒ See Attached Letter

Signature: _____ Jim McCay RN (A) HCM_    Date Completed: _10-19-07_    _OCT 2 2 2007_

Warden/Superintendent Signature: _____    Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response. I agree with the second level that it is inappropriate for me to demand my own health care intervention. therefore it is not my opinion that I offer but it is instead medical documentation from independant physicians that was hired by the department to diagnosis my condition and recommend treatment that I'm providing to prove that Doctor Sayre course of treatment of insoles in State shoes was medically unacceptable under the circumstances and he chose this course in conscious disregard of an excessive risk to my health. It is the opinion of doctor Sayre that I suffer from plantar Faciitis, doctor Sayre is a license medical surgeon and not a podiatrist nor orthopedist. → continue on next page.

Signature: _____    Date Submitted: _10-25-07_

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other _____
☒ See Attached Letter    Date: _JAN 1 6 2008_

CDC 602 (12/87)

a medical group employeed by the department in 2003 (See Exhibit - L) at SVSP. this was done to confirmed the diagnosis that was done on 4-19-01 at SVSP. Doctor Sayre misdiagnosis me as having faciatis and for my pain. Insteadrow of providing treatment based on the outcome data that personal arch supports and boots are effective medical care (as mandated by CCR's 3350 (d).) See Exhibit A.) doctor Sayre ignored the outcome data and forced a treatment on me that he knew would inflict unnecessary and wanton pain on me. In order to try an confirm his misdiagnosis of Plantar Faciaitis (See Exhibit - D) Doctor Sayre had me see a physical Therapist, however on 12-13-06 the physical Therapist confirmed that I have hammertoes, Halux Valgus, and recommended that I wear personal arch supports. (See Exhibit N1, consist of two pages). Doctor Sayre still repused to reverse his treatment. my condition worsen and pain increased to such a degree that RN-Skinner scheduled me to see a radiologist whom on 8-2-07 confirmed that I have a large bone spur above my ankle and suffer from ~~traumatic~~ post-traumatic changes of ankle and hind foot. (Exhibit-B) This confirms the diagnosis done by licensed specialist in podiatry and orthopedia on 4-19-01; 2-2-03 at Salinas Valley State Prison.; ☒✚ (Exhibit-L) ; on 12-13-06 at P.B. S.P C (See Aexhibit N1). and contradicts Doctor Sayre diagnosis of Plantar Faciaitis (See Exhibit-D)

      Doctor Sayre ignored State law that mandate Services and treatment that's supported by outcome data as effective medical care. (Exhibit A). From 1991 thru 2006 the outcome data showed that personal arch supports and boots are effective medical care. Doctor Sayre ignored the outcome data that the treatment of insoles in state shoes was maked the past and rescined with personal boots and arch supports reinstated (See Exhibit - I.)

The purpose of this 602 is to receieve affective medical care. and to inform warden Robert Horel ; Michael Sayre, M.D and each respondent that answers this 602 that if I'm not provided with adequate medical care and my old treatment is not insticked then I will file a 1983 civil law suit asking for 1,000,000 each from every one. my personal occupational Therapist whom is documented as my personal physician has a mold of my feet and can send my personal arch supports and boots. immediatly.


I have been using Doctor Sayre treatment since 9-27-07 and my condition has gotten worse and my pain has increased. I'm entitled to adequate medical care. which I am being deprived of.
. The medical documentation I have included in this 602 is the diagnosises and opinions
. of medical specialtst and not my opinion. my pain has continue to increase which
. is being caused by the use of doctor Sayre medical treatment and me being denied treatment that works

     ↘

Continue on Back.

Petitioner has been documented as needing to wear personal arch supports and Boots to eliminate chronic and substantial pain in my feet Doctor Sayre recognized that failure to treat my condition would result in further unnecessary and wanton infliction of pain, (see physician progress notes, dated 9-27-06 attached hereto as exhibit 1). This establish petitioner injury, is, objectively, sufficiently serious. (Farmer V Brennan (1994) 511 U.S. 825, 834, citing Wilson v. Seiter (1991) 501 U.S. 294, 2931). Prison doctors failure to treat petitioner condition is resulting in unnecessary and wanton infliction of pain.

Petitioner recognize that his mere allegation that the insoles Dr. Sayre prescribed are insufficient as a matter of law to establish deliberate indifference (Jackson V McIntosh (9th Cir. 1996) 90 F.3d 330, 332, citing Sanchez V. Vild (9th Cir. 1989) 891 F.2d 240, 242)

Doctor Sayre Knew that petitioner were wearing medically prescribed orthopedic appliance (personal boots and arch supports) to eliminate chronic substantial pain in his feet upon arrival to PBSP (see physician progress notes, dated 9-27-06 attached hereto as exhibit 2). Doctor Sayre also Knew that there is in place a federal court order preventing the taking away of medically prescribed health appliance, (see copy of order attached hereto as exhibit 3) Doctor Sayre furthermore Knew that departmental policy when it came to providing medical services shall be based on medical necessity and supported by outcome data as effective medical care. (see copy of title 15 § 3350, attached hereto as exhibit 4), as a medical doctor before seeing a patient, It is common practice for doctors to review the medical file of a patient before seeing that patient, therefore Doctor Sayre Knew or should have Known that on august 15, 2001, prison doctor Thor had taken petitioner boots and arch supports and prescribed insoles in state shoes (ex-H), and that because that action caused petitioner unnecessary and wanton infliction of pain the treatment was reversed and personal arch supports and boots was re-instated (ex-I), therefore the course of treatment Doctor of insoles in state shoes made by Doctor Sayre in light of the above mention facts clearly shows the course of treatment Doctor Sayre took of insoles in state shoes was medically unacceptable under the circumstances mentioned above, and that the course was choosen By Doctor Sayre in conscious disregard of an excessive risk to petitioner health, which violates meet the standard set in (Franklin V oregon (7th Cir. 1981) 662 F.2d 1837, 1354.

**FIRST LEVEL SUPPLEMENTAL PAGE**
First Level Reviewer's Response

**RE:**   PELICAN BAY STATE PRISON
Appeal Log #: PBSP-IA-18-2007-11182
Inmate Name: TAYLOR, E13981

**APPEAL DECISION**: DENIED.

**APPEAL ISSUE:** You filed this CDC 602 on August 28, 2007, requesting a *"Memorandum or mod order instructing Pelican Bay State Prison to rescind treatment of insoles to be worn in state shoes, and personal boots and arch supports reinstated for treatment. Initial health care appliance to be sent by Taylor occupational therapist Ms. McDowell and all other health care appliance (personal boots and arch supports) to be sent from a vendor of Taylor E13981 choice as allowed per Title 15 Section 3358(c) to be sent to medical department."*

**FINDINGS:**   Your appeal with the attachments and your requested action has received careful consideration. Cynthia Gorospe, Health Care Appeals Coordinator, conducted the First Level Appeal Review on October 12, 2007.

You were interviewed by C. Skinner, FNP on October 10, 2007. You indicated to FNP Skinner that the insoles provided for you have made your plantar fasciitis and pain worse. You state you have had plantar fasciitis for 21 years. You request to see a podiatrist to recommend a different treatment. You had custom made molded insoles with arch supports at Folsom State Prison, but they were confiscated on arrival at Pelican Bay State Prison due to security issues. You state you have not been doing any strenuous activities and hardly any exercise at all because "pain is intolerable." You state your pain is worse in the mornings. You also relate a history of a motor vehicle accident in 1984 or 1985 which injured both of your feet and you believe this is what caused your bilateral foot pain. You have been using Ibuprofen 400mg twice a day which you state helps a little. It is FNP Skinner's impression that your bilateral foot pain is most likely due to post-traumatic arthritis with spurring. You were advised to continue taking Ibuprofen 400 mg, but increase to taking it three times a day, or take 800mg after meals to relieve pain in the a.m. You complained of pain with palpation of bilateral fascia, but plantar fasciitis does not last 21 years. FNP Skinner indicated that your current state insoles should be adequate and you should follow-up in the clinic, as needed.

**DETERMINATION OF ISSUE:** A thorough review of your request presented in this complaint has been completed. Based on this review, the action requested to resolve the appeal is denied.

_C. Gorospe_                10/12/07

C. GOROSPE                Date
Health Care Appeals Coordinator

_M. Sayre_                10/12/07

M. SAYRE, M.D.                Date
Chief Medical Officer

SECOND LEVEL APPEAL RESPONSE

RE:   PELICAN BAY STATE PRISON
      Appeal Log: PBSP-IA-18-2007-11182
      Inmate: TAYLOR E13981

Maureen McLean, FNP, Health Care Manager at Pelican Bay State Prison, (PBSP) reviewed this matter. Joseph Kravitz, Correctional Counselor II, conducted the Appeal at the Second Level of Review on October 19, 2007.

**APPEAL ISSUE:** You filed this CDC 602 on August 28, 2007, requesting a *"Memorandum or mod order instructing Pelican Bay State Prison to rescind treatment of insoles to be worn in state shoes, and personal boots and arch supports reinstated for treatment. Initial health care appliance to be sent by Taylor occupational therapist Ms. McDowell and all other health care appliance (personal boots and arch supports) to be sent from a vendor of Taylor E13981 choice as allowed per Title 15 Section 3358(c) to be sent to medical department."*

Your appeal with the attachments and your requested action has received careful consideration. Cynthia Gorospe, Health Care Appeals Coordinator, conducted the First Level Appeal Review on October 12, 2007. C. Skinner, FNP on October 10, 2007, interviewed you. You indicated to FNP Skinner that the insoles provided for you have made your plantar fasciitis and pain worse. You state you have had plantar fasciitis for 21 years. You request to see a podiatrist to recommend a different treatment. You had custom made molded insoles with arch supports at Folsom State Prison, but they were confiscated on arrival at Pelican Bay State Prison due to security issues. You state you have not been doing any strenuous activities and hardly any exercise at all because "pain is intolerable." You state your pain is worse in the mornings. You also relate a history of a motor vehicle accident in 1984 or 1985 that injured both of your feet and you believe this is what caused your bilateral foot pain. You have been using Ibuprofen 400mg twice a day, which you state, helps a little. It is FNP Skinner's impression that your bilateral foot pain is most likely due to post-traumatic arthritis with spurring. You were advised to continue taking Ibuprofen 400 mg, but increase to taking it three times a day, or take 800mg after meals to relieve pain in the a.m. You complained of pain with palpation of bilateral fascia, but plantar fasciitis does not last 21 years. FNP Skinner indicated that your current state insoles should be adequate and you should follow-up in the clinic, as needed.

**FINDINGS:** A review of your appeal, including staff's efforts to resolve the appeal at the informal level and at the first formal level, together with your responses, has been completed. All submitted documentation and supporting arguments of the appellant have been considered. I, M. McLean, FNP, Health Care Manager, was assigned to investigate your allegations. J. Kravitz, CC II, reviewed your appeal and responses on October 19, 2007. You requested a second level review of this appeal on October 16, 2007. S. Skinner, FNP examined and interviewed you for this appeal on October 10, 2007. S. Skinner concluded that the state insoles you are currently using are sufficient and did not recommend any changes. Per Title 15 Article 8, Medical and Dental Services section 3350, Provision of Medical Care and Definitions subsection (a) The department shall only provide medical services for inmates, which are based on medical necessity and supported by outcome data as effective medical care. The second level reviewers have reviewed your medical case factors and concluded that the opinion provided by your primary care provider is reasonable and was made after a complete examination of your feet and review of your medical record. Based on the aforementioned your request to have the memorandum as noted above issued is denied. The appellant must remember that pursuant to the California Code of Regulations, Title 15, Section (CCR) 3354, it is inappropriate for the appellant to demand his own health care intervention. This is the responsibility of your primary care provider, who will determine those interventions that are medically necessary. This concludes the review of this appeal at the second level.

PBSP-IA-18-2007-11182
TAYLOR E13981
Page 2

A review of the Pelican Bay State Prison (PBSP) list for inmates with Test of Adult Basic Education Reading Scores of 4.0 or less indicates your Reading Grade Point Level (RGPL) is above 4.0. A review of the PBSP " Assistive Device List" reveals you do not require special accommodation to achieve effective communication.

**DECISION:** The Appeal is denied.

The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.

| | | | |
|---|---|---|---|
| JOSEPH KRAVITZ | 10 - 14-07 | MAUREEN MCLEAN, FNP | 10/22/07 |
| Correctional Counselor II | Date | Health Care Manager | Date |

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA  94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date:     **JAN 1 6** 2008

In re:    Tracy Taylor, E13981
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA  95531-7000

IAB Case No.:  0712187          Local Log No.:  PBSP-07-11182

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner C. Hall, Facility Captain.  All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:**  It is the appellant's position Dr. Sayre recommended a treatment of insoles that can be worn in State issued shoes.  The appellant further alleges this treatment is causing his condition to worsen and his pain is increasing.  The appellant claims to have outcome data that indicates has tried this same treatment in 2001, and his condition worsened.  The appellant is requesting a memorandum or modification order instructing Pelican Bay State Prison (PBSP) to rescind treatment of insoles in State shoes and personal boots and arch supports be reinstated for treatment.  In addition, the appellant is requesting that initial health care appliances to be sent by a vendor of the appellant's choice as allowed by the California Code of Regulations, Title 15, Section (CCR) 3358 (c).

**II    SECOND LEVEL'S DECISION:**  It is the institution's position the appellant was interviewed by Family Nurse Practitioner (FNP) Skinner on October 10, 2007.  The appellant advised FNP Skinner he had plantar fasciitis for 21 years and the prescribed insoles made his condition worse.  The appellant also informed the FNP he had custom insoles fabricated while housed at Folsom State Prison (FSP); however, they were confiscated upon his arrival to PBSP due to security reasons.  The appellant was examined by FNP Skinner who determined the cause of his pain was most likely due to post-traumatic arthritis with spurring, as the result of an automobile accident (1984) and plantar fasciitis.  The appellant was advised plantar fasciitis does not usually last 21 years and was directed to continue taking his prescribed ibuprofen and that his current insoles were adequate for his podiatric condition.

**III  DIRECTOR'S LEVEL DECISION:**  Appeal is denied.

**A.  FINDINGS:**  The appellant contends he has had plantar fasciitis for 21 years and has had custom insoles fabricated at FSP; however, they were confiscated upon his arrival to PBSP.  The appellant's request for a memorandum and/or a modification order to be issued to allow him to purchase podiatric appliances form a vendor of his choice is denied.  In addition, he is advised there are policies and procedures in place for prescribing and ordering podiatric appliances, including insoles and orthopedic boots/shoes.  The appellant was examined by FNP Skinner who indicated the appellant most likely was experiencing post-traumatic arthritis with spurring and prescribed ibuprofen for pain management.  The appellant is reminded the CCR 3354 establishes that only qualified medical personnel shall be permitted to diagnose illness and/or other conditions, and prescribe medical treatment for inmates.  It is not appropriate to self-diagnose medical problems and expect a physician to implement the appellant's recommendation for a course of medical treatment.  In this particular matter, the appellant's contention that he has not received adequate medical care is refuted by the medical records and professional health care staff familiar with the appellant's medical history.  In addition, the Department shall only provide medical services for inmates which are based on medical necessity and supported by outcome data as effective medical care.  In the absence of available outcome data for a specific case, treatment will be based on the judgment of the physician that the treatment is considered effective for the purpose intended and is supported by diagnostic information and consultations with appropriate specialists.  After review, there is no compelling evidence that warrants intervention at the Director's Level of Review, as the appellant is receiving the treatment deemed medically necessary by his primary care physician.

TRACY TAYLOR, E13981
CASE NO. 0712187
PAGE 2

**B.   BASIS FOR THE DECISION:**
CCR: 3001, 3220.5, 3350, 3350.2, 3354, 3358

**C.   ORDER:**  No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:     Warden, PBSP
        Health Care Manager, PBSP
        Appeals Coordinator, PBSP
        Medical Appeals Analyst, PBSP

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region  PBSP   Log No.  A-06-02792   Category  5 / 2
1. _____   1. _____   WANTS RJC
2. _____   2. _____   TO STORE DIS-Allow

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|------------------|
| Tracy Taylor | E-13881 | | A4-222 |

A. Describe Problem: I arrived here on 8-9-06 and my orthopedic boots was, are being kept in R&R in accordance with the federal court order protocol's in armstrong remedial plan. futhermore. I properly obtained my prescribed orthopedic appliance while in the D.O.R. in fact I paid $420.00 to a podiatrist that was contracted by Salinas Valley State Prison. therefore under 3358 (b) I shall not be deprived of my appliance. however since P.B.S.P say's my orthopedic boots if retained by me, present's a serious threat to people, then your own rule's mandate that Staff control the boots. therefore P.B.S.P is the only level four prison that will not allow me to wear my boots then P.B.S.P is obigated to hold onto my boots until I'm transfered to another prison.

If you need more space, attach one additional sheet.

B. Action Requested: ① orthopedic boots held pending outcome of appeal's. (2) orthopedic boots controled by staff until I'm transfered, then the boots placed in my property and transfered with me, or (3) In accordence with D.O.M # 62080.15. transfere me back to C.S.P Sac were I was allowed to wear the medical boots-, or (4) my medical boots given back to me per CCR 3358 (b) and federal court ord f armstrong

Inmate/Parolee Signature: _____   Date Submitted: 10-16-06

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

BYPASS
BYPASS

Staff Signature: _____   Date Returned to Inmate: _____

INMATE APPEALS BRANCH  RECEIVED  FEB -1 2007

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

BYPASS

Signature: _____   Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

OCT 20 2006   OCT 31 2006   DEC 15 2006   Exhibit
26   1ST/AW-CS   2ND APPEALS   5

First Level    ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: 10/31/06    Due Date: 12/15/06

Interviewed by: S Bradley   11-20-2006

Staff Signature: _____    Title: Super    Date Completed: 11/28/06

Division Head Approved:
Signature: _____    Title: AW    Returned
Date to Inmate: 12-13-06

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response. The Health Care appliances shall be returned to me because

I legally obtained the orthopedic appliance while in the Department issue to me by an orthopedic doctor employed by contract by Salinas Valley State Prison. Per Title 15 §3358 (b). It mandates I shall not be deprived of that appliance. Per Federal court order (Armstrong Remedial plan) it orders the Department to not take away Health care appliance and PBSP violates that order.

Signature: Tay Ty    Date Submitted: 12-14-06

Second Level    ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 12-15-06    Due Date: 01-17-07
☒ See Attached Letter

Signature: B. Lumplin, GCTF    Date Completed: 1-17-07
Warden/Superintendent Signature: _____    Date Returned to Inmate: JAN 2 4 2007

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response. PBSP knows that the taking of my health care appliance was in violation of the federal court order and CCR 3358

b) therefore the director purposely destroyed my appliance to circumvent federal law and to try to stop the director from Granting this 602. The prisons are intentionally circumventing the law and acting in a negative way before the director can act. Prison officials are mailed out against my will two more medical appliance. I am mobility impaired without medical boots and I'm suffering chronic and substantial pain. therefore since the director has illegally destroyed my appliance I ask for a mod-order. Taylor shall be allowed have MS McDowell send him his two pair of Medical boots ( this one will happen only this one time). PBSP shall accept the two boots from MS McDowell via mail and issue them too inmate Taylor.

Signature: Tay Ty    Date Submitted: 1-28-07

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☒ P. Granted    ☐ Denied    ☐ Other
☒ See Attached Letter    APR 2 9 2007
Date: _____

CDC 602 (12/87)

A4 222

and if an individual meets ANY one of these three test he is consider to be
an individual with a disability. Title II goes on to say in section 1630-2 it is unlawful
to conduct an examination to inquire if I'm ADA. 1630.13 prohibits medical examinations and
inquires

I have a record of being mobility impaired and I'm being regarded as having such an
impairement. (see documentation from Prison law office marked Exhibit A) This means
Dr. Sayre allege examination and removal from the DPP is illegal a violation of
federal law because no doctor can say I'm no longer disable. Title II also states
any individual who has a disability for longer than 6 months that persons disability
shall be considered a permanent disability. FROM 4-21-99 thru 7-7-05
I've continuously had 128-chronos approving me to receive boots and arch
supports for my medical condition (see 128-chrono marked Exhibit B)

            I arrived at PBSP wearing my Health Care appliance which I legally obtained
on 4-18-03 at Salinas Valley State Prison, a level IV, 180 prison issued by Eve Brester (Vitrication
tracking # os-33-0 P 2031 this can be found in my medical file. Custody taking my Health Care
appliance violated. Title 15 3358 (b). No inmate shall be deprived of an orthopedic appliance that
he legally obtained while in the department (see Exhibit C) also the Federal court order (armstrong
remedial plan) orders custody to not take away medically prescribed health care appliance. (see Exhibit
D.). There is no justification for taking my appliance, metal is allowed to be in the appliance
(see CCR 3358 (c). I first tried to file this 602 and R&R % Spalding wrote that I have to
first send my appliance home before I'm allowed to appeal it (see exhibit E) and % Hoffman
refuse to mark that they will hold my appliance apending appeal (see Exhibit F) It is my
believe that custody will destroy my medical appliance before the Director heres this 602.
my mobility impairedment and recommendation to receive personal boots and arch supports has been
verified by licensed podiatrist contraded by the Department on 3-12-01 (see 602 first level marked
Exbit G.) and 9-17-04 by sunrise orthotics (see Exhibit H). Pisad Doctor tried to deny me
access to boots and only allow me to receive insoles like the present d-pt is doing and the order was recinded
be recin  it did not work (see 602 first level - SVSP. 01-0544 marked Exhibit I)

Plaintiff is mobility impaired, and legally recieved the medical boots while in the Department in a level 4, 180 design prison and in accordance with Chief Deputy Director Davey policy contained in D.o.m Transmittal Letter Number 05-01 revision Date March 2, 2005, it mandated that what an inmate is allowed to have in one prison, he is allowed to have it at all other prisons with that level of security, but since P.B.S.P. refuse to comply with their supervisor and decided to confiscate my health care appliance under D.o.m 54030.11.1 P.B.S.P. is suppose to either modify my boots then given back to me or replace my appliance with an acceptable one.

Under the federal court order protocols of the armstrong remedial plan's D.o.m 54050.11.1 and CCR§3358 (b) all state's my orthopedic boots shall not be taken; I shall not be deprived of them, none of the above mention court order, and laws authorize staff to destroy the appliance or for staff to have the prisoner to send it home. In fact CCR 3016 (d) mandate that staff hold onto it.

Note CCR§ 3190 (a) does not apply because it is a medical appliance legally obtained therefore CCR§ 3191 (c) does not apply.

Instead of P.B.S.P violating a federal court order and ca laws by denying and taking away my health care appliance. P.B.S.P could have transfered me back to C.S.P-Sac where I am allowed to wear them. in accordance with the D.o.R own regulation (D.o.m 62030.15) but instead they continue to discriminate against a disable inmate. I am mobility impaired a person with a disability that's covered under the America disability Act (ADA). Title II on page IT-17 states the term disability means a physical impairment that substantially limits one or more major life activity, or a record of such an impairment, or being regarded as having such an impairment

G-Please see Back side ↓

# FIRST LEVEL APPEAL RESPONSE

RE:    PELICAN BAY STATE PRISON
       Appeal Log No. PBSP-A06-02792
       First Level Reviewer's Response

**INMATE NAME:**     TAYLOR, E13981

**APPEAL DECISION:**   **DENIED**

**APPEAL ISSUE:**

(Modified) TAYLOR is requesting:  1) his boots be issued to him; 2) kept by staff and issued to him when he needs them; 3) to be transferred to an institution where he would be allowed to possess the boots; or 4) keep pending the completion of the appeals process.

**APPEAL RESPONSE:**

Correctional Sergeant S. Bradley was assigned to respond to TAYLOR's appeal on November 13, 2006. TAYLOR was interviewed regarding this appeal on November 20, 2006. TAYLOR had no further information regarding the issue he is appealing.

A review of TAYLOR's Central File produced a California Department of Corrections and Rehabilitation (CDCR) 128C dated September 29, 2006, stating TAYLOR needs the use of insoles and state approved shoes for the duration of one year.  Two CDCR 1845 forms dated August 10, 2004 and September 27, 2006, both stating there is no verification of TAYLOR's claim of having mobility impairment.  One of the forms removes TAYLOR from the Disability Placement Program.

**FINDINGS:**

There is no indication TAYLOR is in need of orthopedic shoes.  TAYLOR's boots will be disposed of in accordance with the Department Operations Manual 54030.12.2.

Based on the above, your appeal is **DENIED** at the First Level of Review.

C. E. DUCART          Date        M. D. YAX          Date
Correctional Captain              Associate Warden
Central Services                  Central Services

Supplement Page 2
Taylor, E-13981
Appeal # PBSP-A-06-02792

## MODIFICATION ORDER

No modification of this action or decision is required.

ROBERT A. HOREL
Warden
Pelican Bay State Prison

BDS #46 1-16-07

| PELICAN BAY STATE PRISON |
| SECOND LEVEL REVIEW |

DATE: **JAN 2 3 2007**

Inmate TAYLOR, E-13981
Pelican Bay State Prison
Facility A, General Population
Building 4, Cell 222

RE:   WARDEN'S LEVEL DECISION                          APPEAL: DENIED
      APPEAL LOG NO. PBSP-A-06-02792                   ISSUE: PROPERTY

This matter was reviewed by ROBERT A. HOREL, Warden, at Pelican Bay State Prison (PBSP).
Correctional Sergeant S. Bradley interviewed the inmate on November 20, 2006, at the First Level of Appeal
Review.

## ISSUES

The inmate requests to be issued his orthopedic work boots or to be transferred to an institution where they
are allowed.

## FINDINGS

I

The inmate disputes the withholding of his orthopedic work boots since his arrival at PBSP due to the
security concerns they allegedly present. The inmate claims he requires the boots due to a mobility
impairment which were prescribed by a podiatrist while he was housed at Salinas Valley State Prison.

II

A CDC 128-C, medical chrono and CDC 1845, Disability Program Placement (DPP) Verification both dated
September 27, 2006 authorizes the inmate to use insoles in state approved shoes for the duration of one year
and indicates he has been removed him from the DPP due to not having a long term disability, but rather a
treatable mild medical condition.

## DETERMINATION OF ISSUE

Department Operations Manual, Chapter 5, Article 43, Inmate Property, Section 54030.17.1, Authorized
Personal Property Schedule limits inmate's personal shoes to shower shoes, slippers and tennis shoes unless
medically authorized otherwise. The inmate has failed to provide any evidence demonstrating that these
orthopedic work boots which happen to have a metal shank in the sole are medically authorized to warrant
their issuance regardless of where he is housed, therefore, the APPEAL IS DENIED. Additionally, the boots
have been disposed of in accordance with the California Code of Regulations Section 3191 (c) as the inmate
failed to designate a method for their disposition.

Exhibit B

Pg 34

Supplement Page 2
Taylor, E-13981
Appeal # PBSP-A-06-02792

## MODIFICATION ORDER

No modification of this action or decision is required.

ROBERT A. HOREL
Warden
Pelican Bay State Prison

BDS #46 1-16-07

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date:  APR 2 9 2007

**Combining three appeals**

In re:  Taylor, E-13981
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA 95531-7000

IAB Case No.: 0609197          Local Log Nos.: PBSP 06-02792, PBSP 06-02833 and SAC 06-01814

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner R. Pimentel, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:** It is the appellant's position that upon his arrival to Pelican Bay State Prison (PBSP) his orthopedic boots were inappropriately confiscated. The appellant contends that the boots were purchased thorough legal methods and that he was authorized to possess them at another institution. The appellant asserts that the PBSP exceeded their authority relative to confiscating the boots. The appellant requests to be issued the boots, that the boots be held pending his transfer to another institution, or that he be transferred to an institution in which they are authorized.

**II   SECOND LEVEL'S DECISION:** The California State Prison, Sacramento (SAC) Second Level of Review (SLR) advised the appellant (via appeal log #06-01814) that the boots and arch supports that he references were sent to his address of choice on September 15, 2006 pursuant to his request.

The PBSP SLR found that the appellant's boots were confiscated upon his arrival to PBSP based upon the fact that they had a metal rod inside. The appellant was examined by the PBSP medical staff and an updated CDC Form 1845, Disability Placement Program Verification (DPPV) was generated that articulates that the appellant does not require a long term disability. The medical staff provided the appellant a CDC Form 128-C, Medical Chrono that authorized him to possess insoles to be used in state approved shoes. The SLR noted that the appellant refused to designate a method to dispose of the boots; therefore, they were disposed of pursuant to California Code of Regulations, Title 15, Section (CCR) 3191. The SLR denied the appeal.

**III   DIRECTOR'S LEVEL DECISION:** Appeal is granted in part.

**A.   FINDINGS:** The Director's Level of Review (DLR) finds that the appellant has provided sufficient evidence and documentation to warrant a modification to the SLR. The DLR finds that pursuant to CDC Operations Manual Section (DOM) 54030.11.1 "following review and/or inspection of the appliance, should custody supervisor determine that a significant safety of security concern appears to exist, the institution Health Care Manager (HCM) shall be consulted immediately to determine action required to safely accommodate the affected inmate's need". Additionally, this DOM provision allows for the modification or replacement of the appliance. (The DLR finds that the appellant was medically evaluated and it was determined that he did not require orthopedic boots. The appellant was authorized to possess insoles to be worn in state approved shoes, pursuant to the CDC 128-C, dated September 27, 2006 authored by Dr. Sayre. The DLR notes that the appellant refused to designate a method of disposal for the boots; therefore they were donated to the institution for disposal. However, pursuant to the Armstrong v. Davis Court Ordered Remedial Plan (ARP) "Accommodation may include modifying the appliance or substituting a different appliance at state expense." The DLR finds that since the appellant was authorized to purchase orthopedic shoes while in CDCR, and then those shoes were deemed a security threat and confiscated, the PBSP must now provide the appellant the approved substitution (insoles) at state expense.

**B.   BASIS FOR THE DECISION:**
ARP: ARPIV.F.2, ARPIV.F.3
CCR: 3000, 3001, 3006, 3190, 3191, 3192, 3193, 3270, 3350, 3350.1, 3354, 3358, 3380

TAYLOR, E-13981
CASE NO. 0609197
PAGE 2

DOM: 54030.11, 54030.11.1

**C. ORDER:** The PBSP shall provide the appellant insoles at state expense. The insoles shall be the type designated by Dr. Sayre in the CDC Form 128-C, Medical Chrono dated September 27, 2007.

This issue was discussed with the office of the Chief Deputy Warden.

This decision exhausts the administrative remedy available to the appellant within CDCR. If dissatisfied, the appellant may forward this issue to the California Victims Compensation and Government Claims Board, (formerly known as the State Board of Control), Government Claims Unit, P.O. Box 3035, Sacramento, CA 95812-3035, for further review.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, PBSP
       Appeals Coordinator, PBSP
       Appeals Coordinator, SAC

CC II
KRAVITZ
Appeals coordinator medical

Every independant physician that specialized in podiatry or orthopedist that the department has contracted to diagnosis me has concluded that I suffer from deformity of feet; hallux valgus; hammertoes, Degenerative spurring of my tibia, talus; navicular and calcaneus. Which led to the treatment of personal boot's and arch support's to elimate the pain on 7-23-03 seen by podiatrist B ue Bresler (See Exhibit-F). On 2-2-03 I was seen by licence orthopedic doctor's (see: exhibit-L), on 12-12-06 a physical Therapist that Doctor Sayre schedued himself to diagnosis me and recommend treatment. diagnosis my condition as; pain, hammer toes; Halux Valgus etc, etc. with recommendation for personal arch supports. see (exhibit-N1). and on 8-2-07 PBSP had my feet X-raid and it confirmed those diagnosis that I had post traumactic changes to my feet (see exhibit-B). Not one independant Physician said I suffer from plantar fasciatist. all of those documentations is in my medical file and doctor Sayre was fully aware of those diagnosist. Doctor Sayre recommendation of Insoier in personal shoes. was tried preveously by a doctor thor (see: ex-H). Doctor Sayre recommendation (ex-G) is identical with ductor Thor. Because doctor Thor treatment worsen my condition and inflicted unnecessary and wanton pain on me, he rescinded the treatment and reinstituted personal boot's and arch support's (see: exhibit-I) This failed treatment is also in my medical file and Doctor Sayre knew of that failed treatment when he recommended it as a treatment. which riser to the definition that establish a constitutional violation in (Franklin-V- oregon (9th cir. 1981) 662 F.2d 1337, 1344.). FNP Skinner at one time schedued me to see an independant orthopedic doctor (see exhibit-C) however doctor Sayre personally cancelled the appointment. It is undisputed that I am mobiity impaired (see exhibit-E) and since I am unable to leave the cell because I cannot walk because of the pain. (See Exhibit-K). Even the director level in IAB-case No 0313542 went with the recommendation of the departments independent orthopedic doctor's that I be provided with personal arch supports and boots. I am sof (see Exhibit-J) The director level can not now go back on the recommendation they agree with in the past (ex-J). I suffer from the same condition and pain that the director level agree with the recommendation to treat it. PBSP is both wrong in their diagnosis of my condition and →