1   EDMUND G. BROWN JR.
    Attorney General of the State of California
2   DAVID S. CHANEY
    Chief Assistant Attorney General
3   ROCHELLE C. EAST
    Senior Assistant Attorney General
4   JONATHAN L. WOLFF
    Supervising Deputy Attorney General
5   DANIELLE F. O'BANNON, State Bar No. 207095
    Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
    San Francisco, CA 94102-7004
7    Telephone: (415) 703-5735
    Fax: (415) 703-5843
8    Email: Danielle.OBannon@doj.ca.gov

9   Attorneys for Defendants Sayre and Horel

10

11            IN THE UNITED STATES DISTRICT COURT

12         FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                SAN FRANCISCO DIVISION

| | |
|---|---|
| 14   **TRACY TAYLOR,** | C 07-5295 MHP |
| 15 | |
| 16                  Plaintiff, | **DEFENDANTS' REPLY BRIEF SUPPORTING THEIR MOTION TO DISMISS** |
| 17       v. | |
| 18   **ROBERT HOREL, et al.,** | |
| 19                  Defendants. | |

20      Defendants Horel and Sayre file this Reply Brief in support of their Motion to Dismiss in

21 response to Plaintiff's Opposition to Defendants' Motion to Dismiss (Opp'n). In his Opposition,

22 Plaintiff fails to demonstrate that he exhausted his administrative remedies before filing this

23 action, admits that he failed to state a claim as to medical indifference and respondeat superior

24 liability, that Defendants are not entitled to qualified immunity, and that he is entitled to

25 equitable relief despite being a member of the *Plata* or *Armstrong* class actions.

26 **A.    The Supreme Court Held that the Exhaustion Requirement is Mandatory.**

27      The Supreme Court held that it "will not read futility or other exceptions into statutory

28 exhaustion requirements where Congress has provided otherwise." *Booth v. Churner,* 532 U.S.

Defs.' Reply Pls.' Opp'n Mot. Dismiss                             T. Taylor v. R. Horel, et al.
                                                          C 07-5295 MHP

1   731, 741 n.6 (2001).  The exhaustion requirement is mandatory.  *Id.*

2    Here, Plaintiff does not dispute that he failed to exhaust his administrative remedies in

3   connection with: (1) Defendant Horel's alleged failure to ensure that Defendant Sayre provide

4   Plaintiff with adequate medical care, (2) Defendant Horel's alleged authorization of the

5   destruction of Plaintiff's orthopedic boots, (3) Defendant Sayre's cancellation of an orthopedic

6   examination, and (4) Defendant Sayre's treatment allegedly worsening his condition and

7   increasing his pain[1].  Plaintiff does, however, note the three inmate appeals he did submit which

8   do not address the above issues.  (Opp'n ¶ I.)  As discussed in Defendants' moving papers, the

9   appeal must set forth allegations that refer to the specific conduct alleged in the complaint.  *See*

10  *Davis v. Kissinger,* 2007 WL 127776 (E.D. Cal, Jan. 12, 2007).  Here, Plaintiff failed to submit

11  an inmate appeal that relates to the conduct described in his complaint as to Defendants Horel

12  and Sayre.  Plaintiff is required to exhaust administrative remedies before filing suit and in each

13  of the above instances, Plaintiff failed to exhaust his administrative remedies by either not

14  submitting an inmate grievance on the issue or by not appealing a decision through to the

15  director's level review before filing his complaint.  Plaintiff's failure to exhaust his

16  administrative remedies before filing suit prohibits Plaintiff from bringing an action in the

17  district court.  42 U.S.C. § 1997e(a).

18  **B.    Failure to State a Claim**

19   Plaintiff admits in section two of his Opposition that he agreed with Defendants that

20  Plaintiff's complaint failed to state a claim as outlined in section B of Defendants' motion to

21  dismiss.  (Opp'n ¶ II.)

22  ///

23  ///

24  ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

25   1. Plaintiff submitted one inmate appeal regarding the treatment of insoles causing his condition to worsen and pain to increase, inmate appeal number PBSP 07-11182.  PBSP 07-11182

26  clearly relates to this issue.  However, Plaintiff filed his complaint before exhausting his administrative remedies and failed to use all required steps by not appealing the denial to the

27  Director's Level of review before filing his complaint.  Therefore, dismissal is required.  *Vaden v.*

28  *Summerhill,* 449 F.3d 1047 (9th Cir. 2006)(holding that administrative exhaustion must be achieved before inmates may submit any papers to federal courts)

Defs.' Reply Pls.' Opp'n Mot. Dismiss            T. Taylor v. R. Horel, et al.
                             C 07-5295 MHP

## C.  Qualified Immunity

Plaintiff argues that Defendant Horel is not entitled to qualified immunity because the destruction of Plaintiff's medical appliance interfered with an order by a doctor.  (Opp'n ¶ III.) However, Plaintiff fails to state the following: (1) that Defendant Horel was involved in the decision to destroy Plaintiff's medical appliance, (2) that Defendant Sayre, a medical doctor, determined that his medical appliance was no longer necessary, and (3) the prison is authorized to perform tasks that are consistent with ensuring the safety and security of institution.  The safety of the prison outweighs any right Plaintiff may have had to retain shoes that threaten institution security where a doctor has determined that there is no longer a medical necessity for the medical appliance to treat Plaintiff's medical condition. Therefore, Defendant Horel is entitled to qualified immunity because Plaintiff cannot show that he violated Plaintiff's constitutional right.

Plaintiff also argues that Defendant Sayre is not entitled to qualified immunity because Defendants' regulations for providing healthcare mandate that medical services shall be provided based on medical necessity and supported by outcome data and that any treatment will be based on the judgment of the physician and any appropriate specialist.  (Opp'n ¶ III.)  Here, Defendant Sayre's conduct falls squarely into this statement.  Defendant Sayre examined Plaintiff, determined a course of treatment, and carried out a treatment plan based upon Defendant Sayre's assessment of Plaintiff's injury.  Despite whether Plaintiff agreed with the ultimate treatment plan provided to him, he was given all the necessary medical services based on medical necessity and that treatment was supported by information obtained from an evaluation of Plaintiff's injuries.  Because Defendants Sayre was relying upon departmental policy and the regulations when he engaged in this conduct, it cannot be said that he knowingly violated the law.

## D.  Equitable Relief

Plaintiff fails to state in his opposition why he is entitled to equitable relief despite being a class member of two pending inmate class actions: *Plata v. Schwartzeneger*, Case No. C-01-1351 TEH (N.D. Cal.), concerning medical care and *Armstrong v. Schwartzeneger*, Case No. C-94-2307 CW (N.D. Cal.), concerning compliance with the American with Disabilities Act.  Because

Defs.' Reply Pls.' Opp'n Mot. Dismiss

T. Taylor v. R. Horel, et al.
C 07-5295 MHP

1   Plaintiff is a member of both of these pending class actions, he must make his equitable claims

2   through the *Plata* or *Armstrong's* class representative and may not maintain an individual action.

3   Therefore, dismissal is proper, and Plaintiff's claims for injunctive relief must be dismissed.

4

5   **E.   Conclusion**

6       Plaintiff's action against Defendants must be dismissed because he did not exhaust his

7   administrative remedies as required by the Prison Litigation Reform Act. *See* 42 U.S.C. §

8   1997e(a).  Plaintiff also failed to state a claim as to Defendants Sayre and Horel and Defendants

9   are entitled to qualified immunity.  Lastly, Plaintiff's cannot seek equitable relief in this action

10  while there are pending class actions for which he is a member related to the issues raised in

11  Plaintiff's complaint.

12          Dated: August 22, 2008

13                          Respectfully submitted,

14                          EDMUND G. BROWN JR.
                            Attorney General of the State of California

15                          DAVID S. CHANEY
                            Chief Assistant Attorney General
16
                            ROCHELLE C. EAST
17                          Senior Assistant Attorney General

                            JONATHAN L. WOLFF
18                          Supervising Deputy Attorney General

19

20

21
                            DANIELLE F. O'BANNON
22                          Deputy Attorney General
                            Attorneys for Defendants
23                          Horel and Sayre

24

25  20134205.wpd
    SF2008200088
26

27

28

Defs.' Reply Pls.' Opp'n Mot. Dismiss                                    T. Taylor v. R. Horel, et al.
                                                                          C 07-5295 MHP

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    *Tracy Taylor v. R. Horel, et al.*

No.:    **U.S.D.C., N.D., San Francisco Div., C 07-5295 MHP**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **August 25, 2008**, I served the attached

**DEFENDANTS' REPLY BRIEF SUPPORTING THEIR MOTION TO DISMISS**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Tracy Lee Taylor, E-13981**
**Pelican Bay State Prison**
**P.O. Box 7500**
**Crescent City, CA 95532-7500**
*Pro Per*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **August 25, 2008**, at San Francisco, California.

|  |  |
|---|---|
| J. Baker | |
| Declarant | Signature |

20135058.wpd