1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  ROCHELLE C. EAST
   Senior Assistant Attorney General
4  JONATHAN L. WOLFF
   Supervising Deputy Attorney General
5  DANIELLE F. O'BANNON, State Bar No. 207095
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA 94102-7004
7    Telephone: (415) 703-5735
     Fax: (415) 703-5843
8    Email: Danielle.OBannon@doj.ca.gov

9  Attorneys for Defendants Sayre and Horel

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TRACY TAYLOR,<br><br>                          Plaintiff,<br><br>     v.<br><br>ROBERT HOREL, et al.,<br><br>                          Defendants. | Case No. C 07-5295 MHP<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

Defendants Horel and Sayre (Defendants) oppose Plaintiff's Motion for Preliminary Injunction (Pl's. Mtn). On the grounds that Plaintiff, Tracy Taylor (Plaintiff), fails to demonstrate why he is entitled to equitable relief, despite being a member of the *Plata* or *Armstrong* class actions.

### INTRODUCTION

This is a civil-rights lawsuit filed by a state prisoner. Plaintiff sued Defendants for their alleged deliberate indifference to his serious medical needs. Plaintiff has now filed a motion for preliminary injunction, seeking an order requiring Defendants to allow Plaintiff's occupational

Defs.' Opp'n Pl's. Mot. Preliminary Injunction                                    T. Taylor v. R. Horel, et al.
                                                                                  C 07-5295 MHP

1

1   therapist to send via first-class mail two pair of arch supports and boots directly to the facility
2   clinic. Upon receipt, the clinic is to then issue the arch supports and boots to Plaintiff. (Pl's.
3   Mtn. at 12.) Plaintiff's motion for a preliminary injunction should be denied. An individual may
4   not seek equitable relief when class actions regarding the same subject matter are pending.

## PROCEDURAL HISTORY

Plaintiff filed his complaint in this case on October 17, 2007. (Docket No. 1.) The Court screened the complaint under 28 U.S.C. § 1915A and found a cognizable claim against Defendants for violating Plaintiff's Eighth Amendment rights based upon deliberate indifference to his serious medical needs. (Order of Service at 2.) The order instructed the clerk to issue a summons, and the United States Marshals Service to serve, a copy of the complaint and the Court's order upon Defendants. (*Id.*) The order also instructed Defendants to file and serve a motion for summary judgment or other dispositive motion no later than June 6, 2008. (*Id.*)

On June 19, 2008, Defendants filed an ex parte request for a sixty-day extension of time to file a dispositive motion. (Docket No. 11.) Plaintiff filed motions for entry of default on June 20, 2008 and July 25, 2008. (Docket Nos. 14 & 26.)

Defendants filed their motion to dismiss on July 23, 2008, and their opposition to Plaintiff's request for default on July 31, 2008. (Docket Nos. 18 & 27.) On August 6, 2008, Plaintiff filed a request to file an amended complaint and a motion for preliminary injunction. (Docket Nos. 30 & 32.) On August 11, 2008, Plaintiff filed his opposition to Defendants' motion to dismiss and Defendants filed their reply brief on August 25, 2008. (Docket Nos. 28 & 34.)

## ARGUMENT

### I.

**PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF SHOULD BE DENIED BECAUSE AN INDIVIDUAL MAY NOT SEEK EQUITABLE RELIEF WHEN CLASS ACTIONS CONCERNING SUIT WITH THE SAME SUBJECT MATTER ARE PENDING**

Plaintiff seeks a permanent injunction permitting him to receive from the occupational therapist personal boots and arch supports. There are, however, currently two pending class actions in which Plaintiff is a class member concerning the issues raised in Plaintiff's motion.

Plaintiff is a member of at least two pending inmate class actions: *Plata v. Schwartzeneger*, Case No. C-01-1351 TEH (N.D. Cal.)[1] concerning medical care, and *Armstrong v. Schwartzeneger*, Case No. C-94-2307 CW (N.D. Cal.) concerning compliance with the American with Disabilities Act. Plaintiff's action for equitable relief cannot be maintained where there are pending class actions involving the same subject matter, but instead must be made through the class representatives of those classes. *See Jacobson v. Schwarzenegger*, 357 F. Supp. 2d 1198, 1209 (C.D. Cal. 2004); *see also Crawford v. Bell*, 599 F.2d 890, 892-93 (9th Cir. 1979).

*Plata* is in its remedial phase under the court supervision. *Armstrong* is also in its remedial phase, with monitoring of CDCR's compliance with the ADA. Plaintiff must make his equitable claim through the *Plata* or *Armstrong* class representatives and may not maintain an individual action. Therefore, Plaintiff's request for a preliminary injunction must be denied.

///
///
///

---

1. Pelican Bay medical care monitoring and remedial action was initially under the *Madrid v. Terhune*, Case No. C-90-3094 (N.D. Cal.) class action. On May 23, 2008, Pelican Bay medical care monitoring and remedial action was ordered performed under *Plata v. Schwartzeneger*.

## II.

## CONCLUSION

Plaintiff is a class member of both *Plata* and *Armstrong*, which address Pelican Bay medical care and the Americans with Disability Act respectively. Accordingly, Plaintiff cannot maintain a separate action for injunctive relief concerning these same issues, and his motion must be denied.

Dated: August 26, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

ROCHELLE C. EAST
Senior Assistant Attorney General

JONATHAN L. WOLFF
Supervising Deputy Attorney General

DANIELLE F. O'BANNON
Deputy Attorney General
Attorneys for Defendants
Sayre and Horel

20134987.wpd
SF2008200088

Defs.' Opp'n Pl's. Mot. Preliminary Injunction     T. Taylor v. R. Horel, et al.
C 07-5295 MHP

4

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   *Tracy Taylor v. R. Horel, et al.*

No.:   U.S.D.C., N.D., San Francisco Div., C 07-5295 MHP

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **August 26, 2008**, I served the attached

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Tracy Lee Taylor, E-13981**
**Pelican Bay State Prison**
**P.O. Box 7500**
**Crescent City, CA 95532-7500**
*Pro Per*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **August 26, 2008**, at San Francisco, California.

J. Baker
Declarant

Signature

20136209.wpd