1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  ROCHELLE C. EAST
   Senior Assistant Attorney General
4  JONATHAN L. WOLFF
   Supervising Deputy Attorney General
5  DANIELLE F. O'BANNON, State Bar No. 207095
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA 94102-7004
7    Telephone: (415) 703-5735
     Fax: (415) 703-5843
8    Email: Danielle.OBannon@doj.ca.gov

9  Attorneys for Defendants Sayre and Horel

10

11              IN THE UNITED STATES DISTRICT COURT

12            FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                     SAN FRANCISCO DIVISION

| | |
|---|---|
| TRACY TAYLOR,<br><br>                                  Plaintiff,<br><br>     v.<br><br>ROBERT HOREL, et al.,<br><br>                                  Defendants. | Case No. C 07-5295 MHP<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION REQUESTING THE COURT SCREEN PLAINTIFF'S FIRST AMENDED COMPLAINT UNDER 28 U.S.C. § 1915A; REQUEST TO DIRECT THE DEFENDANTS' MOTION TO DISMISS TO PLAINTIFF'S FIRST AMENDED COMPLAINT; WAIVER OF REPLY UNDER 42 U.S.C. § 1997e(g)** |

TO PLAINTIFF TRACY TAYLOR IN PRO SE:

PLEASE TAKE NOTICE that Defendants Sayre and Horel (Defendants) request that this Court screen Plaintiff Tracy Taylor's (Plaintiff) First Amended Complaint under 28 U.S.C. § 1915A, direct Defendants' motion to dismiss to Plaintiff's First Amended Complaint for Injunctive Relief and Damages for Jury Trial (First Amended Complaint), and stay proceedings until such screening has been completed. Defendants waive their right to reply to the First

Defs.' Not. Mot. & Mot. Req. Ct. Screen Pl.'s First Am. Comp.                         T. Taylor v. R. Horel, et al.
                                                                                      C 07-5295 MHP

1

Amended Complaint under 42 U.S.C. § 1997e(g).

## A. Background

Plaintiff filed his complaint in this case on October 17, 2007. (Docket No. 1.) The Court screened the complaint under 28 U.S.C. § 1915A, and found a cognizable claim against Defendants for violating Plaintiff's Eighth Amendment rights by acting with deliberate indifference to his serious medical needs. (Order of Service at 2.) The order instructed the clerk to issue a summons, and the United States Marshals Service to serve, a copy of the complaint and the Court's order upon Defendants. (*Id.*) The order also instructed Defendants to file and serve a motion for summary judgment or other dispositive motion no later than June 6, 2008. (*Id.*)

On June 19, 2008, Defendants filed an ex parte request for a sixty-day extension of time to file a dispositive motion. (Docket No. 11.) Plaintiff filed motions for entry of default on June 20, 2008 and July 25, 2008. (Docket Nos. 14 & 26.)

Defendants filed their motion to dismiss on July 23, 2008, and their opposition to Plaintiff's request for default on July 31, 2008. (Docket Nos. 18 & 27.) On August 6, 2008, Plaintiff filed a request to file an amended complaint and a motion for preliminary injunction. (Docket Nos. 30 & 32.) On August 11, 2008, Plaintiff filed his opposition to Defendants motion to dismiss and Defendants filed their reply brief on August 25, 2008. (Docket Nos. 28 & 34.)

Plaintiff's First Amended Complaint is substantially identical to his original complaint. The substantive change is Plaintiff's allegation that a new Defendant, Nola Grannis, was deliberately indifferent to Plaintiff's serious medical needs. Defendants respectfully request that the Court screen Plaintiff's First Amended Complaint under 28 U.S.C. § 1915A. Also, Defendants request that the Court consider Defendants motion to dismiss in response to the First Amended Complaint. Defendants further waive their right to further reply to the First Amended Complaint under 42 U.S.C. § 1997e(g).

## B. Defendants Request that the Court Screen Plaintiff's First Amended Complaint Under 28 U.S.C. § 1915A.

Under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible, or in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner

Defs.' Not. Mot. & Mot. Req. Ct. Screen Pl.'s First Am. Comp.    T. Taylor v. R. Horel, et al.
C 07-5295 MHP

2

seeks redress from a governmental entity or officer or employee of a governmental entity." Upon such review, the Court shall identify cognizable claims or dismiss any or all portions of the complaint if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b).

Thus, Defendants request that the Court screen Plaintiff's First Amended Complaint and dismiss, if any, those claims and Defendants it believes should be dismissed.

C.  **Defendants' Motion to Dismiss Should Be Directed to the Amended Complaint.**

The Court must address the effect of Plaintiff's recently filed Amended Complaint on Defendants' Motion to Dismiss because an amended complaint supersedes the original. *Milsap v U-Haul Truck Rental Co.*, 2006 WL 3797731 at *1 (D.Ariz. Feb. 16, 2006). At the time Defendants filed their motion to dismiss, the operative pleading in this case was Plaintiff's original Complaint. In response to Defendants' motion to dismiss, Plaintiff filed an amended complaint, a motion for preliminary injunction, and a memorandum in opposition to Defendants' motion to cismiss. (Docket No. 28, 30, & 32.) The filing of an amended pleading moots a motion to dismiss, unless the amended complaint fails to cure the deficiencies detailed in Defendants' motion to dismiss. *Robinson v. State of California*, 2005 WL 15161524 at *1 (E.D. Cal. 2 June 29, 2005).

Here, Plaintiff's amended complaint does not cure the deficiencies outlined in Defendants' motion to dismiss. Plaintiff repeats the language in his original complaint. Although more concisely written, the allegations against the Defendants in Plaintiff's amended complaint are the same as the allegations contained in Plaintiff's original complaint. Therefore, the amended complaint does not cure the exhaustion, failure to state a claim, qualified immunity, and equitable relief issues as argued in Defendants' motion to dismiss. Moreover, given the substantial similarity between the original and amended complaints, Defendants would be required to file another motion to dismiss specifically directed at the amended complaint on these same issues. Doing so, would waste judicial resources. Therefore, Defendants request that the

Defs.' Not. Mot. & Mot. Req. Ct. Screen Pl.'s First Am. Comp.    T. Taylor v. R. Horel, et al.
C 07-5295 MHP

3

1 Court direct Defendants' motion to dismiss to Plaintiff's amended complaint[1]. *Robinson*, 2005 WL 15161524 at 1; *See also* William W. Schwarzer et al., *Fed. Pro. Before Trial*, § 9:262 (The Rutter Group 2004) ("An amended complaint supersedes the prior complaint as a pleading. Thus, the court will usually treat the motion to dismiss as mooted. It may, however, proceed with the motion if the amendment does not cure the defect.").

### D. Defendants Waive their Right to Reply to Plaintiff's First Amended Complaint.

Defendants waive their right to reply to Plaintiff's First Amended Complaint. Under 42 U.S.C. § 1997e(g), "[a]ny defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under . . . Federal law. Notwithstanding any other law or rule of procedure, such a waiver shall not constitute an admission of the allegations contained in the complaint. No relief shall be granted to the plaintiff unless a reply has been filed." However, "the Court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits." 42 U.S.C. § 1997e(g)(2).

Assuming that the Court does not dismiss Plaintiff's First Amended Complaint in its entirety, Defendants request that the Court allow sixty days from the date of the Court's order for Defendants to file their responsive pleading. If additional defendants are ordered to be served, Defendants respectfully request that, in the interest of judicial efficiency, the Court set one responsive pleading date sixty days after the last defendant has been served.

### E. Conclusion

Defendants respectfully request that the Court screen Plaintiff's First Amended Complaint under 28 U.S.C. § 1915A. Defendants also request that their motion to dismiss be directed to Plaintiff's First Amended Complaint. Furthermore, in order to allow the Court sufficient time to complete a screening, Defendants waive their right to reply to Plaintiff's First Amended

///

---

1. If the Court does not dismiss the amended complaint, Defendants respectfully request the Court not only screen the Amended Complaint under 28 U.S.C. § 1915A as to the new Defendant but also as to Defendants Horel and Sayre.

Defs.' Not. Mot. & Mot. Req. Ct. Screen Pl.'s First Am. Comp.          T. Taylor v. R. Horel, et al.
                                                                                                  C 07-5295 MHP

4

1 | Complaint under 42 U.S.C. § 1997e(g).

Dated: August 26, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

ROCHELLE C. EAST
Senior Assistant Attorney General

JONATHAN L. WOLFF
Supervising Deputy Attorney General

*/s/ Danielle F. O'Bannon*

DANIELLE F. O'BANNON
Deputy Attorney General
Attorneys for Defendants
Sayre and Horel

20135348.wpd
SF2008200088

Defs.' Not. Mot. & Mot. Req. Ct. Screen Pl.'s First Am. Comp.

T. Taylor v. R. Horel, et al.
C 07-5295 MHP

5

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   *Tracy Taylor v. R. Horel, et al.*

No.:   U.S.D.C., N.D., San Francisco Div., C 07-5295 MHP

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **August 26, 2008**, I served the attached

> **DEFENDANT'S NOTICE OF MOTION AND MOTION REQUESTING THE COURT SCREEN PLAINTIFF'S FIRST AMENDED COMPLAINT UNDER 28 U.S.C. § 1915A; REQUEST TO DIRECT THE DEFENDANTS' MOTION TO DISMISS TO PLAINTIFF'S FIRST AMENDED COMPLAINT; WAIVER OF REPLY UNDER 42 U.S.C. § 1997e(g)**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Tracy Lee Taylor, E-13981**
**Pelican Bay State Prison**
**P.O. Box 7500**
**Crescent City, CA 95532-7500**
*Pro Per*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **August 26, 2008**, at San Francisco, California.

|  |  |
|---|---|
| J. Baker | *(signature)* |
| Declarant | Signature |

20136212.wpd