UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY LEE TAYLOR,<br><br>    Plaintiff,<br><br>    v.<br><br>ROD HIGGINS; et al.,<br><br>    Defendants.<br>_____ / | No. C 07-5295 MHP (pr)<br><br>**ORDER ON PENDING MOTIONS AND REFERRING ACTION TO PRISONER MEDIATION PROGRAM** |

### INTRODUCTION

Tracy Lee Taylor, an inmate at Pelican Bay State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983. The action is now before the court for consideration of several motions filed by the parties. Among other things, the court will deny plaintiff's request for preliminary injunction, deny defendants' motion to dismiss, and will refer the action to the pro se prisoner mediation program.

### BACKGROUND

Taylor's complaint alleged the following: Taylor needed orthopedic boots and arch supports for his feet, and he had chronic and substantial pain without them. Taylor had worn the orthopedic boots and arch supports since 1989 and had a documented need for them since 1998. When he was transferred to Pelican Bay on August 9, 2006, staff took away his orthopedic boots and arch supports. On September 27, 2006, Dr. Michael Sayre recommended insoles to be used in standard-issue prison shoes and a visit to a physical therapist. On December 12, 2006, a physical therapist saw Taylor and said he could not help him; the physical therapist recommended arch supports, which apparently were different

from (and superior to) insoles. Dr. Sayre later cancelled a consultation with an orthopedic doctor and authorized only insoles. Dr. Sayre refused to let Taylor have anything but insoles even though he knew insoles had failed to provide relief. Taylor sent a letter on January 30, 2007, to warden Horel and then-CDCR director Tilton stating he had been deprived of a necessary orthopedic device, was in pain and needed help. As of the filing of the complaint, he had not received the requested help.

The court reviewed the complaint and determined that, liberally construed, it stated a cognizable claim against defendants Sayre and Horel for violating Taylor's Eighth Amendment rights by acting with deliberate indifference to his serious medical needs.

Taylor filed a motion to amend and a first amended complaint on August 6, 2008. (The first amended complaint is attached to the memorandum of points and authorities in support of motion for preliminary injunction at docket # 32.) The first amended complaint largely repeats the allegations of the original complaint and differs from it in just these few limited respects: it is more coherently organized, is less argumentative, adds a nurse practitioner as a defendant, and alleges that some of the records in Taylor's medical file supporting his claim of need for orthopedic shoes/supports were removed from his medical file.

Defendants filed a motion to dismiss the action on the several grounds, including the failure to exhaust administrative remedies. Due to plaintiff's subsequent filing of a first amended complaint, defendants later filed a motion for the court to (a) screen the first amended complaint and (b) treat the motion to dismiss as directed at the first amended complaint.

In addition to the above-mentioned motions concerning the pleading and exhaustion issues, the parties filed several other motions. Plaintiff filed motions for entry of default and for a preliminary injunction. Defendants filed motions for extension of time to file the motion to dismiss and to stay discovery.

2

**DISCUSSION**

A. <u>The Pleadings</u>

Plaintiff's motion to amend is DENIED as unnecessary. (Docket # 30.) Plaintiff did not need the court's permission to amend his complaint because the defendants had not yet served a responsive pleading. At the time he filed it, he had a right to amend once without leave of court. Fed. R. Civ. P. 15(a). The first amended complaint is now the operative pleading from plaintiff.

As mentioned above, the first amended complaint does not differ much from the original complaint. In terms of the legal claims alleged, the first amended complaint adds as a defendant nurse practitioner Sheryl Skinner, who allegedly referred Taylor to an orthopedic doctor – an appointment that was later cancelled on order of Dr. Sayre. <u>See</u> First Amended Complaint, ¶ 22. The first amended complaint fails to state a claim against defendant Skinner, as there is no allegation that she acted with deliberate indifference and the gravamen of plaintiff's allegations was not that Skinner erred in her recommendation but that Dr. Sayre wrongfully refused to allow Skinner's recommendation to be implemented. The first amended complaint also adds an allegation that records in Taylor's medical file that "listed the name of [his] personal occupational therapist and had her listed as plaintiff['s] personal physician" were removed from the file due to mismanagement or intentional destruction. First Amended Complaint, ¶ 26. This does not state a cognizable claim for relief, as a prisoner has no federal constitutional right to accurate records, even if a defendant caused this problem. The claims in the first amended complaint therefore are the same as in the original complaint. In light of the identity of the defendants and claims, the court deems the defendants' motion to dismiss as directed at the first amended complaint. Doing so does not prejudice plaintiff because he had an opportunity to and did file an opposition to the motion to dismiss. Defendants' motion to screen the first amended complaint and to treat the motion to dismiss as directed at the first amended complaint therefore is GRANTED. (Docket # 36.)

3

B.     Motion To Dismiss

    1.     Non-Exhaustion Argument

"No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." See Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. See id. § 3084.5; Woodford v. Ngo, 548 U.S. 81, 85-86 (2006).

Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). All available remedies must be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001). The statute requires "proper exhaustion" of available administrative remedies. See Woodford v. Ngo, 548 U.S. at 93.

A prisoner's failure to exhaust administrative remedies is a matter in abatement. Defendants have the burden of raising and proving the absence of exhaustion, and may do so by way of an unenumerated Rule12(b) motion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20, citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1988). The court can decide factual issues in a jurisdictional or related type of motion because there is no right to a jury trial as to that portion of the case, unlike the merits of the

4

1  case (where there is a right to a jury trial).  See id.  Wyatt and Ritza allow this court to
2  resolve factual disputes, but only with regard to the exhaustion issue.

3        Although it is close, the court concludes that Taylor did exhaust administrative
4  remedies regarding the claims asserted in his first amended complaint.  Taylor filed
5  numerous inmate appeals, and an examination of those shows that he adequately presented
6  his grievance to prison officials.

7        Several inmate appeals combined to satisfy the exhaustion requirement.  The inmate
8  appeal filed on October 8, 2006 (log # 06-2165) complained that Dr. Sayre denied him his
9  orthopedic boots and acted with deliberate indifference to his medical needs.  The action
10 requested included rescission of the medical 128 chrono and DPP 1845 (i.e., disability
11 placement program verification form) that determined him not to be in need of ADA
12 accommodation, transfer to a facility other than Pelican Bay, and return of his orthopedic
13 boots upon his transfer.  That inmate appeal was denied on April 17, 2007.  See Wilber
14 Decl., Exh. E.  That inmate appeal alone did not raise all the issues in the first amended
15 complaint, but when plaintiff tried to file another inmate appeal that did raise those other
16 issues, prison officials screened it out.  Specifically, he filed an inmate appeal on February
17 18, 2007, that asserted among other things, that he should have received ADA
18 accommodations, that prison officials refused to provide the appliance to him, that he should
19 be allowed to purchase personal arch supports and boots from a vendor of his choice, that
20 "Dr. Sayre ignored the medical diagnosis of past podiatrists," that "Dr. Sayre acknowledge[d]
21 that plaintiff suffers chronic and substantial pain and instituted that plaitniff wear at all times
22 insoles in his shoes as treatment," that "Dr. Sayre knew or should have known that his
23 treatment is clearly [inadequate]," that "plaintiff is suffering constant sever[e] pain and
24 Doctor Sayre failed to provide plaintiff with medical services based on necessity and
25 supported by outcome data as effective medical care. . . .  Doctor Sayre treatment of wearing
26 insoles in state shoes was wholefully (sic) inadequate because it had been tried in the past by
27 another doctor and had to be reversed," and that the warden (i.e., defendant Horel) had
28 destroyed his orthopedic appliance.  Complaint, Exh. G1 (second and third pages).  That

5

inmate appeal was screened out as duplicative of inmate appeal log # 06-02165, with two notes: "this issue was addressed in the above-noted appeal and will not be addressed again" and "after discussion with Inst. Appeals Coordinator this is a duplicate." Complaint, Exh. G1 (first page). Once the prison officials determined that these many allegations were covered by the earlier inmate appeal, plaintiff had done all that he could to give prison officials a chance to address his problems via the inmate appeal process. The screening out of the appeal as duplicative signaled that prison officials thought the allegations in the earlier inmate appeal did include complaints about Dr. Sayre's medical care with respect to plaintiff's foot problems.

The court also notes that plaintiff filed numerous inmate appeals about the various problems relating to the confiscation and disposition of his orthopedic boots and arch supports once he arrived at Pelican Bay, trying to address the several problems that arose with respect to those devices when he was transferred to Pelican Bay. And the allegations in his pleading and attachments thereto show that this was an ongoing problem for plaintiff, that apparently recurred when he was transferred from one prison to another.

Defendants' motion to dismiss for failure to exhaust administrative remedies is DENIED. (Docket # 18.)

2.      Other Grounds Urged For Dismissal

In addition to their non-exhaustion argument, defendant argue that the complaint fails to state a claim upon which relief may be granted. In this respect, their motion seeks to have the court revisit a decision already made, as the court had decided that the complaint did state a claim upon which relief may be granted. Several months ago, the court did an initial screening of the complaint under 28 U.S.C. § 1915A, which requires the court to dismiss, among other things, any claims that "fail to state a claim upon which relief may be granted." The court identified the legal standards for deliberate indifference to medical needs and determined that, "[l]iberally construed, the allegations of the complaint state a cognizable claim against defendants Sayre and Horel for violating Taylor's Eighth Amendment rights by acting with deliberate indifference to his serious medical needs." March 13, 2008 Order Of

6

Service, p. 2. (The order also dismissed one defendant because the complaint did not state a claim against him.) To seek reconsideration of an interlocutory order, such as the decision in the March 13, 2008 order with regard to whether the complaint stated a claim upon which relief may be granted, defendants had to comply with Local Rule 7-9(a). They did not. They did not obtain leave of court to file a motion for reconsideration, and made no argument in their brief that would suggest that they could pass the test for such permission. That is, they did not show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the court to consider material facts which were presented to the court before such interlocutory order. See N. D. Cal. Civil L.R. 7-9(b). Even without the special requirements for motions to reconsider, defendants would have the problem that a pleading challenge following a § 1915A screening of a prisoner complaint rarely will be successful, especially in light of the requirement that pro se complaints be liberally construed and the Ninth Circuit's continued use of the "no set of facts" standard for evaluating those complaints, notwithstanding the Supreme Court's apparent abandonment of that standard in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, —, 127 S. Ct. 1955, 1968-69 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 (1957). See Barrett v. Belleque, 544 F.3d 1060, 1061-62 (9th Cir. 2008) ("Pro se complaints are to be construed liberally and may be dismissed for failure to state a claim only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'") The fact that plaintiff filed a first amended complaint after defendants filed their motion to dismiss does not require a different outcome: his first amended complaint clarified his claims and did not make them legally deficient, i.e., he repeated the same basic allegations against defendant Sayre and alleged a more active role by defendant Horel the disallowance and destruction of his boots than had been alleged in the original complaint that the court had

7

already screened.

With respect to defendants' argument that they are entitled to dismissal on the ground of qualified immunity, the analysis is a bit different. That part of the motion is not actually requesting reconsideration of the March 13, 2008 order because the court had no occasion in the initial review to determine whether an affirmative defense existed. However, the determination in that order that the complaint adequately pled a claim for relief for deliberate indifference to plaintiff's medical needs leads to rejection of the present qualified immunity argument because that argument depends on accepting the defendants' assertions that they were not deliberately indifferent to plaintiff's medical condition. In light of the court's earlier determination that the complaint did state a claim upon which relief may be granted, and defendants' failure to obtain leave of court to have that determination reconsidered, defendants' motion to dismiss based on qualified immunity is denied.

Lastly, defendants contend that the equitable relief claims should be dismissed because plaintiff is a member of a plaintiff class in the Plata case concerning medical care and the Armstrong case concerning ADA compliance. Defendants have not sufficiently developed the record to show that plaintiff's request come within either of those class actions or that this is the proper subject of a Rule 12(b)(6) motion. Plaintiff's pleading indicates that defendants have taken the position that plaintiff is not subject to the ADA, so it cannot be determined on the record now before the court that he is covered by the Armstrong class action. As to the Plata case, defendants have not provided a sufficient record that all prisoner medical care requests must be processed through the class representative. The denial of the motion to dismiss on the grounds that plaintiff comes within the plaintiff's class in Plata and/or Armstrong is without prejudice to defendants renewing that argument if this case is not resolved in the Pro Se Prisoner Mediation Program to which it is being referred. Defendants are strongly urged to provide plaintiff the forms necessary to get his requests processed in those class actions if they believe plaintiff comes within one or both of those plaintiffs' classes.

8

C.    Miscellaneous Matters

Defendants moved to stay discovery pending a ruling on their motion to dismiss that raised the qualified immunity defense. The U.S. Supreme Court has made it abundantly clear that a district court should stay discovery until the threshold question of qualified immunity is settled. See Crawford-El v. Britton, 523 U.S. 574, 598 (1998); Anderson v. Creighton, 483 U.S. 635, 646 n.6 (1987); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The motion is GRANTED. (Docket # 22.) Discovery would be stayed for the time the motion to dismiss was pending, but now that the court has ruled upon the motion to dismiss, a stay is no longer needed. Defendants have an additional thirty days from the date of this order to respond to any outstanding discovery requests.

Defendants' motion for an extension of time to file the motion to dismiss is GRANTED. (Docket # 11.) The court has treated as timely filed the defendants' motion to dismiss, plaintiff's opposition, and defendants' reply.

Plaintiff's motion for a preliminary injunction is DISMISSED without prejudice to him filing another motion if this case is unable to be resolved in the mediation program to which it will be referred. (Docket # 31.)

Plaintiff's motion for entry of default against defendants is DENIED. (Docket # 14.) Defendants had requested an extension of time to file their response the day before plaintiff's motion was filed. Plaintiff failed to show that defendants were in default at the time he made his motion and, in any event, defendants now have appeared in this action. See also 42 U.S.C. § 1997e(g)(1) (allowing a defendant to "waive the right of reply" in a civil rights action filed by a prisoner, providing that such a waiver is not an admission of the allegations in the complaint, and disallowing relief for the plaintiff unless a reply has been filed).

D.    Referral To Mediation Program

The court has a Pro Se Prisoner Mediation Program in which selected prisoner cases with unrepresented plaintiffs are referred to a neutral magistrate judge for mediation proceedings consisting of one or more conferences as determined by the mediator. Good cause appearing therefor, this case is now referred to Magistrate Judge Vadas for mediation

9

proceedings pursuant to the Pro Se Prisoner Mediation Program.  The proceedings will take place within **ninety days** of the date this order is filed.  Magistrate Judge Vadas will coordinate a time and date for a mediation proceeding with all interested parties and/or their representatives and, within **five days** after the conclusion of the mediation proceedings, file with the court a report for the prisoner mediation proceedings.

        The clerk will send to Magistrate Judge Vadas in Eureka, California, a copy of the case file for this action.

        IT IS SO ORDERED.

Dated: January 28, 2009

_____
Marilyn Hall Patel
United States District Judge